**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| KEY WEST POLICE & FIRE PENSION FUND, on behalf of itself and all others similarly situated,<br><br>         *Plaintiff,*<br><br>   v.<br><br>RYDER SYSTEM, INC., ROBERT E. SANCHEZ, ART A. GARCIA, and SCOTT T. PARKER,<br><br>         *Defendants.* | Case No. 1:20-cv-22109-KMW |

**UNOPPOSED MOTION TO SET ASIDE ENTRY OF**
**DEFAULT AND JOINT MOTION TO EXTEND**
**DEFENDANTS' TIME TO RESPOND TO COMPLAINT**

Pursuant to Local Rule 7.1 and Fed. R. Civ. P. 55(c), plaintiff Key West Police & Fire Pension Fund ("Plaintiff") and defendants Ryder System, Inc. ("Ryder"), Robert E. Sanchez, Art A. Garcia, and Scott T. Parker (the "Individual Defendants") (collectively with Ryder, "Defendants," and together with Plaintiff, the "Parties"), move the Court for an Order setting aside the entry of default and extending Defendants' time to respond to Plaintiff's complaint, and in support thereof, state as follows:

1. On May 20, 2020, Plaintiff filed a class action complaint in the above-captioned action (the "Complaint") against Defendants.

2. On May 26, 2020, Ryder was served with a copy of the Complaint and summons.

3. The undersigned counsel for Defendants have been authorized and hereby do accept service on behalf of the Individual Defendants.

4. The action asserts claims for relief under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and is accordingly governed by

the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and its procedures for the appointment of lead plaintiff and lead counsel, 15 U.S.C. § 78u-4(a)(3).

5. Pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(A)(i), on May 20, 2020, Plaintiff's counsel published notice alerting investors to the pendency of the above-captioned action and the July 20, 2020 deadline for seeking appointment as lead plaintiff.

6. Pursuant to the PSLRA, the Court must appoint as lead plaintiff the person or group of persons who are members of the proposed class that the Court determines to be "most capable of adequately representing the interests of class members," 15 U.S.C. § 78u-4(a)(3)(B)(i)-(ii).

7. Once the lead plaintiff and lead counsel are appointed, an operative complaint will be identified, or an amended or consolidated complaint will be filed, which will become the operative complaint.

8. Following service of the Complaint on Defendant Ryder, counsel for Plaintiff and counsel for Defendants discussed Defendants' time to respond to the Complaint in light of the procedures mandated by the PSLRA, and agreed that Defendants would not need to respond to the Complaint until after a lead plaintiff was appointed by the Court and an operative complaint was designated in the action. Counsel for both parties had previously exchanged drafts of a stipulation and proposed order memorializing that agreement, and were preparing to submit a joint motion to the Court requesting entry of an order providing for such relief.

9. The Parties have not previously requested or received an extension to answer or otherwise respond to the Complaint in this action.

10. On July 7, 2020, pursuant to this Court's Order, the Clerk of Court entered a Clerk's Default against Defendant Ryder pursuant to Federal Rule of Civil Procedure 55(a).

11.     The Parties agree that in the interests of judicial economy, conservation of time and resources, and orderly management of this action, Defendants should not respond to the Complaint until after (i) a lead plaintiff and lead counsel are appointed by the Court pursuant to the PSLRA, and (ii) lead plaintiff identifies or files an operative complaint in this action.

### Memorandum of Law

Under Fed. R. Civ. P. 55(c), the Court may "set aside entry of default for good cause." The Parties agree that setting aside entry of default is appropriate here, including because the PSLRA's procedures contemplate the appointment of a lead plaintiff and lead counsel before an operative complaint is designated in the action, and Plaintiff and Defendants agreed that Defendants would not be required to respond to the Complaint until after the appointment of a lead plaintiff and lead counsel pursuant to the PSLRA.  Plaintiff does not oppose Defendant Ryder's request to set aside the entry of default.

Further, the Parties agree that judicial economy is best served by an extension of Defendants' time to respond to the Complaint until after (i) a lead plaintiff and lead counsel are appointed by the Court pursuant to the PSLRA, and (ii) lead plaintiff identifies or files an operative complaint in this action.

Pursuant to Local Rule 7.1(a)(3), undersigned counsel jointly seek the relief requested.

WHEREFORE, based on the foregoing, the Parties respectfully request entry of an Order stating that:

1.  Pursuant to Fed. R. Civ. P. 55(c), the Clerk's Default is set aside for good cause;

2.  Defendants are not required to respond to Plaintiff's Complaint;

3.  Within fourteen (14) days of the entry of an order appointing lead plaintiff and lead counsel, lead counsel and counsel for Defendants shall submit to the Court a proposed schedule

for filing an amended complaint or designating the operative complaint, and briefing on any motion to dismiss or response thereto.

Dated:   July 8, 2020


KLAUSNER KAUFMAN JENSEN & LEVINSON


By: /s/ Robert D. Klausner
Robert D. Klausner
Florida Bar No. 244082
Stuart A. Kaufman
Florida Bar No. 979211
7080 NW 4th Street
Plantation, Florida 33317
Tel: (954) 916-1202
Fax: (954) 916-1232
bob@robertklausner.com
stu@robertklausner.com


BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Hannah Ross, admitted *pro hac vice*
Avi Josefson, admitted *pro hac vice*
Michael D. Blatchley, admitted *pro hac vice*
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
hannah@blbglaw.com
avi@blbglaw.com
michaelb@blbglaw.com

*Counsel for Plaintiff*


GUNSTER, YOAKLEY & STEWART, P.A.


By:  /s/ David M. Wells
David M. Wells
Florida Bar No. 309291
225 Water Street, Suite 1750
Jacksonville, Florida 32202
Telephone: (904) 354-1980
Facsimile: (904) 354-2170
Primary email:  dwells@gunster.com
Secondary email: dculmer@gunster.com


WACHTELL, LIPTON, ROSEN & KATZ

William D. Savitt, *pro hac vice* forthcoming
Steven P. Winter, *pro hac vice* forthcoming
51 West 52nd Street
New York, New York 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000
Email: wdsavitt@wlrk.com
Email: swinter@wlrk.com


*Counsel for Defendants*


ACTIVE:12234222.1

4