**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| STATE OF ALASKA, ALASKA PERMANENT FUND, THE CITY OF FORT LAUDERDALE GENERAL EMPLOYEES' RETIREMENT SYSTEM, and THE CITY OF PLANTATION POLICE OFFICERS PENSION FUND, On Behalf of Themselves and All Others Similarly Situated, | Civil Action No. 1:20-cv-22109-AMC |
| *Plaintiffs*, | |
| v. | |
| RYDER SYSTEM, INC., ROBERT E. SANCHEZ, ART A. GARCIA, and DENNIS C. COOKE, | |
| *Defendants*. | |

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure, by and among the parties hereto, through their undersigned counsel, that this Stipulation and Protective Order (the "Stipulation and Order") govern disclosure and use by the parties of all documents, testimony, exhibits, interrogatory answers, responses to requests to admit, electronically stored information ("ESI"), and any other materials and information produced or provided in the above-referenced Action ("Discovery Materials").

1.    A party, person, or entity that produces or discloses Discovery Materials in connection with this Action is referred to herein as the "Disclosing Party."

2.    A party, person, or entity that receives Discovery Materials in connection with this Action is referred to herein as the "Receiving Party."

3.      A party, person, or entity that designates a document or documents as "Confidential" (defined below) is referred to herein as the "Designating Party."

4.      All Discovery Materials produced or disclosed in connection with this Action may be used solely for the prosecution or the defense of this Action (including any appeal therefrom).

5.      Any Disclosing Party or Receiving Party may, subject to this Stipulation and Order, designate as "Confidential" any Discovery Material that the Disclosing or Receiving Party reasonably and in good faith believes contains (1) any non-public trade secrets or other confidential research, development, or commercial information that may be subject to a protective order under Fed. R. Civ. P. 26(c)(1)(G), or otherwise contains information that is non-public and proprietary or sensitive from a commercial or financial perspective; or (2) sensitive, non-public personal information concerning individuals or entities, including but not limited to social security numbers, home telephone numbers and addresses, tax returns, and medical information, and information protected by applicable privacy laws including, but not limited to, the federal Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the General Data Protection Regulation, the U.K. Data Privacy Act of 1998, the German Federal Data Protection Act of 2017, the French Act on Information Technology, Data Files and Civil Liberties of 1978, and the Australian Privacy Act of 1988 that cannot readily be redacted from documents produced hereunder.

6.      Any Disclosing or Receiving Party may, subject to this Stipulation and Order, designate as "Highly Confidential – Attorneys' Eyes Only" any Discovery Material that the Disclosing or Receiving Party reasonably and in good faith believes contains information that is

so competitively sensitive that the receipt of the information by Parties to the Action could result in competitive harm to the Disclosing or Receiving Party.

7. Discovery Material designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" is referred to herein as "Confidential Discovery Material." No designation of Confidential Discovery Materials will be effective unless there is placed or affixed on each page of the material (in a manner that will not interfere with the legibility thereof) a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" notice or the equivalent, or, in the case of depositions, as set forth in paragraph 15 below. Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" must be so designated by including this notice in the body of the electronic document or by affixing a stamp with this notice on the medium (including, but not limited to, tapes, CDs, DVDs and flash drives) on which the electronic data is stored before copies are delivered to a Receiving Party. Print-outs of any ESI designated as Confidential Discovery Material must be treated as Confidential in accordance with this Stipulation and Order. In the event any material is later designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the Disclosing Party shall provide a replacement production of the affected Discovery Material consistent with the requirements of this Paragraph, and the material will be treated consistent with the later designation.

8. The designation of any Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" is not an admission by the Disclosing Party that the Discovery Material is relevant, not subject to an applicable privilege or protection, or admissible.

9. This Stipulation and Order is without prejudice to any Disclosing Party's right to assert that any Discovery Material is subject to any applicable claim of privilege or

protection, including, but not limited to, the attorney-client privilege and attorney work product doctrine, and is without prejudice to any other party's right to contest any claim of privilege or protection.

10.     Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected material, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

11.     The production of any Discovery Material in this Action will be without prejudice to any claim that the material is privileged or protected from disclosure under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection ("Privileged Material"), and no party waives any claims or arguments under the inadvertent-production doctrine.  If a Disclosing Party believes that Privileged Material was produced, the Disclosing Party may notify any party that received the information of the claim and the basis for it with reference to specific documents by Bates number.  After receipt of this notice, the party to whom the Privileged Material was produced must promptly return, sequester, or destroy the Privileged Material and any copies it has; must not use or disclose the information until the claim of privilege or protection is resolved; and must take reasonable steps to retrieve the information if the party disclosed it before being notified.  If the party to whom the Privileged Material was produced objects to the designation of the material as privileged or protected, it must notify the Disclosing Party in writing within 14 calendar days after receipt of such notice.  Within 7 calendar days of the receipt of an objection, the Objecting Party and the Disclosing Party must meet and confer in an effort to resolve any disagreement regarding the Disclosing Party's

designation of the material as privileged or protected.  If the parties cannot resolve their disagreement, the Objecting Party may, within 21 calendar days after delivering its objection, move the Court for a determination of the Disclosing Party's claim of privilege or protection.   In connection with such motion, the Objecting Party may refer to the Privileged Material in their submissions to the Court only for the purpose of allowing the Court to assess the Disclosing Party's claim of privilege and provided that any such reference to the Privileged Material is filed under seal.  While any application of this kind is pending, the Privileged Material subject to that application must be treated by the Receiving Party as privileged or protected until the Court rules. If the Court determines that the material is privileged or protected, the Receiving Party must immediately return or destroy the inadvertently disclosed Privileged Material and all copies of it. If the Objecting Party does not apply to the Court for a ruling on the Disclosing Party's designation of Discovery Materials as Privileged within 21 calendar days from the date of the Receiving Party's objection (regardless of whether the parties met and conferred on the subject), the Discovery Materials in question will be deemed Privileged Material.  Nothing in this Stipulation and Order prevents any party from objecting to the designation of any Discovery Material as privileged or protected, or from seeking further protection for any material it produces in discovery.  Nothing contained herein is intended to, or shall serve to, limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

12.    If a Disclosing Party inadvertently discloses Confidential Discovery Material without designating it as Confidential or Highly Confidential – Attorneys' Eyes Only, the Disclosing Party must inform the Receiving Party of the inadvertent disclosure within 14 days of its discovery.  The Receiving Party must thereafter treat the information as Confidential Discovery

5

Material.  To the extent the information has been disclosed by the Receiving Party to anyone not authorized to receive Confidential Discovery Material, the Receiving Party must make reasonable efforts to retrieve the information promptly and to avoid any further disclosure to anyone not authorized to receive Confidential Discovery Material.  The Disclosing Party's failure to advise the Receiving Party of the inadvertent disclosure within 14 days after discovery is not a waiver or admission by the Disclosing Party that the information is not Confidential.

13.     A Disclosing Party may, on the record of a deposition, or within 14 days after receipt of the transcript of the deposition, designate any portion or portions of the deposition as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under this Stipulation and Order.  Until this time period expires without any designation having been made, the entire deposition transcript must be treated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" unless otherwise specified in writing or on the record of the deposition by the Disclosing Party.  All copies of deposition transcripts that contain material designated as Confidential Discovery Material must be prominently marked "Confidential" or "Highly Confidential – Attorneys' Eyes Only" on their covers.  Objections to the designation of Confidential Discovery Material under this paragraph are governed by paragraph 19 below.  To the extent that testimony is sought concerning Confidential Discovery Material during any deposition or in any other pre-trial venue, any Party may exclude any person from the deposition or other pre-trial venue during such testimony if the Confidential Discovery Material may not be disclosed to such person under the terms of this Stipulation and Order.

14.     Except upon the prior written consent of the Disclosing Party, material designated "Confidential" may not be disclosed, summarized, or otherwise made available to anyone except the following persons:

(a)     the Court and court personnel, any appellate court in this Action, and jurors, prospective jurors, and alternate jurors in this Action;

(b)     the parties' in-house and outside counsel participating in the prosecution and defense of this action and their legal, clerical, or support staff, including temporary or contract staff;

(c)     the named parties in this Action (including past or present officers, directors, and employees of the named parties);

(d)     professional court reporters, stenographers, or video operators transcribing depositions or testimony in this Action;

(e)     persons who were authors or recipients (including without limitation "bcc" recipients where such recipients can affirmatively be identified based on production metadata) of the Confidential Discovery Material;

(f)     expert witnesses or consultants, including jury or trial consultants, and mock jurors, who are employed or retained by a party in connection with the prosecution or defense of this action, if counsel, in good faith, requires their assistance in connection with this Action, if any report created by the experts or consultants relying on or incorporating Confidential Discovery Material in whole or in part is designated as "Confidential" by the party responsible for its creation, and if the expert, consultant or mock juror signs the Acknowledgment;

(g)     deponents and witnesses or prospective witnesses (and counsel for the witnesses) to the extent reasonably necessary in connection with their testimony in this Action or the preparation thereof, but a person identified solely in this subparagraph may not be permitted to retain copies of any Confidential Discovery Materials;

(h)   outside photocopying services, data-processing services, graphic-production services, litigation-support services, or investigators employed by the parties or their counsel to assist in this Action and computer personnel performing duties in relation to a computerized litigation system;

(i)   any mediator or arbitrator engaged by the named parties to the Action;

(j)   any insurer who may be liable to satisfy all or part of a possible judgment in this Action or to indemnify or reimburse for payments made to satisfy any judgment; and

(k)   any other person upon order of the Court or stipulation of the named parties to the Action.

15.   Except upon the prior written consent of the Disclosing Party, material designated "Highly Confidential – Attorneys' Eyes Only" may not be disclosed, summarized, or otherwise made available to anyone except the following persons:

(a)   outside counsel of record for the Parties and the administrative staff of outside counsel's firms;

(b)   in-house counsel for the Parties with responsibility for oversight of the Action, and specific employee(s) of the Parties with responsibility for oversight of the Action, which employees shall be identified by Lead Counsel;

(c)   the Court and court personnel, any appellate court in this Action, and jurors, prospective jurors, and alternate jurors in this Action;

(d)   professional court reporters, stenographers, or video operators transcribing depositions or testimony in this Action;

(e)     persons who were authors or recipients (including without limitation "bcc" recipients where such recipients can affirmatively be identified based on production metadata) of the Confidential Discovery Material;

(f)     expert witnesses or consultants, including jury or trial consultants, and mock jurors, who are employed or retained by a party in connection with the prosecution or defense of this action, if counsel, in good faith, requires their assistance in connection with this Action, if any report created by the experts or consultants relying on or incorporating Confidential Discovery Material in whole or in part is designated as "Confidential" by the party responsible for its creation, and if the expert, consultant or mock juror signs the Acknowledgment;

(g)     deponents and witnesses or prospective witnesses (and counsel for the witnesses) to the extent reasonably necessary in connection with their testimony in this Action or the preparation thereof, but a person identified solely in this subparagraph may not be permitted to retain copies of any Confidential Discovery Materials;

(h)     outside photocopying services, data-processing services, graphic-production services, litigation-support services, or investigators employed by the parties or their counsel to assist in this Action and computer personnel performing duties in relation to a computerized litigation system;

(i)     any mediator or arbitrator engaged by the named parties to the Action;

(j)     any insurer who may be liable to satisfy all or part of a possible judgment in this Action or to indemnify or reimburse for payments made to satisfy any judgment; and

9

(k)     any other person upon order of the Court or stipulation of the named parties to the Action.

16.     The terms "counsel," "expert," and "investigator" include their staff who are assigned to and reasonably necessary to assist the counsel, expert, or investigator in the preparation of this litigation.

17.     Each non-party fact witness to whom Confidential Information is disclosed shall be advised that the Court has entered a Protective Order to limit disclosure of Confidential Material and be provided a copy of the Protective Order. Advising the witness of the Protective Order shall permit examination of the witness regarding documents or other information containing Confidential Discovery Material. Any Confidential Discovery Material disclosed to the witness and any discussion of that information at the deposition shall maintain their confidential status.

18.     If, at any time, any Receiving Party is served with a subpoena or other request calling for Discovery Materials with which it has an obligation to comply by any court, administrative or legislative body, or other person or entity purporting to have authority to require the production thereof, the person to whom the subpoena or request is directed, to the extent permitted by law, must promptly give written notice to the Disclosing Party and include with the notice a copy of the subpoena or request.  The person to whom the subpoena is directed must also make reasonable, good-faith efforts to provide the Disclosing Party a reasonable period of time in which to seek to quash or object to the subpoena or request, or to move for any protection for the Discovery Materials, before the person to whom the subpoena is directed takes any action to comply with the subpoena or request.  In no event may Discovery Materials subject to this

10

Stipulation and Order be produced by a person receiving a subpoena or request without providing the Disclosing Party a reasonable opportunity to quash or object, absent a court order to do so. No compulsory disclosure to third parties of Discovery Materials shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

19.     No party is obligated to challenge the propriety of a designation of Discovery Materials as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" when initially received, and a failure to do so will not preclude a subsequent challenge thereto. If, at any time, a party objects to a designation of Discovery Materials as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under this Stipulation and Order, the objecting party must notify the Disclosing Party in writing with reference to specific documents by Bates number. Within 7 calendar days of the receipt of this notification, counsel for the Disclosing Party and the objecting party must meet-and-confer in an effort to resolve any disagreement regarding the Disclosing Party's designation of the Discovery Materials as Confidential. If, for whatever reason, the parties do not resolve their disagreement within that time period, the objecting party may apply to the Court within 21 calendar days from the date of receipt of the notification for a ruling on the Disclosing Party's designation of the Discovery Materials as Confidential. While any application of this kind is pending, the documents or materials subject to that application must be treated as Confidential or "Highly Confidential – Attorneys' Eyes Only", as marked, until the Court rules. If the objecting party does not apply to the Court for a ruling on the Disclosing Party's designation of Discovery Materials as Confidential within 21 calendar days from the date the Disclosing Party receives the notification (regardless of whether the parties met and conferred on the subject), the Discovery Materials in question will be deemed Confidential. Nothing in this Stipulation and

11

Case 1:20-cv-22109-JB Document 86 Entered on FLSD Docket 08/17/2022 Page 12 of 16

Order prevents any party from objecting to the designation of any documents as Confidential or "Highly Confidential – Attorneys' Eyes Only" or from seeking further protection for any material it produces in discovery.

20.     Any Receiving Party in possession of Confidential Materials received from the Disclosing Party in connection with this Action shall maintain, implement, follow, and adhere to an information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Confidential Materials, protect against any reasonably anticipated threats or hazards to the security of such Confidential Materials, and protect against unauthorized access to or use of such Confidential Materials. If a Receiving Party discovers a breach of security, including any actual or suspected unauthorized access, to Confidential Materials subject to this Order, they shall: (1) notify the person or entity who designated the materials under the terms of this Order of such breach; (2) investigate and take reasonable efforts to remediate the effects of the breach; and (3) provide sufficient information about the breach that the Disclosing Party can reasonably ascertain the size and scope of the breach. The Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access and shall keep the Disclosing Party informed of all remediation efforts.

21.     If counsel for any party or non-party determines to file in or submit to this Court any Confidential Discovery Material, information derived therefrom, or any papers containing or revealing such information, the pages containing or revealing the Confidential Discovery Material must be filed in accordance with Local Rule 5.4.  Filing a document under seal is without prejudice to any party's right to argue to the Court that the document is not Confidential and need not be preserved under seal.  Redacted pages must be filed in the public record.

22.     After the termination of the Action (including all appeals relating to the Action having been exhausted or the time to appeal having expired), this Stipulation and Order will continue to be binding upon the parties hereto, and upon all persons to whom Confidential Discovery Material has been disclosed or communicated, and this Court will retain jurisdiction over the parties for enforcement of its provisions.

23.     Within 30 days after the final conclusion of all aspects of the Action by judgment not subject to further appeal or by settlement, the parties must take commercially reasonable efforts to see that all Discovery Material and copies are either (a) destroyed and the Receiving Party must provide the Disclosing Party with a certification stating that the Disclosing Party's Discovery Material has been destroyed; or (b) returned by the Receiving Party to the Disclosing Party.  As to those materials containing Discovery Material that constitute counsel's work product or emails, were served in the Action, used at or is a transcript of a deposition, filed with the Court, or marked as trial exhibits, counsel may retain these documents if counsel otherwise comply with this Stipulation and Order with respect to the retained material.

24.     Each party must, through counsel, promptly advise the Disclosing Party of any losses or compromises of the Confidentiality of the Confidential Discovery Material governed by this Stipulation and Order.  Confidential Discovery Material is lost or compromised where a Party has reason to believe that Confidential Material has been disclosed to an unauthorized person, group, or entity.  The party that lost or compromised the Confidential Discovery Material of the Disclosing Party must take reasonable measures to limit the loss or unauthorized disclosure.

25.     Nothing in this Stipulation and Order limits any Disclosing Party's use or disclosure of its own documents, materials, or information that has been designated as Confidential or "Highly Confidential – Attorneys' Eyes Only" under this Stipulation and Order.

26.     In addition, nothing in this Stipulation and Order prevents or in any way limits disclosure, use, or dissemination of any documents, information, or material that:

(a)     was, is or becomes public knowledge, not in breach of this Stipulation and Order; or

(b)     is acquired by a party from a non-party who obtained the information lawfully and under no obligation of confidentiality to the Disclosing Party or is learned by a party as a result of that party's own independent efforts, investigation, or inquiry.

27.     A non-party from whom discovery is sought by the parties to this Action may designate Discovery Materials produced by it as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under this Stipulation and Order.  Discovery Material designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a non-party is assigned the same protection as Discovery Material so designated by a Disclosing Party, and all rights and obligations applicable to a Disclosing Party under this Stipulation and Order apply to a non-party designating Discovery Material "Confidential" or "Highly Confidential – Attorneys' Eyes Only." All rights and obligations applicable to parties receiving Confidential Discovery Material from a party apply to any party receiving Confidential Discovery Material from a non-party.

28.     If additional persons become parties to this Action, these parties may not have access to Confidential Discovery Material produced by or obtained from any Disclosing Party until the newly joined parties or their counsel endorses a copy of Exhibit A to this Stipulation and Order, files it with the Court, and delivers it to all parties.

29.     This Stipulation and Order does not affect or limit in any way the admissibility or use of any document, testimony, or other evidence at trial or a hearing of this Action, or prejudice or limit in any way the rights of any party to object to the authenticity,

admissibility into evidence, or use of any document, testimony, or other evidence at trial or a hearing.

30.     This Stipulation and Order does not prevent any party from applying to the Court for further or additional protective orders or for the modification of this Stipulation and Order, or from agreeing with the other parties to modify this Order, subject to approval of the Court.

31.     This Stipulation and Order is governed by, interpreted under, and construed and enforced in accordance with Florida law, without regard to any conflicts of law principles of any other State.  Any dispute between the parties regarding this Stipulation and Order will be resolved by making an appropriate application to this Court in accordance with its Rules.

Dated: August 17, 2022                           Respectfully submitted,

**KLAUSNER KAUFMAN JENSEN**                 **GUNSTER, YOAKLEY & STEWART, P.A.**
   **& LEVINSON**

                                              /s/ Jonathan K. Osborne
 /s/ Robert D. Klausner                      Jonathan K. Osborne
Robert D. Klausner                           Florida Bar No. 95693
Florida Bar No. 244082                       David M. Wells
Stuart A. Kaufman                            Florida Bar No. 309291
Florida Bar No. 979211                       450 East Las Olas Boulevard, Suite 1400
7080 NW 4th Street                           Fort Lauderdale, FL 33301
Plantation, FL 33317                         Tel: (954) 462-2000
Tel: (954) 916-1202                          Fax: (954) 523-1722
Fax: (954) 916-1232                          Email: josborne@gunster.com
Email: bob@robertdklausner.com               Email: dwells@gunster.com
Email: stu@robertdklausner.com

                                             Michael B. Green
*Liaison Counsel for Lead Plaintiffs the*    Florida Bar No. 87571
*State of Alaska, Alaska Permanent Fund;*    Brickell World Plaza, Suite 3500
*the City of Fort Lauderdale General*        600 Brickell Avenue
*Employees' Retirement System; and the*      Miami, FL 33131
*City of Plantation Police Officers Pension Fund*   Tel:(305) 376-6000

15

**BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP**
John Rizio-Hamilton (admitted pro hac vice)
Adam Wierzbowski (admitted pro hac vice)
John Esmay (admitted pro hac vice)
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444
Email: johnr@blbglaw.com
Email: adam@blbglaw.com
Email: john.esmay@blbglaw.com

*Lead Counsel for Lead Plaintiffs and the Class*

Fax:(305) 376-6010
Email: mgreen@gunster.com


**WACHTELL, LIPTON, ROSEN & KATZ**
William D. Savitt (admitted pro hac vice)
Steven P. Winter (admitted pro hac vice)
Wilfred T. Beaye, Jr. (admitted pro hac vice)
51 West 52nd Street
New York, NY 10019
Tel: (212) 403-1000
Fax: (212) 403-2000
Email: wdsavitt@wlrk.com
Email: swinter@wlrk.com

*Counsel for Defendants*


Signed this _____ day of _____, 2022


BY THE COURT


_____
Aileen M. Cannon
United States District Judge

16