# EXHIBIT 39

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| STATE OF ALASKA, ALASKA PERMANENT FUND, THE CITY OF FORT LAUDERDALE GENERAL EMPLOYEES' RETIREMENT SYSTEM, and THE CITY OF PLANTATION POLICE OFFICERS PENSION FUND, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>RYDER SYSTEM, INC., ROBERT E. SANCHEZ, ART A. GARCIA, and DENNIS C. COOKE,<br><br>    Defendants. | Civil Action No. 1:20-cv-22109-AMC |

## DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO LEAD PLAINTIFFS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the definitions and instructions set forth below, Defendants Ryder System, Inc. ("Ryder"), Robert E. Sanchez, Art A. Garcia, and Dennis C. Cooke (collectively, "Defendants"), by and through their undersigned counsel, hereby request that Lead Plaintiffs the State of Alaska, Alaska Permanent Fund, the City of Fort Lauderdale General Employees' Retirement System, and the City of Plantation Police Officers Pension Fund (collectively, "Lead Plaintiffs") produce documents responsive to the following requests, within 30 days after service of these requests, at the offices of Gunster, Yoakley, and Stewart, P.A., 450 East Las Olas Boulevard, Suite 1400, Fort Lauderdale, Florida 33301, or at such other time and place as may be agreed among counsel or ordered by the Court.

**REQUESTS FOR PRODUCTION**

**DEFINITIONS**

The following definitions shall apply to the Defendants' First Request for Production of Documents Directed to Lead Plaintiffs (the "Requests"):

1.    "Action" means the above-captioned civil action.

2.    "Amended Complaint" means the Amended Complaint filed in the Action on October 5, 2022 (ECF No. 28), and/or any subsequent amendments.

3.    "Confidential Witness" means the "former Ryder employees" referred to in the first paragraph of the first page of the Amended Complaint, ECF No. 28 at 1, identified in the Amended Complaint as FE 1, FE 2, FE 3, FE 4, FE 5, FE 6, FE 7, FE 8, FE 9, FE 10, FE 11, and FE 12, identified in Paragraph 11 of the Amended Complaint as "former executives," or any other Persons that Lead Plaintiffs or Counsel interviewed in connection with the preparation of the Amended Complaint.

4.    "Ryder" means Ryder Systems, Inc. and any of its respective officers, directors, employees and/or agents.

5.    "Communication" or "communications" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), whether orally or in writing, or by any other means or medium, between or among two or more Persons or entities including but not limited to spoken words, inquiries, discussions, conversations, conferences, interviews, negotiations, agreements, reports, meetings, correspondence, letters, electronically transmitted messages (*e.g.*, email, text messages, instant messaging), postings on Internet bulletin boards, or other forms of written, verbal or electronic intercourse, however transmitted, ESI (as defined below), and documents, as defined herein.

6.     "Counsel" means any of Lead Plaintiffs' counsel of record, including as listed in the Amended Complaint and/or any subsequent amendments, as well as any attorneys, employees, partners, shareholders, officers, agents, investigators, or any other Person acting on behalf of any of them.

7.     "Document" or "documents" shall have the broadest meaning permitted under the Federal Rules and shall include, without limitation, the original and all non-identical copies of any handwritten, printed, typed, recorded, or other graphic material, or ESI (as defined below), of any kind and nature, including all drafts and transcriptions thereof, however produced or reproduced, and including but not limited to accounting materials, accounts, agreements, analyses, appointment books, books of account, calendars, catalogs, checks, communications (as defined herein), computer data, computer disks, contracts, correspondence, date books, diaries, diskettes, drawings, email messages, faxes, guidelines, instructions, inter-office communications, invoices, letters, logs, manuals, memoranda, minutes, notes, opinions, payments, plans, receipts, records, regulations, reports, sound recordings, statements, studies, surveys, timesheets, vouchers, word processing materials (however stored or maintained), and all other means by which information is stored for retrieval in fixed form.

8.     "ESI" means information that is stored in an electronic format, regardless of the media or whether it is in the original format in which it was created, and that is retrievable in perceivable form and includes but is not limited to metadata, system data, deleted data, and fragmented data.

9.     "Investment Advisor" means any Person that advises or has advised you, or any fund affiliated with you, regarding any investment.

-3-

10.     "Investment Manager" means any Person that manages or has managed any investment for you, or for any fund affiliated with you.

11.     The phrase "affiliated funds" or "fund(s) affiliated with you" means any funds, investment vehicles, portfolios, or other entities in which you own an interest or control, either directly or indirectly, or in common with others, or which hold securities on your behalf or for your benefit, or which are under common control, management, or ownership with you.

12.     "Lead Plaintiffs," "You," or "Your" means the State of Alaska, Alaska Permanent Fund, the City of Fort Lauderdale General Employees' Retirement System, and the City of Plantation Police Officers Pension Fund, including any and all of their respective officers, directors, current or former employees, subsidiaries, representatives, agents, affiliated funds or investment vehicles, or individuals or entities (including investigators) acting or purporting to act on behalf of any of them (or on behalf of any of their affiliated funds or investment vehicles).

13.     "Person" means any natural person or individual, or any firm, partnership (general or limited), limited liability company, proprietorship, corporation, unincorporated association, trust, joint venture, or any other legal or governmental entity, organization, or body of any type whatsoever, as well as all agents, officers, directors, boards, committees, subcommittees, employees, consultants, representatives, or instrumentalities thereof.

14.     "Putative Class" means holders of Ryder Securities that Lead Plaintiffs seek to represent in this Action.

15.     "Security" or "securities" means any stock, treasury stock, note, bond, debenture, certificate of interest, participation in any profit-sharing agreement, collateral trust certificate, transferable share, investment contract, voting-trust certificate, put, call, straddle, option, privilege, certificate of deposit, or group or index of securities (including any interest therein or based on the

value thereof), swap, hedge, or, in general, any instrument commonly known as a "security"; or any certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase, any of the foregoing.

16.     The terms "concerning," "regarding," "with regard to," "relating to," and "referring to" shall be read and applied as interchangeable and shall be construed in the broadest sense to mean discussing, supporting, describing, concerning, regarding, with regard to, relating to, referring to, pertaining to, containing, analyzing, evaluating, studying, recording, memorializing, reporting on, commenting on, reviewed in connection or in conjunction with, evidencing, setting forth, contradicting, refuting, considering, recommending, or constituting, in whole or in part.

17.     The language of the Requests shall be read liberally, so as to be inclusive rather than exclusive, and in particular:  (i) the use of the singular shall be deemed to include the plural, and the use of one gender shall include the other; (ii) the  terms  "and" as well  as "or" shall  be construed  disjunctively  or conjunctively as necessary to bring within the scope of a Request all documents that might otherwise be construed as outside its scope; (iii) the present tense includes the past and future tenses, and vice versa; (iv) the terms "any" or "all" shall mean "each and every" as well as "anyone and everyone"; and (v) "include," "includes," and "including" shall mean "including  but  not  limited to."

## **INSTRUCTIONS**

The following instructions shall apply to the Requests contained herein.  The Requests call for the production of all responsive documents that are in your possession, custody, or control, wherever located, regardless of whether they are possessed directly by you, your Counsel, or any of your agents, representatives, employees, accountants, attorneys, or other persons acting or purporting to act on your behalf.

1.      Unless otherwise specified, the time period for these Requests is July 23, 2015 to February 13, 2020.

2.      A Request for a document shall be deemed to include a request for any non-identical copies or drafts of the document, as well as all transmittal sheets, cover letters, exhibits, enclosures or attachments to the document, in addition to the document itself.  Any document not produced in electronic format pursuant to Instruction No. 12 is to be produced in its original file folder, with all labels or similar markings intact and included, and with the name of the Person from whose file it was produced.

3.      If it is not possible to produce any document called for by a Request, or if any part of a Request is objected to, the reasons for the failure to produce the documents or the objection should be stated specifically as to all grounds.

4.      If any portion of any document or communication is responsive to any Request, the entire document must be produced.

5.      You must respond to each Request separately and fully, unless it is objected to, in which event the reasons for the objection should be specifically and separately stated.  If you object to part of a Request, you must produce all documents and communications responsive to the part of the Request to which you did not object.

-6-

6.      If you claim any form of privilege or protection or other reason, whether based on statute or otherwise, as a ground for not producing requested documents, furnish a privilege log identifying each document or communication for which the privilege or protection is claimed in compliance with Federal Rule of Civil Procedure 26(b)(5) and Southern District of Florida Local Rule 26.1(e)(2), and/or such other parameters as may be agreed between the parties.

7.      Requests are not intended to limit or modify other Requests and should not be interpreted as limiting or modifying other Requests.

8.      If you contend that any Request is overly broad and/or unduly burdensome, identify all aspects of the Request that are overly broad or unduly burdensome and produce the documents and communications that are not subject to this contention.

9.      If there are no documents or communications responsive to any particular Request or subpart thereof, you shall state so in writing.

10.      If any document or communication responsive to any Request has been destroyed or lost, you will notify Defendants of that fact and shall thereafter meet and confer with Defendants regarding the information to be provided with respect to such documents and communications.

11.      Any responsive documents or communications shall be produced in accordance with the parties' Protective Order as entered by the Court.

12.      For any responsive documents or communications, and their families, stored or produced in electronic format, including but not limited to email or hard copy documents produced in electronic format, you will produce those documents or communications in searchable electronic format (*e.g.*, single-page .tiff format with corresponding document-level extracted text files or OCR text files, each named by the Bates number assigned to the first page of the document). All images will be produced as single-page TIFF images, black and white, Group IV, and 300 dpi with

-7-

a load file compatible with standard litigation support software, including Relativity, Concordance, and IPRO. All color images will be provided in JPEG format if color is deemed necessary to understand the document. Images for documents created with office or personal productivity software (*e.g.*, word-processing documents, spreadsheets, presentations, databases, charts, and graphs) shall include tracked changes, comments, hidden rows, columns or worksheets, speakers notes, and any other similar content that can be made visible within the application. All Microsoft Excel and PowerPoint documents will be produced in native format. Furthermore, for all native files that are produced, a corresponding TIFF image will be produced that bears the same Bates number assigned to the native file, has all associated metadata and indicates that the "File has been produced in native format." All electronic documents and communications will be produced with sufficient metadata to convey where these items begin and end (including attachments), the original file name, and the original timestamps and attributes. All metadata will be provided in a delimited data field (with file extension .DAT), delimited using the Concordance style delimiters, and including the following metadata fields: "BEGBATES," "ENDBATES," "BEGATTACH," "ENDATTACH," "Custodian," "ALL CUSTODIAN," "To," "From," "CC," "BCC," "Subject," "Sent Date and Time," "Author," "Title," "File Name," "File Extension," "TextPath," "NativePath," and "MD5HASH."

13. These Requests are continuing and require further and supplemental production by you whenever you locate, acquire, or create additional responsive documents or communications between the time of the initial production hereunder and the time of the trial in this Action.

14. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, you are instructed to promptly amend your responses to the Requests if you obtain information on the basis of which (1) you know that the response was incorrect when made; or (2) you know that the response,

though correct when made, is no longer true, and failure to amend the response would be, in substance, a knowing concealment.

15.     Defendants serve these Requests without prejudice to their right to serve additional Requests for the production of documents.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

### **REQUEST NO. 1:**

All Documents and Communications concerning or relating to the allegations in the Amended Complaint, including but not limited to Documents that you or your Counsel consulted, reviewed, relied upon, and/or referred to in any way in the preparation of the Amended Complaint, and including but not limited to Documents and Communications that support, tend to support, refute, or tend to refute any allegations in the Amended Complaint, or that are referenced in the Amended Complaint, and information sufficient to show how you or your Counsel obtained such Documents and Communications.

### **REQUEST NO. 2:**

All Documents and Communications concerning or relating to any Confidential Witness, including but not limited to Documents and Communications (a) identifying the Confidential Witnesses, (b) constituting or concerning statements or information provided by or to any Confidential Witness, (c) provided to you or your Counsel or anyone else acting on your behalf by any Confidential Witness or any other Person acting on behalf of any Confidential Witness, and (d) identifying any meetings or appointments with or involving any Confidential Witness.   This Request is without limitation as to time period.

**REQUEST NO. 3:**

All Communications with any Confidential Witness, and any Documents concerning, reflecting or relating to such Communications, whether or not such Communications involved you or your Counsel, or anyone else acting on your behalf, including any transcriptions, recordings, notes, or any other memorializations of any such Communications, and including any Documents that reflect what was said to, or planned to be said to, any Confidential Witness.  This Request is without limitation as to time period.

**REQUEST NO. 4:**

All Documents and Communications concerning any understandings, agreements, or arrangements with or involving any Confidential Witness related to this Action, including any understandings, agreements, or arrangements with respect to fees, compensation, and/or any other benefit that may be provided or paid to, or for the benefit of, any Confidential Witness.  This Request is without limitation as to time period.

**REQUEST NO. 5:**

Documents sufficient to identify the names and all present or last known personal and business phone numbers (including all cell phones), email addresses, and business and residential addresses for each of the Confidential Witnesses, including the phone numbers, email addresses, or other addresses that you or your Counsel used to engage in Communications with any Confidential Witnesses.

**REQUEST NO. 6:**

All Documents and Communications regarding or constituting any Internet postings, including but not limited to on any social media services, by or on behalf of you (including for the avoidance of doubt, any of your employees or agents or anyone acting on behalf of you or any funds affiliated with you), any Investment Manager, or any Investment Advisor concerning Ryder, including Documents sufficient to identify any screen names or pseudonyms used by any such Persons.

**REQUEST NO. 7:**

All Documents quoted, paraphrased, or otherwise referenced in Paragraphs 8, 9, 37, 103(g), 129, and 282.

**REQUEST NO. 8:**

All Documents and Communications with or concerning Ryder, including for the avoidance of doubt, with or concerning any of their respective employees, officers, directors, or agents.

**REQUEST NO. 9:**

Documents sufficient to show all funds affiliated with you that purchased, acquired, sold, disposed of, owned, borrowed, converted or transferred or otherwise transacted in any Ryder Securities and a list of Investment Managers involved in each of the funds.

**REQUEST NO. 10:**

All Documents and Communications concerning or relating to any actual or potential investment or transaction in Ryder Securities by you or any funds affiliated with you, including any short interests, hedging position, derivatives, transactions by which a third party obtained the right to vote securities, or any other type of actual or potential investment in or transaction

relating to Ryder Securities, including without limitation confirmation slips, brokerage account statements, generalized stock trading records, memoranda, contracts, checks, and correspondence.  This Request is without limitation as to time period.

**REQUEST NO. 11:**

All Documents and Communications concerning or relating to the amount of any investment and realized or unrealized profit from or loss due to each transaction in Ryder Securities by you or any funds affiliated with you.  This Request is without limitation as to time period.

**REQUEST NO. 12:**

All Documents and Communications concerning or relating to your investment philosophy, objectives, criteria, goals, theories, strategies, decisions, or investment or asset allocation policies, including all prospectuses, offering memoranda, or other sales materials, including with respect to any funds affiliated with you, and any investment management agreements related to any fund or account in which Ryder Securities are or were held by you or any affiliated funds or for your benefit.

**REQUEST NO. 13:**

All Documents and Communications concerning or relating to the rules, processes, procedures, and protocols regarding the purchase, acquisition, sale, disposition, conversion or transfer of Securities, including Documents and Communications concerning any algorithmic trading or any other method of pre-programmed or automated trading, with respect to any fund or account in which Ryder Securities are or were held by you or by any funds affiliated with you, or are or were held for your benefit.

**REQUEST NO. 14:**

Documents sufficient to identify all Persons who were involved in any decision by you or funds affiliated with you or on your behalf to hold, purchase, acquire, sell, dispose of, convert or transfer any Ryder Securities, or any decision not to do so, or in any due diligence, investigation, analysis, or evaluation performed concerning any Ryder Securities by you or any funds affiliated with you or on your behalf, and (a) the resume or curriculum vitae of each such Person; (b) the personnel file of each such Person; (c) all Documents concerning any disciplinary action taken against any such Person; (d) all Documents concerning any changes of employment, employment status, title, or position of any such Person; and (e) any questionnaires completed by any such Person.

**REQUEST NO. 15:**

All annual reports, quarterly reports, monthly reports, or any other fund performance reports concerning you or any funds affiliated with you.

**REQUEST NO. 16:**

Documents sufficient to show the Ryder Securities owned at any time, beneficially or otherwise, by you or any funds affiliated with you, and the date and price at which you or any such fund acquired and/or divested such Securities.  This Request is without limitation as to time period.

**REQUEST NO. 17:**

 Documents sufficient to identify all transactions in Ryder Securities by you or any funds affiliated with you, including but not limited to Documents sufficient to show the dates and prices at which you or such fund purchased, sold, or otherwise transacted in such Securities, the entity or entities holding or transacting in such Securities, the exchange, desk, or trading platform upon which such transactions occurred, any known counterparties to such transactions, the contracts or

agreements governing such transactions, and the transfers of title resulting from such transactions. This Request is without limitation as to time period

### REQUEST NO. 18:

All Documents and Communications concerning or relating to any due diligence, investigation, analysis, or evaluation performed by you or on your behalf, or by or on behalf of any funds affiliated with you, in connection with any actual or potential transactions in, or decisions to buy, hold, or sell any Ryder Securities, or decisions not to engage in such transactions, including but not limited to the reasons, rationales, and justifications for each such transaction or decision.  This Request is without limitation as to time period.

### REQUEST NO. 19:

All Documents and Communications with any Investment Manager or Investment Advisor concerning Ryder Securities, actual or potential transactions in Ryder Securities, this Action, or the subject matters raised in the Amended Complaint.  This Request is without limitation as to time period.

### REQUEST NO. 20:

All Documents and Communications concerning any oral or written advice, recommendation, or information pertaining to Ryder Securities which you or any Investment Manager or Investment Advisor received prior to the purchase, retention, redemption, and/or sale of any Ryder Securities, including all Documents and Communications which any Investment Manager or Investment Advisor reviewed or upon which you or any Investment Manager or Investment Advisor relied in making any purchase, acquisition, sale, disposition, conversion, or transfer of Ryder Securities; and all Documents concerning any oral or written statement or representation upon which you or any Investment Manager or Investment Advisor relied in

making each and every purchase, acquisition, sale, disposition, conversion, or transfer of Ryder Securities.

**REQUEST NO. 21:**

All Documents and Communications concerning or relating to any contract, agreement, arrangement, or understanding between you or any funds affiliated with you and any Investment Advisor or Investment Manager that has advised regarding any investment in Ryder Securities, or that has managed any investment in Ryder Securities, including any agreements with any other asset manager.  For the avoidance of doubt, this Request places no limitations on the subject matter of the responsive contracts, agreements, arrangements, or understandings.

**REQUEST NO. 22:**

All Documents and Communications concerning or relating to your monitoring of your investment in Ryder, including risk assessments, reports concerning or relating to your investment, your tracking of your investment, and risk profiles.

**REQUEST NO. 23:**

All Documents and Communications concerning or relating to any delegation of any investment management, portfolio management, or risk management from you to any other Person, including Documents concerning any supervision, investigation, and oversight of such Person and any sub-delegation.

**REQUEST NO. 24:**

All Documents concerning or reflecting any Communications between you or your Counsel or anyone acting on your behalf and any Person (including Defendants) regarding Ryder, or any proposed, contemplated, or actual transaction by you or by any funds affiliated with you in Ryder Securities.  This Request includes Documents and Communications between you, your

Counsel, or anyone acting on your behalf and:

    a.   any broker, consultant, custodial bank, Investment Manager, or Investment Advisor;

    b.   any current or former employees, officers, directors, representatives, or agents of Ryder;

    c.   any representative of any publication or public medium (including news agencies, wire services, blogs, and social media service providers);

    d.   any governmental agency;

    e.   any current or former employees, officers, directors, representatives, or agents of any other investor and/or short seller in Ryder Securities; and

    f.   any analysts covering Ryder.

**REQUEST NO. 25:**

Documents sufficient to show your organizational structure, governance structure, legal structure, and ownership, including but not limited to organizational charts, articles of incorporation, charters, declarations of trust, trust agreements, bylaws, operating agreements, and any amendments to any of the foregoing.

**REQUEST NO. 26:**

Documents sufficient to show all funds affiliated with you, and where and how Ryder Securities were and are held for you or such funds.

**REQUEST NO. 27:**

All Documents and Communications concerning or relating to Ryder's market capitalization, or the market price, price movements, volume traded, or valuation of any

Ryder Securities, including but not limited to Ryder Securities held by you or any funds affiliated with you.

**REQUEST NO. 28:**

All Documents and Communications concerning or relating to any announcement, press release, report, call, or meeting relating to Ryder's earnings or financial or operational performance, including all Documents and Communications relating to the earnings calls and investor conferences referenced in the Amended Complaint.

**REQUEST NO. 29:**

All Documents and Communications concerning or relating to any damages or injuries you or any members of the Putative Class have purportedly suffered as a result of any investment in Ryder Securities, including but not limited to damages alleged in the Amended Complaint and the calculation or method of calculation of those damages. This Request is without limitation as to time period.

**REQUEST NO. 30:**

All investment bank, Investment Advisor, Investment Manager, ratings agency, or analyst reports, memos, commentaries, or analyses concerning or relating to Ryder.

**REQUEST NO. 31:**

All Documents and Communications concerning or relating to Ryder, or reflecting your knowledge or the knowledge of any Confidential Witness about Ryder. This Request is without limitation as to time period.

**REQUEST NO. 32:**

All Documents and Communications concerning or relating to your knowledge or the knowledge of any Confidential Witness about Ryder's residual values (including its accounting

methodology and/or any adjustments made to those values), including during the time period from 2011 to 2016, referenced at ¶ 4 of the Amended Complaint.  This Request is without limitation as to time period.

**REQUEST NO. 33:**

Documents sufficient to show all Persons within your organization with authority over, or responsibilities relating to, the decision to bring litigation on behalf of your organization, including but not limited to organizational charts, directories, or other Documents showing the position of any such Person within your organization.

**REQUEST NO. 34:**

All Documents concerning or relating to the certifications of the State of Alaska, Alaska Permanent Fund, the City of Fort Lauderdale General Employees' Retirement System, and the City of Plantation Police Officers Pension Fund that were filed and served in this lawsuit, including any Communications related thereto or drafts thereof.

**REQUEST NO. 35:**

All Documents and Communications concerning or relating to your decision and authorization to join this Action, move to be appointed as Lead Plaintiff, move for your Counsel to be appointed Lead Counsel, and file the Amended Complaint, including regarding any oral or written statement that influenced or otherwise bore on such decisions.  This Request is without limitation as to time period.

**REQUEST NO. 36:**

All Documents and Communications concerning or evidencing when and how you first became aware of the events, acts, or omissions that you allege give rise to the claims in this Action.  This Request is without limitation as to time period.

**REQUEST NO. 37:**

All Documents and Communications concerning or relating to your or your Counsel's pre-suit investigation, including any Documents or other information collected pre-suit that support, refute, or otherwise relate to the allegations and claims in the Amended Complaint, and including Documents and Communications indicating when you first became aware of any investigation by Counsel.

**REQUEST NO. 38:**

All Documents and Communications concerning or relating to your knowledge or your Counsel's knowledge of any actual or threatened investigation or legal action related to Ryder.

**REQUEST NO. 39:**

All Documents and Communications concerning or relating to assessing, discussing, monitoring, or directing this Action. This Request is without limitation as to time period.

**REQUEST NO. 40:**

All Documents other than the documents filed with the Court in this Action that you or your Counsel have prepared, edited, or written for public filing or other form of public dissemination at any time, concerning or relating to this Action or to the factual allegations raised in the Amended Complaint. This Request is without limitation as to time period.

**REQUEST NO. 41:**

A current resume or curriculum vitae for each Person who has had or will have any involvement in or responsibility for the fulfillment of your responsibilities as a representative of the Putative Class in this Action.

**REQUEST NO. 42:**

Documents sufficient to identify all other litigations in which you are or were involved as a lead plaintiff or class representative, or in which you sought to be named as a lead plaintiff or class representative. This Request is without limitation as to time period.

**REQUEST NO. 43:**

All Documents and Communications concerning or relating to your involvement as a lead plaintiff or class representative in any other class action litigation or derivative litigation, including actions in which you sought to be named as a lead plaintiff or class representative. This Request is without limitation as to time period.

**REQUEST NO. 44:**

All pleadings, discovery requests, and discovery responses from any litigation in which you serve or served as a lead plaintiff or class representative. This Request is without limitation as to time period.

**REQUEST NO. 45:**

Documents sufficient to show all securities litigation bought by you at any time, and, for each such litigation, all pleadings, discovery requests, discovery responses, trial transcripts, and any expert reports, declarations, or depositions. This Request is without limitation as to time period.

**REQUEST NO. 46:**

All Documents constituting transcripts of trial or deposition testimony, affidavits, declarations, or sworn or attested statements by you in any action in which you served or sought to serve as a lead plaintiff or class representative or any securities litigation brought by you. This Request is without limitation as to time period.

-20-

**REQUEST NO. 47:**

All Documents concerning, referring to, or relating to any actions, lawsuits, arbitrations or other judicial, administrative and/or investigative proceedings at any time in which you were or are the subject of a civil suit, criminal indictment, criminal conviction, disbarment proceeding, governmental consent decree, grievance proceeding, license revocation, governmental investigation, or government-filed suit or proceeding. This Request is without limitation as to time period.

**REQUEST NO. 48:**

All Documents concerning, referring to, or relating to any demand letters, investigational letters or whistleblower complaints or allegations relating to any actual or potential conflicts of interest that did not result in a lawsuit or other formal proceeding or action. This Request is without limitation as to time period.

**REQUEST NO. 49:**

All Documents and Communications concerning or relating to any compensation, fee, or any other payment or reimbursement or other benefit that you have received or expect to receive in connection with serving as a lead plaintiff or class representative in any litigation. This Request is without limitation as to time period.

**REQUEST NO. 50:**

All Documents and Communications concerning or relating to costs, legal fees, disbursements, other expenses, or any potential recovery in connection with this Action, including but not limited to all Documents and Communications concerning or relating to any agreement, arrangement, or understanding between any Persons relating to the funding or financing of this Action, or with respect to the payment or reimbursement of attorneys' fees or costs in connection with this Action, or the sharing of any recovery in connection with this Action.  This Request is without limitation as to time period.

**REQUEST NO. 51:**

All Documents and Communications concerning or relating to any actual, promised, expected, or potential receipt by you of anything of value from any Person in connection with this Action, including but not limited to any oral or written agreement, arrangement, or understanding. This Request is without limitation as to time period.

**REQUEST NO. 52:**

Documents sufficient to show any previous representation of you by any of the attorneys or law firms that are identified as Counsel for you in this Action, including any Person currently or formerly associated with such law firms and including any predecessor law firms.  This Request is without limitation as to time period.

**REQUEST NO. 53:**

All Documents and Communications concerning or relating to any agreement, arrangement, or understanding between you and any of the attorneys or law firms that are identified as Counsel for you in this Action, including any Person currently or formerly associated with such law firms and including any predecessor law firms, including but not limited to any portfolio monitoring agreement or arrangement, and including Documents and Communications concerning the nature of legal services agreed, anticipated, or expected to be provided by your Counsel.  This Request is without limitation as to time period.

**REQUEST NO. 54:**

All Documents and Communications concerning or relating to any portfolio monitoring arrangements, agreements or programs with or offered by any law firms, and your participation in any such programs, including Documents and Communications related to any portfolio monitoring program offered by your Counsel.  This Request is without limitation as to time period.

**REQUEST NO. 55:**

All Documents and Communications concerning or relating to your policies and procedures regarding filing litigation or your service as lead plaintiff or class representative in any litigation, including Documents and Communications concerning your policies regarding the process for selecting counsel or other outside advisors, the determination and/or handling of conflicts of interest of counsel or other outside advisors, and the decision whether to file a lawsuit.

**REQUEST NO. 56:**

Documents and Communications sufficient to identify any Persons other than your Counsel providing information or advice to you in connection with this Action.  This Request is without limitation as to time period.

**REQUEST NO. 57:**

All Documents and Communications concerning or relating to the process by which you chose your Counsel in this Action, including:

    a. Documents and Communications sufficient to show all Persons involved in the decision to retain your Counsel in this Action on your behalf;

    b. Documents and Communications concerning or relating to the consideration of retaining any other counsel to represent you in this Action, including any final or draft engagement letters, retainer agreements, contracts, litigation funding agreements, or similar Documents;

    c. Documents and Communications concerning or relating to any efforts to solicit you as a party in this Action; and

    d. Documents and Communications concerning or relating to any promises or guarantees made in exchange for your participating in this Action.

**REQUEST NO. 58:**

All agreements or engagement letters between you and your Counsel or other attorneys concerning or relating to this Action, including any finder's agreements, local counsel agreements, or referral agreements.  This Request is without limitation as to time period.

**REQUEST NO. 59:**

All Documents and Communications furnished by you to your Counsel at any time in

connection with your role as Lead Plaintiff in this Action.  This Request is without limitation as to time period.

**REQUEST NO. 60:**

All Documents and Communications concerning or relating to any relationship, whether personal, family, financial, business, or otherwise, between you and any of the attorneys or law firms that are identified as Counsel for you in this Action, including any Person currently or formerly associated with such law firms and including any predecessor law firms.  This Request is without limitation as to time period.

**REQUEST NO. 61:**

All Communications concerning or relating to Ryder or this Action with any owner or beneficial owner of Ryder Securities.  This Request is without limitation as to time period.

**REQUEST NO. 62:**

All Communications by you or on your behalf with any contractors or consultants of Ryder.

**REQUEST NO. 63:**

All Documents and Communications concerning or relating to any Person you intend to call as a witness at any hearing, trial, or proceeding in this Action, whether in person, by deposition, by affidavit, or otherwise.  This Request is without limitation as to time period.

**REQUEST NO. 64:**

All Documents and Communications you intend to use at any hearing or trial in this Action. This Request is without limitation as to time period.

**REQUEST NO. 65:**

All Documents and Communications concerning or relating to your contentions that:

    a.  the members of the class are so numerous that joinder of all members is impracticable;

    b.  common questions of fact and law exist as to the members of the Putative Class;

    c.  your claims are typical of the claims of the members of the Putative Class;

    d.  you will fairly and adequately protect the interests of the Putative Class;

    e.  the questions of law or fact common to the members of the Putative Class predominate over any questions affecting only you or other individual members; and

    f.  the Putative Class action is superior to other available methods for the fair and efficient adjudication of the controversy.

This request is without limitation as to time period.

**REQUEST NO. 66:**

All Documents and Communications to concerning or relating to any prospective members of the Putative Class, including Communications between you and any such member(s), Documents identifying members of the Putative Class and/or concerning the number of members of the Putative Class, and publications, surveys, correspondence, notes, and memoranda concerning prospective Putative Class members.  This Request is without limitation as to time period.

**REQUEST NO. 67:**

All Documents and Communications concerning or relating to any agreement or arrangement between or among you and/or any Person who allegedly is a member of the Putative Class, in which the agreement or arrangement refers or relates to this Action, including the choice of counsel to represent any such Person and the decision to file or join this Action.  This Request is without limitation as to time period.

**REQUEST NO. 68:**

All Documents and Communications to concerning or relating to your Document retention policy or policies, all versions of your recordkeeping or retention policies, and all Documents and Communications regarding any potential or actual violations of these policies.  This Request is without limitation as to time period.

**REQUEST NO. 69:**

All Documents and Communications produced by any third parties in connection with this Action (through subpoena, agreement, or otherwise).  This Request is without limitation as to time period.

**REQUEST NO. 70:**

All written statements related or relevant to class certification signed or otherwise adopted or approved in any form, including handwritten, stenographic, mechanical, electrical, video-recorded, or otherwise memorialized, by any Person likely to have discoverable information in this Action.  This Request is without limitation as to time period

**REQUEST NO. 71:**

To the extent not requested above, (a) all Documents referenced in Lead Plaintiff's initial disclosures, and (b) all Documents and Communications concerning or relating to any Person listed as an individual or an entity likely to have discoverable information in Lead Plaintiff's initial disclosures and that also relate to any issue in this Action.  This Request is without limitation as to time period.

July 5, 2022

Respectfully submitted,

**GUNSTER, YOAKLEY & STEWART, P.A.**

By:  _/s/_ Jonathan K. Osborne
Jonathan K. Osborne
Florida Bar No. 95693
David M. Wells
Florida Bar No. 309291
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301

Telephone:  (954) 462-2000
Facsimile:  (954) 523-1722
Email: josborne@gunster.com
Email: dwells@gunster.com

Michael Brandon Green
Florida Bar No. 87571
Brickell World Plaza Suite 3500
600 Brickell Avenue
Miami, FL 33131

Telephone:  (305) 376-6000
Fax:  (305) 376-6010
Email:  mgreen@gunster.com

**WACHTELL, LIPTON, ROSEN & KATZ**
William D. Savitt, _pro hac vice_
Steven P. Winter, _pro hac vice_
Wilfred T. Beaye, Jr., _pro hac vice_
51 West 52nd Street
New York, New York 10019

Telephone:  (212) 403-1000
Facsimile:  (212) 403-2000
Email:  wdsavitt@wlrk.com
Email:  swinter@wlrk.com
Email:  wtbeaye@wlrk.com

_Attorneys for Defendants_

-29-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of July, 2022, a true and correct copy of the

foregoing was served on all counsel of record identified on the attached Service List via e-mail.

**GUNSTER, YOAKLEY & STEWART, P.A.**
*Attorneys for Defendants*
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
Telephone: (954) 462-2000
Facsimile: (954) 523-1722

By: */s/* Jonathan K. Osborne
Jonathan K. Osborne (Fla. Bar No. 95693)
David M. Wells (Fla. Bar No. 309291)
Michael B. Green (Fla. Bar No. 87571)
Telephone: (305) 376-6000
Facsimile: (305) 376-6010
E-mail: josborne@gunster.com
dwells@gunster.com
mgreen@gunster.com

## SERVICE LIST

| | |
|---|---|
| Jonathan K. Osborne<br>Florida Bar No. 95693<br>David M. Wells<br>Florida Bar No. 309291<br>450 East Las Olas Boulevard, Suite 1400<br>Fort Lauderdale, Florida 33301<br>Telephone:  (954) 462-2000<br>Facsimile:  (954) 523-1722<br>Email: josborne@gunster.com<br>Email: dwells@gunster.com<br><br>Michael Brandon Green<br>Florida Bar No. 87571<br>Brickell World Plaza Suite 3500<br>600 Brickell Avenue<br>Miami, FL 33131<br>Telephone:  (305) 376-6000<br>Fax:  (305) 376-6010<br>Email:  mgreen@gunster.com<br><br>**WACHTELL, LIPTON, ROSEN & KATZ** | Avi Josefson<br>Bernstein Litowitz Berger & Grossmann LLP<br>1251 Avenue of the Americas, 44th floor<br>New York, NY 10020<br>(212) 554-1400<br>Avi@blbglaw.com<br><br>Michael D. Blatchley<br>Bernstein Litowitz Berger & Grossmann LLP<br>1251 Avenue of the Americas, 44th floor<br>New York, NY 10020<br>(212) 554-1400<br>Michaelb@blbglaw.com<br><br>Stuart Andrew Kaufman<br>Stuart A. Kaufman<br>10059 NW 1st Court<br>Plantation, FL 33324<br>954-916-1202<br>954-916-1232 (fax)<br>stu@robertdklausner.com |

-30-

William D. Savitt, *pro hac vice*
Steven P. Winter, *pro hac vice*
Wilfred T. Beaye, Jr., *pro hac vice*
51 West 52nd Street
New York, New York 10019

Telephone:  (212) 403-1000
Facsimile:  (212) 403-2000
Email:  wdsavitt@wlrk.com
Email:  swinter@wlrk.com
Email:  wtbeaye@wlrk.com

*Attorneys for Defendants*

Robert David Klausner
Klausner, Kaufman, Jensen and Levinson, P.A.
10059 NW 1st Court
Plantation, FL 33324-4000
954-916-1202
916-1232 (fax)
bob@robertdklausner.com

John Rizio-Hamilton
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
212-554-1400
johnr@blbglaw.com

Hannah Ross
Bernstein Litowitz Berger & Grossman, LLP
1251 Avenue of the Americas
New York, NY 10019
212-554-1000
hannah@blbglaw.com

Maya Susan Saxena
Saxena White P.A.
7777 Glades Road
Suite 300
Boca Raton, FL 33434
United States
561-394-3399
561-391-3382 (fax)
msaxena@saxenawhite.com

Adam Wierzbowski
Bernstein Litowitz Berger & Grossmann, LLP
1251 Avenue of the Americas
44th Floor
New York, NY 10020
212-554-1400
Adam@blbglaw.com

*Counsel for Plaintiffs*

-31-