# EXHIBIT 34

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| STATE OF ALASKA, ALASKA PERMANENT FUND, THE CITY OF FORT LAUDERDALE GENERAL EMPLOYEES' RETIREMENT SYSTEM, and THE CITY OF PLANTATION POLICE OFFICERS PENSION FUND, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>    v.<br><br>RYDER SYSTEM, INC., ROBERT E. SANCHEZ, ART A. GARCIA, and DENNIS C. COOKE,<br><br>          Defendants. | Civil Action No. 1:20-cv-22109-AMC |

### PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rule of Civil Procedure, Lead Plaintiffs State of Alaska, Alaska Permanent Fund ("Alaska"); The City of Fort Lauderdale General Employees' Retirement System ("Fort Lauderdale"); and the City of Plantation Police Officers Pension Fund ("Plantation Police," together with Alaska and Fort Lauderdale, "Lead Plaintiffs"), by and through their undersigned counsel, hereby submit the following responses and objections ("Responses and Objections") to the Defendants' First Set of Interrogatories Directed to Lead Plaintiffs, dated July 5, 2022 (the "Interrogatories").

Lead Plaintiffs provide these Responses and Objections solely for the purpose of the above-captioned litigation (this "Action") and based solely upon information and documents presently known to them. Subsequent document collection, discovery, independent investigation, or legal research and analysis may result in additions to, changes in, or variations from the responses and

1

objections set forth herein, and Lead Plaintiffs therefore reserve the right to modify or supplement these Responses and Objections as appropriate.

Lead Plaintiffs' Responses and Objections below are without prejudice to their rights to produce evidence of any subsequently discovered facts or documents or to add to, modify, or otherwise change or amend their Responses and Objections. Lead Plaintiffs' Responses and Objections to any specific Interrogatory is neither an admission of the existence of any evidence, document, fact, or thing set forth in or assumed by any Interrogatory, nor an admission that such Responses and Objections constitute admissible evidence.

## OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS

1. Lead Plaintiffs object to the definition of "Confidential Witness" as irrelevant, overbroad, and not proportional to the needs of the case to the extent it calls for information regarding persons beyond the individuals named in the Amended Complaint. The Amended Complaint refers to these individuals as "Former Employees" and not as "Confidential Witnesses."

2. Lead Plaintiffs object to the definition of "Counsel" as irrelevant, overbroad, and not proportional to the needs of the case to the extent it calls for information about persons who have never been directly involved in this Action and to the extent it calls for information in Lead Plaintiffs' Counsel's possession and not in the possession of the Lead Plaintiff themselves. Lead Plaintiffs further object to the extent the definition calls for privileged information.

3. Lead Plaintiffs object to the definition of "Investment Advisor" as irrelevant, overbroad, and not proportional to the needs of the case to the extent it calls for information regarding investments other than Lead Plaintiffs' investments in Ryder common stock during the Class Period.

case, to the extent the information called for relates to investments other that Lead Plaintiffs' investments in Ryder common stock during the Class Period.

## RESPONSES & OBJECTIONS TO THE INTERROGATORIES

**INTERROGATORY NO. 1**:

For each purchase, acquisition, sale, conversion, or transfer of Ryder Securities by You, identify all Documents, Communications, information, or data upon which You or any Investment Manager or Investment Advisor acting on Your behalf relied in deciding to make such transaction, including the source of such information or data and the form and manner in which You or the Investment Manager or Investment Advisor received it.

**RESPONSE AND OBJECTIONS**:   In addition to Lead Plaintiffs' Objections to the Definitions and Instructions set forth above, Lead Plaintiffs object to Interrogatory No. 1 as vague and ambiguous, as the meaning of the phrases "relied in deciding to make such transaction," "the source of such information," and "manner in which You. . .received it" are unclear or call for a legal conclusion.  Lead Plaintiffs further object to Interrogatory No. 1 as irrelevant, overbroad and not proportional to the needs of the case as it seeks the identity of "*all* Documents, Communications, information, or data," no matter how trivial or irrelevant, and it seeks information relating to transactions in Ryder Securities other than Lead Plaintiffs' investments in Ryder common stock during the Class Period.  Lead Plaintiffs further object to this Interrogatory to the extent it calls for information located with Lead Plaintiffs' Investment Managers or Investment Advisors and not within Lead Plaintiffs' possession.

Subject to and without waiving the foregoing objections, Lead Plaintiffs respond as follows:

**Alaska** responds that pursuant to Alaska's statutory authority, including AK Stat § 37.13.120, it has delegated investment authority over decisions with respect to any investments in

5

Ryder common stock during the Class Period to its respective Investment Managers, identified in Lead Plaintiffs' Initial Disclosures, dated July 15, 2022.  Alaska is not in possession of the information sought, which, to the extent it exists, resides with Alaska's Investment Managers.

**Fort Lauderdale** responds that pursuant to Florida's Prudent Investor Act, F.S. § 518.112(1), it has delegated investment authority over decisions with respect to any investments in Ryder common stock during the Class Period to its respective Investment Managers, identified in Lead Plaintiffs' Initial Disclosures, dated July 15, 2022.  Fort Lauderdale is not in possession of the information sought, which, to the extent it exists, resides with Fort Lauderdale's Investment Managers.

**Plantation Police** responds that pursuant to Florida's Prudent Investor Act, F.S. § 518.112(1), it has delegated investment authority over decisions with respect to any investments in Ryder common stock during the Class Period to its respective Investment Manager, identified in Lead Plaintiffs' Initial Disclosures, dated July 15, 2022.  Plantation Police is not in possession of the information sought, which, to the extent it exists, resides with Plantation Police's Investment Manager.

**INTERROGATORY NO. 2**:

Identify each Person who, with respect to each purchase, acquisition, sale, conversion, or transfer of Ryder Securities by You, participated in the decision that You purchase, acquire, sell, convert, or transfer any Ryder Securities, including any Person who recommended the transaction, made or assisted in the decision to enter [sic] the transaction, with whom You discussed the possible purchase, acquisition, sale, conversion, or transfer of such Securities, or who was responsible for supervising any decisions by any Investment Managers or Investment Advisors to enter [sic] such transactions on Your behalf.

information.  Lead Plaintiffs further object to the Interrogatory to the extent it seeks to impose an obligation to log privileged or work product documents dated after the filing of the complaint in this action, or to log privileged or work product documents prior to the completion of document production or another agreed-upon time.

Subject to and without waiving the foregoing objections, Lead Plaintiffs respond as follows:  Lead Plaintiffs offer to meet and confer regarding the scope of the Interrogatory and whether there exists any responsive non-privileged information.

Dated: August 11, 2022                                          Respectfully submitted,


     /s/  *John Rizio-Hamilton*
**BERNSTEIN LITOWITZ BERGER**
 **& GROSSMANN LLP**
John Rizio-Hamilton (admitted pro hac vice)
Adam Wierzbowski (admitted pro hac vice)
John Esmay (admitted pro hac vice)
1251 Avenue of the Americas
New York, NY 10020
Tel:  (212) 554-1400
Fax:(212) 554-1444
Email: johnr@blbglaw.com
Email: adam@blbglaw.com
Email: john.esmay@blbglaw.com

*Lead Counsel for Lead Plaintiffs and the Class*

18

The undersigned declares under penalty of perjury that the foregoing Plaintiffs' Responses and Objections to Defendants' First Set of Interrogatories is true and correct to the best of their knowledge with respect to the Interrogatory responses that apply to them.

Executed on August ___8___ , 2022:

By:

Nick Schiess                                    as

City of Fort Lauderdale General Employees' Retirement System

The undersigned declares under penalty of perjury that the foregoing Plaintiffs' Responses and Objections to Defendants' First Set of Interrogatories is true and correct to the best of their knowledge with respect to the Interrogatory responses that apply to them.

Executed on August 10, 2022:

By: _____,
Benjamin J. Hofmeister (Assistant Attorney General)
for the State of Alaska, Alaska Permanent Fund

The undersigned declares under penalty of perjury that the foregoing Plaintiffs' Responses and Objections to Defendants' First Set of Interrogatories is true and correct to the best of their knowledge with respect to the Interrogatory responses that apply to them.

Executed on August __//__ , 2022:

By:

_____,
BRIAN KENDALL _____as

City of Plantation Police Officers Pension Fund

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2022, I caused the foregoing to be served via electronic mail upon the respective counsel for the parties.

_____/s/*John Esmay*_____