# EXHIBIT 40

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

STATE OF ALASKA, ALASKA
PERMANENT FUND, THE CITY OF
FORT LAUDERDALE GENERAL
EMPLOYEES' RETIREMENT SYSTEM,
and THE CITY OF PLANTATION
POLICE OFFICERS PENSION FUND, on
behalf of themselves and all others similarly
situated,

            Plaintiffs,

      v.

RYDER SYSTEM, INC., ROBERT E.
SANCHEZ, ART A. GARCIA, and
DENNIS C. COOKE,

           Defendants.

Civil Action No. 1:20-cv-22109-AMC

## DEFENDANTS' FIRST SET OF INTERROGATORIES
## DIRECTED TO LEAD PLAINTIFFS

Pursuant to Federal Rule of Civil Procedure 33, and subject to the Definitions and Instructions set forth within, Defendants Ryder System, Inc. ("Ryder"), Robert E. Sanchez, Art A. Garcia, and Dennis C. Cooke (collectively, "Defendants"), by and through their undersigned counsel, hereby serve their First Set of Interrogatories (the "Interrogatories"), attached as Exhibit A, on Lead Plaintiffs the State of Alaska, Alaska Permanent Fund, the City of Fort Lauderdale General Employees' Retirement System, and the City of Plantation Police Officers Pension Fund (collectively, "Lead Plaintiffs"). Pursuant to Federal Rule of Civil Procedure 33 and Southern District of Florida Local Rule 26.1(g), Defendants demand responses within thirty (30) days.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of July, 2022, a true and correct copy of the

foregoing was served on all counsel of record identified on the attached Service List via e-mail.

**GUNSTER, YOAKLEY & STEWART, P.A.**
*Attorneys for Defendants*
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
Telephone: (954) 462-2000
Facsimile: (954) 523-1722


By: */s/  Jonathan K. Osborne*
Jonathan K. Osborne (Fla. Bar No. 95693)
David M. Wells (Fla. Bar No. 309291)
Michael B. Green (Fla. Bar No. 87571)
Telephone: (305) 376-6000
Facsimile: (305) 376-6010
E-mail: josborne@gunster.com
dwells@gunster.com
mgreen@gunster.com

## SERVICE LIST

| | |
|---|---|
| Jonathan K. Osborne<br>Florida Bar No. 95693<br>David M. Wells<br>Florida Bar No. 309291<br>450 East Las Olas Boulevard, Suite 1400<br>Fort Lauderdale, Florida 33301<br>Telephone:  (954) 462-2000<br>Facsimile:  (954) 523-1722<br>Email: josborne@gunster.com<br>Email: dwells@gunster.com<br><br>Michael Brandon Green<br>Florida Bar No. 87571<br>Brickell World Plaza Suite 3500<br>600 Brickell Avenue<br>Miami, FL 33131<br>Telephone:  (305) 376-6000<br>Fax:  (305) 376-6010<br>Email:  mgreen@gunster.com<br><br>**WACHTELL, LIPTON, ROSEN & KATZ**<br>William D. Savitt, *pro hac vice*<br>Steven P. Winter, *pro hac vice*<br>Wilfred T. Beaye, Jr., *pro hac vice* | Avi Josefson<br>Bernstein Litowitz Berger & Grossmann LLP<br>1251 Avenue of the Americas, 44th floor<br>New York, NY 10020<br>(212) 554-1400<br>Avi@blbglaw.com<br><br>Michael D. Blatchley<br>Bernstein Litowitz Berger & Grossmann LLP<br>1251 Avenue of the Americas, 44th floor<br>New York, NY 10020<br>(212) 554-1400<br>Michaelb@blbglaw.com<br><br>Stuart Andrew Kaufman<br>Stuart A. Kaufman<br>10059 NW 1st Court<br>Plantation, FL 33324<br>954-916-1202<br>954-916-1232 (fax)<br>stu@robertdklausner.com<br><br>Robert David Klausner<br>Klausner, Kaufman, Jensen and Levinson, |

| | |
|---|---|
| 51 West 52nd Street<br>New York, New York 10019<br><br>Telephone:  (212) 403-1000<br>Facsimile:  (212) 403-2000<br>Email:  wdsavitt@wlrk.com<br>Email:  swinter@wlrk.com<br>Email:  wtbeaye@wlrk.com<br><br>*Attorneys for Defendants* | P.A.<br>10059 NW 1st Court<br>Plantation, FL 33324-4000<br>954-916-1202<br>916-1232 (fax)<br>bob@robertdklausner.com<br><br>John Rizio-Hamilton<br>Bernstein Litowitz Berger & Grossmann LLP<br>1251 Avenue of the Americas, 44th Floor<br>New York, NY 10020<br>212-554-1400<br>johnr@blbglaw.com<br><br>Hannah Ross<br>Bernstein Litowitz Berger & Grossman, LLP<br>1251 Avenue of the Americas<br>New York, NY 10019<br>212-554-1000<br>hannah@blbglaw.com<br><br>Maya Susan Saxena<br>Saxena White P.A.<br>7777 Glades Road<br>Suite 300<br>Boca Raton, FL 33434<br>United States<br>561-394-3399<br>561-391-3382 (fax)<br>msaxena@saxenawhite.com<br><br>Adam Wierzbowski<br>Bernstein Litowitz Berger & Grossmann, LLP<br>1251 Avenue of the Americas<br>44th Floor<br>New York, NY 10020<br>212-554-1400<br>Adam@blbglaw.com<br><br>*Counsel for Plaintiffs* |

**EXHIBIT A: INTERROGATORIES**

**DEFINITIONS AND INSTRUCTIONS**

The following definitions and instructions shall apply to the Defendants' First Set of Interrogatories Directed to Lead Plaintiffs (the "Requests"):

1. "Action" means the above-captioned civil action.

2. "Amended Complaint" means the Amended Complaint filed in the Action on October 5, 2022 (ECF No. 28), and/or any subsequent amendments.

3. "Confidential Witness" means the "former Ryder employees" referred to in the first paragraph of the first page of the Amended Complaint, ECF No. 28 at 1, identified in the Amended Complaint as FE 1, FE 2, FE 3, FE 4, FE 5, FE 6, FE 7, FE 8, FE 9, FE 10, FE 11, and FE 12, identified in Paragraph 11 of the Amended Complaint as "former executives," or any other Persons that Lead Plaintiffs or Counsel interviewed in connection with the preparation of the Amended Complaint.

4. "Ryder" means Ryder Systems, Inc. and any of its respective officers, directors, employees and/or agents.

5. "Class Period" means the proposed class period in the Action.

6. "Communication" or "communications" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), whether orally or in writing, or by any other means or medium, between or among two or more Persons or entities including but not limited to spoken words, inquiries, discussions, conversations, conferences, interviews, negotiations, agreements, reports, meetings, correspondence, letters, electronically transmitted messages (*e.g.*, email, text messages, instant messaging), postings on Internet bulletin boards, or other forms of

written, verbal or electronic intercourse, however transmitted, ESI (as defined below), and documents, as defined herein.

7.      "Counsel" means any of Lead Plaintiffs' counsel of record, including as listed in the Amended Complaint and/or any subsequent amendments, as well as any attorneys, employees, partners, shareholders, officers, agents, investigators, or any other Person acting on behalf of any of them.

8.      "Document" or "documents" shall have the broadest meaning permitted under the Federal Rules and shall include, without limitation, the original and all non-identical copies of any handwritten, printed, typed, recorded, or other graphic material, or ESI (as defined below), of any kind and nature, including all drafts and transcriptions thereof, however produced or reproduced, and including but not limited to accounting materials, accounts, agreements, analyses, appointment books, books of account, calendars, catalogs, checks, communications (as defined herein), computer data, computer disks, contracts, correspondence, date books, diaries, diskettes, drawings, email messages, faxes, guidelines, instructions, inter-office communications, invoices, letters, logs, manuals, memoranda, minutes, notes, opinions, payments, plans, receipts, records, regulations, reports, sound recordings, statements, studies, surveys, timesheets, vouchers, word processing materials (however stored or maintained), and all other means by which information is stored for retrieval in fixed form.

9.      "ESI" means information that is stored in an electronic format, regardless of the media or whether it is in the original format in which it was created, and that is retrievable in perceivable form and includes but is not limited to metadata, system data, deleted data, and fragmented data.

10.     "Investment Advisor" means any Person that advises or has advised you, or any fund affiliated with you, regarding any investment.

11.     "Investment Manager" means any Person that manages or has managed any investment for you, or for any fund affiliated with you.

12.     The phrase "affiliated funds" or "fund(s) affiliated with you" means any funds, investment vehicles, portfolios, or other entities in which you own an interest or control, either directly or indirectly, or in common with others, or which hold securities on your behalf or for your benefit, or which are under common control, management, or ownership with you.

13.     "Lead Plaintiffs," "You," or "Your" means the State of Alaska, Alaska Permanent Fund, the City of Fort Lauderdale General Employees' Retirement System, and the City of Plantation Police Officers Pension Fund, including any and all of their respective officers, directors, current or former employees, subsidiaries, representatives, agents, affiliated funds or investment vehicles, or individuals or entities (including investigators) acting or purporting to act on behalf of any of them (or on behalf of any of their affiliated funds or investment vehicles).

14.     "Person" means any natural person or individual, or any firm, partnership (general or limited), limited liability company, proprietorship, corporation, unincorporated association, trust, joint venture, or any other legal or governmental entity, organization, or body of any type whatsoever, as well as all agents, officers, directors, boards, committees, subcommittees, employees, consultants, representatives, or instrumentalities thereof.

15.     "Putative Class" means holders of Ryder Securities that Lead Plaintiffs seek to represent in this Action.

16.     "Security" or "securities" means any stock, treasury stock, note, bond, debenture, certificate of interest, participation in any profit-sharing agreement, collateral trust certificate,

transferable share, investment contract, voting-trust certificate, put, call, straddle, option, privilege, certificate of deposit, or group or index of securities (including any interest therein or based on the value thereof), swap, hedge, or, in general, any instrument commonly known as a "security"; or any certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase, any of the foregoing.

17.     The terms "concerning," "regarding," "with regard to," "relating to," and "referring to" shall be read and applied as interchangeable and shall be construed in the broadest sense to mean discussing, supporting, describing, concerning, regarding, with regard to, relating to, referring to, pertaining to, containing, analyzing, evaluating, studying, recording, memorializing, reporting on, commenting on, reviewed in connection or in conjunction with, evidencing, setting forth, contradicting, refuting, considering, recommending, or constituting, in whole or in part.

18.     The language of the Interrogatories shall be read liberally, so as to be inclusive rather than exclusive, and in particular: (i) the use of the singular shall be deemed to include the plural, and the use of one gender shall include the other; (ii) the terms "and" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of an Interrogatory all Documents that might otherwise be construed as outside its scope; (iii) the present tense includes the past and future tenses, and vice versa; (iv) the terms "any" or "all" shall mean "each and every" as well as "anyone and everyone"; and (v) "include," "includes," and "including" shall mean "including but not limited to."

19.     Unless otherwise specified, the time period for these Interrogatories is July 23, 2015 to February 13, 2020.

20. If it is not possible to produce any document called for by a Request, or if any part of a Request is objected to, the reasons for the failure to produce the documents or the objection should be stated specifically as to all grounds.

21. In each case where You are asked to identify a Person or Persons, or where an Interrogatory refers to a Person or Persons, please identify such Person or Persons by setting forth the following information with respect to each such Person:

    a) Full name;

    b) Present or last known residence and business addresses;

    c) Present or last known residence, mobile, and business telephone numbers; and

    d) Present or last known employer and job title.

22. In each case where You are asked to identify a written Communication or other Document, or where the answer to an Interrogatory refers to a written Communication or Document, please state with respect to each such written Communication or Document:

    a) The identity of the Person(s) who signed it or under whose name the Communication or Document was issued;

    b) The identity of the author(s), if different from subpart (a);

    c) The identity of the recipient(s);

    d) The nature and substance of the Communication or Document with sufficient particularity to enable it to be identified;

    e) The date of the Communication or Document;

    f) The number of pages of the Communication or Document; and

    g) The identity of each Person who has custody of the Communication or Document or any copy thereof.

23. In each case where You are asked to identify an oral Communication or other oral statement, please state with respect to each such oral Communication or other oral statement:

    a) The date and place of the oral Communication;

    b) The nature and substance of the oral Communication;

    c) The identity of each Person who participated in or heard any part of the oral Communication; and

    d) The identity and custodian of any Document that recorded, summarized, or concerned the oral Communication.

24. You are required to provide all information that is available to You, including information in the possession of Your attorneys, agents, representatives, or others under Your control and not merely information known by virtue of Your personal knowledge.

25. If You claim any form of privilege or protection or other reason, whether based on statute or otherwise, as a ground for withholding any requested Document, Communication, or piece of information covered by these Interrogatories, furnish a privilege log identifying each Document, Communication, or other information for which the privilege or protection is claimed in compliance with Federal Rules of Civil Procedure 26(b)(5) and Southern District of Florida Local Rule 26.1(e), and/or such other parameters as may be agreed between the parties.

26. If in answering these Interrogatories You claim any ambiguity in interpreting either the Interrogatories or a definition or instruction applicable thereto, such claim shall not be utilized by You as a basis for refusing to respond, but there shall be set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the Interrogatories.

27. If You are or were acting on behalf of any other Person, organization, entity, trust, or account in connection with any transaction involving a Ryder Security, then the Interrogatories

shall also be construed to require responses both as to Yourself and as to such other Person, organization, entity, trust, or account.

## INTERROGATORIES

**INTERROGATORY NO. 1**:

For each purchase, acquisition, sale, conversion, or transfer of Ryder Securities by You, identify all Documents, Communications, information, or data upon which You or any Investment Manager or Investment Advisor acting on Your behalf relied in deciding to make such transaction, including the source of such information or data and the form and manner in which You or the Investment Manager or Investment Advisor received it.

**INTERROGATORY NO. 2**:

Identify each Person who, with respect to each purchase, acquisition, sale, conversion, or transfer of Ryder Securities by You, participated in the decision that You purchase, acquire, sell, convert, or transfer any Ryder Securities, including any Person who recommended the transaction, made or assisted in the decision to enter the transaction, with whom You discussed the possible purchase, acquisition, sale, conversion, or transfer of such Securities, or who was responsible for supervising any decisions by any Investment Managers or Investment Advisors to enter such transactions on Your behalf.

**INTERROGATORY NO. 3**:

Identify by case name, jurisdiction, case number, and subject matter each case in which You are serving, have served, or sought to serve, as a representative plaintiff (including class or derivative actions), the attorneys and law firms that represented You in the case, and any testimony (including transcripts thereof) that You provided in connection with the case, without limitation as to time period.

**<u>INTERROGATORY NO. 4</u>**:

Describe Your organizational structure, including without limitation the identity of the owners, subsidiaries, and affiliates thereof, the Persons responsible for management, and the Persons responsible for making investment decisions and/or supervising the investment decisions made by any Investment Managers or Investment Advisors on Your behalf related to Ryder or Ryder Securities.  This Interrogatory is without limitation as to time period.

**<u>INTERROGATORY NO. 5</u>**:

Identify any proposed or actual agreement or arrangement between You or Your Counsel and any Person concerning this Action, including any agreement regarding (i) funding, financing, fees or costs related to this Action, (ii) provision of legal services or representation, (iii) any compensation, fees, payment, reimbursement, or other thing of value (including judgments, settlement awards, and awards of fees or costs) to be received by You or any member of the Putative Class, and with respect to any such proposed or actual agreement or arrangement, all Persons involved, the terms, and the dates on which such agreements or arrangements were proposed or entered.  This Interrogatory is without limitation as to time period.  .

**<u>INTERROGATORY NO. 6</u>**:

Identify each Communication by You, Your Counsel, or any Investment Manager or Investment Advisor acting on Your behalf or for Your benefit with any former or current employee, agent, officer, director, or other representative of Ryder or any of the Defendants.

**<u>INTERROGATORY NO. 7</u>**:

Identify each Confidential Witness.

**<u>INTERROGATORY NO. 8</u>**:

Identify each Communication related to this Action by You or Your Counsel with any Confidential Witness (including any other Person acting on behalf of any Confidential Witness).  This Interrogatory extends to the present.  For the avoidance of doubt, to the extent that You claim any such Communications are privileged, provide all responsive information concerning the Communications that is not privileged (such as, without limitation to the information requested by the definition "Identify," the date, participants, form of communication, subject matter, and custodian(s)) and identify any privileged information withheld in a privilege log.

**INTERROGATORY NO. 9**:

State the name or designation of every brokerage or other account in which Ryder Securities were held by You or by any other Person or entity for Your benefit, including the name of the broker and firm, the name of the account holder(s), and the identification number of the account.  This Interrogatory is without limitation as to time period.

**INTERROGATORY NO. 10**:

Describe in detail Your participation in any portfolio monitoring programs offered by Your Counsel or other entities, including identification of the firms offering each program, the services You received, dates of Your participation, any terms or agreements related to Your participation, and any litigation You filed as a result of Your participation in each program. This Interrogatory is without limitation as to time period.

**INTERROGATORY NO. 11**:

Identify each Person employed by Your Investment Advisors or Investment Managers during the Class Period who provided advice, recommendations, or analysis regarding Ryder,

or Ryder Securities to You or for Your benefit.

**INTERROGATORY NO. 12**:

Identify the individuals who are responsible for directing this Action on Your behalf, including any individual responsible for Your decision to engage Counsel, seek to be appointed Lead Plaintiff, or to file the Amended Complaint.

**INTERROGATORY NO. 13**:

Identify each Communication by or with You related to Your direction of this Action, including any Communication concerning engagement of any attorneys in connection with the Action, Your decision to seek to be appointed Lead Plaintiff and to file the Amended Complaint, and Your monitoring of developments in the Action.  This Interrogatory is without limitation as to time period.  For the avoidance of doubt, to the extent that You claim any such Communications are privileged, provide all responsive information concerning the Communications that is not privileged (such as, without limitation to the information requested by the definition "Identify," the date, participants, form of communication, subject matter, and custodian(s)) and identify any privileged information withheld in a privilege log.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August _____, 2022:

By:_____

_____,   as
_____ of State of Alaska,
Alaska Permanent Fund

By:_____

_____, as
_____ of City of Fort Lauderdale General Employees' Retirement System


By: _____

_____, as
_____ of City of Plantation Police Officers Pension Fund

-14-