# EXHIBIT 41

| | |
|---|---|
| **From:** | Beaye, Wilfred T., Jr. |
| **To:** | John Esmay; Mathews de Carvalho; Rizio-Hamilton, John (Bernstein Litowitz Berger & Grossmann LLP); Adam Wierzbowski |
| **Cc:** | Winter, Steven; Vaca, Carolyn T. |
| **Subject:** | RE: Ryder - Meet and Confer |
| **Date:** | Monday, September 19, 2022 3:25:19 PM |

Counsel—

We write in regards to Lead Plaintiffs' Responses and Objections to Defendants' First Set of Interrogatories and Requests for Production, and to follow up on certain matters discussed in our meet and confers.

We appreciate your agreement to produce the following materials notwithstanding your initial objections.  In light of the class certification deadlines set by the Court, please let us know when we can expect their production:

- The documents quoted, paraphrased, or otherwise referenced in Paragraphs 8, 9, 37, 103(g), 129, and 282 of the Amended Complaint, in accordance with Request No. 7.

- Retention agreements with Lead Counsel and Liaison Counsel for this Action, as agreed in connection with Request No. 58, and Interrogatory No. 5.

- Portfolio monitoring agreements with Lead Counsel for this Action, as agreed in connection with Request No. 53, and Interrogatory No. 10.

We also appreciate your agreement to produce documents sufficient to show previous representations of Lead Plaintiffs by counsel in this case, per Request No. 52, and documents concerning any other relationships between Lead Plaintiffs and counsel in this case, per Request No. 60.  As we stated, we disagree that your production can be limited to merely the lawyers who have thus far entered an appearance in this case as opposed to the law firms themselves.  It is the law firms that Lead Plaintiffs retained, and it is therefore the relationship with the law firms that are relevant.  Please confirm that you will be producing this material.

In addition, Defendants' discovery requests seek information about Lead Plaintiffs' interests in Ryder "Securities," which is defined to include all stocks, notes, bonds, swaps, hedges, and any other instrument that is commonly known as a security or as providing the right to purchase or subscribe to said security.  *See* Defendants' First Set of Requests for Production to Lead Plaintiffs at 4-5; Defendants' First Set of Interrogatories to Lead Plaintiffs at 6-7; *see also* Requests Nos. 9, 10, 11, 12, 13, 14, 16, 17, 18, 19, 20, 21, 24, 26, 27, 29, 30, 61, and Interrogatory No. 9 (incorporating defined term).  To that end, Defendants' requests seek information not only about transactions by Lead Plaintiffs themselves, but also by any funds affiliated with Lead Plaintiffs.  *See* Requests Nos. 6, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 21, 24, and 27.  In your Responses and Objections and on our meet and confers, you took the position that Lead Plaintiffs would only produce information about purchases or sales of Ryder common stock, and only to the extent those purchases or sales were made on behalf of Lead Plaintiffs themselves.

That position is untenable.  Lead Plaintiffs cannot proceed as representatives of any shareholder class unless Lead Plaintiffs' interests are actually representative—that is, Lead Plaintiffs must

1

"possess the same interest and suffer the same injury as the class members." *East Texas Motor Freight System Inc.* v. *Rodriguez*, 431 U.S. 395, 403 (1977).  That is not the case if it turns out that the events alleged to have caused financial losses to the class actually benefited Lead Plaintiffs, regardless of whether the benefit is tied to the specific security that forms the alleged basis for the claims in the action, or tied to Lead Plaintiffs' direct investments or their investments through other funds.

As an example, *In re Grupo Televisa Securities Litigation*, a proposed class representative held a long position in Televisa's stock that suffered nearly $1 million in losses as a result of the alleged securities violation.  No. 18 CIV. 1979 (LLS), 2020 WL 3050550, at *7 (S.D.N.Y. June 8, 2020).  However, the same representative had an investment in a fund which held a short position in Televisa that resulted in a gain of roughly three times what the representative had lost in its own long position.  *Id.*  As a result, the court denied the representatives' motion for class certification on the basis that the "economic reality" that the "price drop which injured other class members enriched" the proposed representative and rendered it "not typical of the class."  *Id.* at *8.  Similarly, the court in *In re Bausch & Lomb Inc. Securities Litigation* denied lead plaintiff status to an investor that purchased common stock but sold more convertible bonds than it purchased and therefore benefited from the alleged artificially inflated prices at issue.  244 F.R.D. 169, 173 (W.D.N.Y. 2007); *see also Minpeco, S.A.* v. *Conticommodity Servs., Inc.*, 676 F. Supp. 486, 490 (S.D.N.Y. 1987) (denying lead plaintiff status to an entity whose losses in one security interest as a result of alleged manipulation at issue were "completely offset by profits gained" on another security interest in the same entity).

Accordingly, Lead Plaintiffs must produce responsive information related to Lead Plaintiffs' interests in all Ryder Securities, including interests through funds affiliated with Lead Plaintiffs, including in response to Requests Nos. 6, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 24, 26, 27, 29, 30, 61 and Interrogatory No. 9.  For the same reasons, Lead Plaintiffs' objections to Defendants' subpoenas to their investment managers are not an appropriate basis to limit the scope of production.

Finally, for information relating to Lead Plaintiffs' interests in Ryder Securities, Lead Plaintiffs proposed only producing information concerning transactions that occurred during the Class Period alleged in the Amended Complaint.  As we discussed in our meet and confer, Defendants will need information concerning Lead Plaintiffs' ownership of and transactions in Ryder Securities for at least the period January 1, 2011 through March 1, 2020 in light of the allegations in the Amended Complaint, which is consistent with the timeframe that Lead Plaintiffs have asked Defendants to employ in responding to certain of their requests.

Defendants reserve all rights, including with respect to the other issues raised in our meet and confers and that we agree are more appropriately addressed in connection with a negotiated search protocol.

Regards,
Wil

2

**From:** Beaye, Wilfred T., Jr.
**Sent:** Tuesday, August 23, 2022 4:48 PM
**To:** 'John Esmay' <John.Esmay@blbglaw.com>; Mathews de Carvalho
<Mathews.DeCarvalho@blbglaw.com>; Rizio-Hamilton, John (Bernstein Litowitz Berger &
Grossmann LLP) <johnr@blbglaw.com>; Adam Wierzbowski <Adam@blbglaw.com>
**Cc:** Winter, Steven <SWinter@wlrk.com>; Vaca, Carolyn T. <CTVaca@wlrk.com>
**Subject:** RE: Ryder - Meet and Confer

Thanks for your email, John.  I'm available on Thursday at that time.  I think it would be most efficient and productive to address the remaining items now so that we have the benefit of that for further discussions.  We, of course, do not intend to re-visit items we've already discussed, understanding that we both reserve our rights on those items.

Wil

**From:** John Esmay <John.Esmay@blbglaw.com>
**Sent:** Tuesday, August 23, 2022 7:44 AM
**To:** Mathews de Carvalho <Mathews.DeCarvalho@blbglaw.com>; Rizio-Hamilton, John (Bernstein Litowitz Berger & Grossmann LLP) <johnr@blbglaw.com>; Adam Wierzbowski <Adam@blbglaw.com>; Winter, Steven <SWinter@wlrk.com>; Beaye, Wilfred T., Jr. <WTBeaye@wlrk.com>
**Cc:** Vaca, Carolyn T. <CTVaca@wlrk.com>
**Subject:** RE: Ryder - Meet and Confer

*** EXTERNAL EMAIL ***

Wil, we are available to resume the meet and confer on Thursday after 4:15 pm.  I hope we can keep the discussion focused on our positions and objections that we have not already covered.  I'd also like to point out that many, perhaps even most of the issues in dispute may in fact be mute by the fact that our clients have delegated their investment authority to the relevant IMs. We pointed that out several times on our call, and as you observed many of your requests were drafted without the benefit of that information. We are happy to go over any major issues that we have not discussed yet, but we think that it is most efficient to resume our discussion over any particular concerns you have after we have discussed search terms and provided an initial production. That way we can have a concrete discussion about what you believe may be actually outstanding and avoid any disagreements that are only theoretical in nature.  Let us know if you agree with that approach.

Thanks, John

-----Original Appointment-----
**From:** Mathews de Carvalho <Mathews.DeCarvalho@blbglaw.com>
**Sent:** Monday, August 22, 2022 10:34 AM
**To:** Mathews de Carvalho; John Rizio-Hamilton; Adam Wierzbowski; John Esmay; Winter, Steven; Beaye, Wilfred T., Jr.

3

**Cc:** Vaca, Carolyn T.
**Subject:** Ryder - Meet and Confer
**When:** Monday, August 22, 2022 12:00 PM-2:00 PM (UTC-05:00) Eastern Time (US & Canada).
**Where:**

Mathews de Carvalho's Meeting Room:

First, click: https://meet.loopup.com/2nV4LHL

  Know who's on and who's speaking
  LoopUp calls your phone - no need to dial in
  And view when the leader shares their screen

Or, if you are offline, dial in:
(by joining, you agree to the privacy policy at loopup.com)
  Guest Dial-in Code: 2314033#
  USA: +1 (855) 633-2040
  Additional dial-in numbers:
  USA: +1 (855) 633-2040
  USA (Toll): +1 (312) 212-3078

Service provided by LoopUp

4