# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STATE OF ALASKA, ALASKA      )
PERMANENT FUND, THE CITY     )
OF FORT LAUDERDALE GENERAL   )
EMPLOYEES' RETIREMENT        )
SYSTEM, AND THE CITY OF      )
PLANTATION POLICE OFFICERS   )
PENSION FUND, ON BEHALF OF   )
ITSELF AND ALL OTHERS        )
SIMILARLY SITUATED,          )
                             )
            Plaintiffs,      )
                             ) CIVIL ACTION FILE
        vs.                  )
                             ) NO: 1:20-CV-22109-AMC
RYDER SYSTEM, INC., ROBERT   )
E. SANCHEZ, ART A. GARCIA,   )
AND DENNIS C. COOKE,         )
                             )
            Defendants.      )

VIDEOTAPED DEPOSITION OF AMY P. HUTTON, PH.D.

NEW YORK, NEW YORK

THURSDAY, FEBRUARY 2, 2023

(Reported Remotely)

REPORTED BY:  TANYA L. VERHOVEN-PAGE,
              CCR-B-1790

Deposition of Amy P. Hutton, Ph.D.                    State of Alaska, et al. v. Ryder System, Inc., et al.

but I have trouble imagining something in the fact discovery that would allow him to do the translation of the but-for residual values into their value implications for Ryder's stock price.  It would surprise me if there was something that would help him with that.

MR. WINTER:  Let's take a break now, if we.

THE WITNESS:  Okay.

MR. WINTER:  Do you want to say 2:35?

MR. WIERZBOWSKI:  Sure.

THE VIDEOGRAPHER:  The time is 2:26 p.m.  We're off the record.

(Brief pause.)

THE VIDEOGRAPHER:  We are back on the record.  The time is 2:39 p.m.

BY MR. WIERZBOWSKI:

Q    So, Dr. Hutton, I just wanted to follow up.

Is it -- is it possible for someone to develop a methodology to measure inflation in Ryder's stock price caused by the alleged misstatements here?

A    So I've not opined that it's not

Deposition of Amy P. Hutton, Ph.D.                    State of Alaska, et al. v. Ryder System, Inc., et al.

possible.  What I've opined is that Dr. Hartzmark has not provided an articulation of a methodology that can reliably measure inflation in this matter consistent with Plaintiffs' theory of liability.

Q    We talked a fair amount about the concept of parsing.  Turning to the concept of scaling.

What is your understanding of the potential methodologies an expert may use in order to scale the amount of inflation in a stock price over a class period?

MR. WINTER:  Objection.

THE WITNESS:  So what I highlight in my report is that -- in Section B of Part 5, is that Dr. Hartzmark has not provided us with a reliable methodology for measuring -- for using the stock price reaction at the alleged corrective disclosure dates to measure damages in this matter -- in this matter.  He's failed to establish that inflation can be reliably measured based on Ryder's stock price decline on the alleged corrective disclosure dates.  That's what I entitle Section B of Section 5 on Page 31.

And what that section is about is

Deposition of Amy P. Hutton, Ph.D.                    State of Alaska, et al. v. Ryder System, Inc., et al.

MR. WINTER:  Can you restate the question, please?

BY MR. WIERZBOWSKI:

Q     With respect to the February 13th, 2020 alleged corrective disclosure, is it your testimony that all of the news disclosed that day was previously disclosed to the market?

MR. WINTER:  Objection.

THE WITNESS:  So, I'm sorry.  I thought I answered it by pointing out that I wasn't just saying that the depreciation expense was potentially announced previously, but also that some of the alleged corrective disclosure regarding the losses from the used sales was timely in its disclosure.  Those are -- so I'm not saying it's all previously disclosed, but some of it may have been timely.

And also keep in mind that I'm not opining specifically when these were. I'm opining that Dr. Hartzmark failed to provide a reliable methodology to measure inflation dissipated on this day that can address the potential findings one, two,