# EXHIBIT 1

EXECUTION COPY

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| STATE OF ALASKA, ALASKA PERMANENT FUND, THE CITY OF FORT LAUDERDALE GENERAL EMPLOYEES' RETIREMENT SYSTEM, and THE CITY OF PLANTATION POLICE OFFICERS PENSION FUND, On Behalf of Themselves and All Others Similarly Situated, | Civil Action No. 1:20-cv-22109-AMC |
| *Plaintiffs*, | |
| v. | |
| RYDER SYSTEM, INC., ROBERT E. SANCHEZ, ART A. GARCIA, and DENNIS C. COOKE, | |
| *Defendants.* | |

### STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of May 19, 2023 (the "Stipulation")

is entered into between (a) Lead Plaintiffs State of Alaska, Alaska Permanent Fund; The City of

Fort Lauderdale General Employees' Retirement System; and The City of Plantation Police

Officers Pension Fund (collectively, "Lead Plaintiffs"), on behalf of themselves and the Settlement

Class (defined below); and (b) defendants Ryder System, Inc. ("Ryder" or the "Company"); and

Robert E. Sanchez; Art A. Garcia; and Dennis C. Cooke (collectively, the "Individual Defendants,"

and together with Ryder, "Defendants," and together with Lead Plaintiffs, the "Parties").  This

Stipulation embodies the terms and conditions of the settlement of the above-captioned action (the

"Action").[1]  Subject to the approval of the Court and the terms and conditions expressly provided

---

[1]  All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed
to them in ¶ 1 herein.

herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all Released Plaintiffs' Claims (defined below) against Defendants.

WHEREAS:

A. On May 20, 2020, a class action complaint, styled *Key West Police & Fire Pension Fund v. Ryder System, Inc. et al.*, Civil Action No. 1:20-cv-22109 (S.D. Fla.), was filed in the Court, asserting violations of federal securities laws. ECF No. 1. In accordance with the PSLRA, notice to the public was issued stating the deadline by which putative class members could move the Court for appointment as lead plaintiff.

B. On July 20, 2020, the State of Alaska, Alaska Permanent Fund; the City of Fort Lauderdale General Employees' Retirement System; and the City of Plantation Police Officers Pension Fund moved together for appointment as Lead Plaintiffs. ECF No. 22.

C. On August 3, 2020, the Court entered an Order which appointed the State of Alaska, Alaska Permanent Fund; the City of Fort Lauderdale General Employees' Retirement System; and the City of Plantation Police Officers Pension Fund as Lead Plaintiffs for the Action, and approved Lead Plaintiffs' selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel for the class. ECF No. 25.

D. On October 5, 2020, Lead Plaintiffs filed and served their Amended Complaint for Violations of the Federal Securities Laws (the "Complaint") asserting claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act. ECF No. 28.

E.      On December 4, 2020, Defendants filed a motion to dismiss the Complaint.  ECF No. 42.  On February 2, 2021, Lead Plaintiffs filed their opposition to Defendants' motion to dismiss (ECF No. 51), and on March 4, 2021, Defendants filed their reply.  ECF No. 62.  The Court held oral argument on Defendants' motion to dismiss the Complaint on April 7, 2021.  ECF No. 73.

F.      On May 12, 2022, the Court entered its Order denying Defendants' motion to dismiss the Complaint.  ECF No. 75.

G.      On June 16, 2022, Defendants filed their answer to the Complaint. ECF No. 79. Among other things, Defendants' answer denied Lead Plaintiffs' allegations of wrongdoing and asserted various defenses to the claims pled against Defendants.

H.      Discovery in the Action commenced in June 2022.  Lead Plaintiffs prepared and served initial disclosures, requests for production of documents, and interrogatories on Defendants, exchanged correspondence with Defendants concerning discovery issues over several months, and served document subpoenas on third parties.  In the course of discovery, Defendants produced more than one million pages of documents to Lead Plaintiffs in response to their discovery requests.

I.      On September 23, 2022, Lead Plaintiffs filed their motion for class certification, which was accompanied by a report from Lead Plaintiffs' expert, Dr. Michael L. Hartzmark, which opined that Ryder's common stock traded in an efficient market during the Class Period and that per-share damages could be measured for all Settlement Class Members using a common methodology.  ECF No. 90.  On December 16, 2022, Defendants filed their opposition to the class certification motion.  ECF No. 97.  An amended opposition was filed on January 4, 2023.  ECF No. 100.  Lead Plaintiffs filed reply papers in further support of their motion on February 17, 2023.

ECF No. 105.  Both Parties' experts were deposed in connection with the motion for class certification.  A hearing on Lead Plaintiffs' motion for class certification was scheduled for April 20, 2033.

       J.      In June 2022, the Court had ordered the Parties to engage in mediation to discuss the possibility of settlement (ECF No. 81), and the Parties subsequently agreed to retain Jed D. Melnick, Esq., of JAMS to act as mediator (the "Mediator") in the Action.  ECF No. 85.

       K.      On January 26, 2023, counsel for the Parties participated in a mediation session before the Mediator.  In advance of that session, the Parties exchanged and submitted detailed mediation statements and supporting exhibits to the Mediator.  At the mediation session, the Parties engaged in vigorous settlement discussions with the assistance of Mr. Melnick but were not able to reach an agreement.

       L.      The Parties conducted a second mediation session on March 28, 2023.  In advance of that session, Lead Plaintiffs submitted a supplemental mediation statement and Defendants prepared a responsive presentation.  At the second mediation session, the Parties once again engaged in vigorous settlement discussions with Mr. Melnick's assistance but were not able to reach an agreement.

       M.      Thereafter, the Mediator continued to engage in discussion with the Parties. Following those discussions, the Mediator proposed a recommendation that the Parties settle the Action for $45 million, which both sides accepted on a double-blind basis.  The Parties informed the Court of their agreement in principle to settle on April 18, 2023 and moved to adjourn the scheduled hearing on Lead Plaintiffs' class certification motion. ECF No. 109.  On April 19, 2023, the Court granted that motion.  ECF No. 110.

N.      This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties as to the terms of the Settlement.

O.      Based upon their investigation, prosecution, and mediation of the case, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Lead Plaintiffs and the other members of the Settlement Class, and in their best interests.  Based on Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, Lead Plaintiffs have agreed to settle and release the Released Plaintiffs' Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

P.      This Stipulation constitutes a compromise of all matters that are in dispute between the Parties.  Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation.  Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted.  Defendants expressly deny that Lead Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiffs of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiffs (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)     "Action" means the securities class action in the matter styled *State of Alaska et al. v. Ryder System, Inc. et al.*, Civil Action No. 1:20-cv-22109-AMC in the United States District Court for the Southern District of Florida.

(b)     "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation and where none of the Parties elects to terminate the Settlement by reason of such variance, consistent with the terms of this Stipulation.

(c)     "Authorized Claimant" means a Settlement Class Member who or which submits a Claim to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(d)     "CAFA" means the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.*

(e)     "Claim" means a paper claim submitted on a Proof of Claim Form or an electronic claim that is submitted to the Claims Administrator.

(f)     "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

(g)     "Claimant" means a person or entity who or which submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(h)     "Claims Administrator" means the firm retained by Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

(i)     "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(j)     "Class Period" means the period from July 23, 2015 through February 13, 2020, inclusive.

(k)     "Complaint" means the Amended Complaint for Violations of the Federal Securities Laws filed by Lead Plaintiffs in the Action on October 5, 2020.

(l)     "Court" means the United States District Court for the Southern District of Florida.

(m)     "Defendants" means Ryder and the Individual Defendants.

(n)     "Defendants' Counsel" means Wachtell, Lipton, Rosen & Katz and Gunster, Yoakley & Stewart, P.A.

(o)     "Defendants' Releasees" means (i) Defendants; (ii) Defendants' past or present, direct or indirect, parents, affiliates, subsidiaries, divisions, partnerships, limited liability companies, trusts, Immediate Family Members, successors, and predecessors (collectively,

7

"Defendant Affiliates"); (iii) all past or present officers, directors, employees, associates, agents, advisors (including financial or investment advisors), representatives, underwriters, investment bankers, members, partners, trustees, accountants, auditors, consultants, contractors, experts, insurers, reinsurers, and attorneys of Defendants and Defendant Affiliates; and (iv) the legal representatives, heirs, estates, executors, administrators, beneficiaries, predecessors, successors and assigns of any of the foregoing.

(p)    "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 37 of this Stipulation have been met and have occurred or have been waived.

(q)    "Escrow Account" means an account maintained at Citibank, N.A. wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel, subject to the Court's supervisory authority, for the benefit of Lead Plaintiffs and the Settlement Class in accordance with the terms of the Stipulation and any order of the Court.

(r)    "Escrow Agent" means Citibank, N.A.

(s)    "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(t)    "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for timely filing or noticing any such appeal; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the

denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs, or expenses, (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), or (iii) the procedures for accepting and determining the Claims of Authorized Claimants or paying said Claims, shall not in any way delay, affect, or preclude the Judgment or the Alternate Judgment, if applicable, from becoming Final.

(u)    "Immediate Family Members" means current and former spouses, children, stepchildren, parents, stepparents, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(v)    "Individual Defendants" means Robert E. Sanchez; Art A. Garcia; and Dennis C. Cooke.

(w)    "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement and dismissing the Action with prejudice.

(x)    "Lead Counsel" means the law firm of Bernstein Litowitz Berger & Grossmann LLP.

(y)    "Lead Plaintiffs" means State of Alaska, Alaska Permanent Fund; The City of Fort Lauderdale General Employees' Retirement System; and The City of Plantation Police Officers Pension Fund.

(z)    "Liaison Counsel" means the law firm of Klausner Kaufman Jensen & Levinson.

(aa)    "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action, for which Lead Counsel intends to apply to the Court for payment from the Settlement Fund.

(bb)    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court.

(cc)    "Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed or emailed to Settlement Class Members.

(dd)    "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with:  (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

(ee)    "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

(ff)    "Parties" means Defendants and Lead Plaintiffs, on behalf of themselves and the Settlement Class.

(gg)    "Plaintiffs' Counsel" means Lead Counsel and Liaison Counsel.

(hh)    "Plaintiffs' Releasees" (i) Lead Plaintiffs, all other plaintiffs in the Action, and all other Settlement Class Members; (ii) the past or present, direct or indirect, parents,

affiliates, subsidiaries, divisions, partnerships, limited liability companies, trusts, trustees, Immediate Family Members, attorneys (including Plaintiffs' Counsel), successors, and predecessors of any Settlement Class Member (including Lead Plaintiffs and all other plaintiffs in the Action) (collectively, "Class Member Affiliates"); (iii) all past or present officers, directors, employees, associates, agents, advisors (including financial or investment advisors), representatives, underwriters, investment bankers, members, partners, trustees, accountants, auditors, consultants, contractors, experts, insurers, reinsurers, and attorneys of any Settlement Class Member or any of the Class Member Affiliates; and (iv) the legal representatives, heirs, estates, executors, administrators, beneficiaries, predecessors, successors and assigns of any of the foregoing.

(ii)     "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(jj)     "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(kk)     "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(ll)     "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(mm)    "Released Defendants' Claims" means any and all claims, causes of action, demands, rights, liabilities, losses, obligations, duties, damages, diminutions in value, costs, debts, expenses, interest, penalties, fines, sanctions, fees, attorneys' fees, expert and consulting fees, actions, potential actions, suits, agreements, judgments, decrees, matters, issues, and controversies

of any kind, nature, or descriptions whatsoever, whether disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, contingent or non-contingent, known or unknown (including Unknown Claims), whether arising from or based on federal, state, local, foreign, statutory, regulatory, common, or any other law or rule, whether in law, in contract, or in equity, and regardless of legal theory, that have been asserted, could have been asserted, or could be asserted in the future in any forum that arise out of or relate to the institution, prosecution, or settlement of the claims against Defendants in the Action.  Released Defendants' Claims do not cover, include, or release: (i) claims relating to the enforcement of the Stipulation or the Settlement; (ii) any claims against any person or entity who or which submits a request for exclusion that is accepted by the Court; and (iii) any claims between Defendants' Releasees and their respective insurers.

(nn)    "Released Plaintiffs' Claims" means any and all claims, causes of action, demands, rights, liabilities, losses, obligations, duties, damages, diminutions in value, costs, debts, expenses, interest, penalties, fines, sanctions, fees, attorneys' fees, expert and consulting fees, actions, potential actions, suits, agreements, judgments, decrees, matters, issues, and controversies of any kind, nature, or descriptions whatsoever, whether disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, contingent or non-contingent, known or unknown (including Unknown Claims), whether arising from or based on federal, state, local, foreign, statutory, regulatory, common, or any other law or rule, whether class or individual in nature, in law, in contract, or in equity, and regardless of legal theory, that have been asserted, could have been asserted, or could be asserted in the future in any forum that (i) arise out of, are based upon,

or relate to the allegations, transactions, acts, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged, or referred to in the Complaint and (ii) arise out of, are based upon, or relate to the purchase, acquisition, sale, disposition, or holding of Ryder common stock purchased or otherwise acquired during the Class Period.  Released Plaintiffs' Claims do not cover, include, or release: (i) shareholder derivative claims on behalf of Ryder, including those claims asserted derivatively in *Campbell v. Sanchez, et al.*, Case No. 1:21-cv-20203-BB (S.D. Fla.); *Aleman v. Sanchez, et al.*, Case No. 1:21-cv-20539-BB (S.D. Fla.); *In re Ryder System, Inc. Stockholder Derivative Litigation*, No. 2020-013618-CA-01 (Fla. 11th Judicial Cir. Miami-Dade Cnty.); or any cases consolidated into any of the foregoing actions or any case into which any of the foregoing actions is or may be consolidated; or (ii) any claims relating to the enforcement of the Stipulation or the Settlement.

(oo)    "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

(pp)    "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

(qq)    "Ryder" or the "Company" means Ryder System, Inc.

(rr)    "Settlement" means the settlement between Lead Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation.

(ss)    "Settlement Amount" means $45,000,000 in cash.

(tt)    "Settlement Class" means all persons or entities who purchased or otherwise acquired publicly traded Ryder common stock during the Class Period, and were damaged thereby.  Excluded from the Settlement Class are: (i) Defendants; (ii) the Immediate Family Members of any Individual Defendant; (iii) present or former Officers and directors of Ryder and their Immediate Family Members; (iv) any parent, subsidiary, or affiliate of Ryder;

(v) any firm, trust, corporation, or other entity in which any Defendant or other excluded person or entity has, or had during the Class Period, a controlling interest; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded persons or entities. Also excluded from the Settlement Class are any persons or entities who would otherwise be Settlement Class Members but who validly and timely request exclusion in accordance with the requirements set by the Court in connection with the Settlement, or whose request for exclusion is otherwise accepted by the Court.

(uu)    "Settlement Class Member" means each person or entity who or which is a member of the Settlement Class.

(vv)    "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(ww)    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(xx)    "Summary Notice" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(yy)    "Taxes" means: (i) all federal, state, and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(zz)    "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, their, or its favor at the time of the release of the Released Plaintiffs' Claims, which, if known by him, her, their, or it, might have affected his, her, their, or its decision(s) with respect to the Settlement, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him or it, might have affected his or its decision(s) with respect to the Settlement.  Lead Plaintiffs and Defendants acknowledge, and the other Settlement Class Members by operation of law are deemed to acknowledge, that they may discover facts, legal theories, or authorities in addition to or different from those which he, she, their, or it now knows or believes to be true with respect to the Released Plaintiffs' Claims and the Released Defendants' Claims, but that it is the intention of Lead Plaintiff and Defendants, and by operation of law the other Settlement Class Members, to upon the Effective Date expressly, fully, finally, and forever settle, release, and extinguish any and all Released Plaintiffs' Claims and Released Defendants' Claims without regard to the subsequent discovery or existence of such additional or different facts, legal theories, or authorities.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

## CLASS CERTIFICATION

2.      Solely for purposes of the Settlement and for no other purpose, the Parties stipulate and agree to:  (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Lead Plaintiffs as Class Representatives for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement Class and Liaison Counsel as Liaison Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.  The certification of the Settlement Class shall be binding only with respect to the Settlement of the Action and only if the Judgment, or, if applicable, Alternate Judgment, contemplated by this Stipulation becomes Final and the Effective Date occurs.  This Stipulation is not and shall not be construed as evidence or an admission that any non-Settlement Class is or would have been consistent with Rule 23 of the Federal Rules of Civil Procedure, and is without prejudice to Defendants' right to contest class certification if the Settlement is not approved by the Court, is terminated or cancelled, or fails to become effective for any reason.

## PRELIMINARY APPROVAL OF SETTLEMENT

3.      Following the execution of this Stipulation, Lead Plaintiffs will move for preliminary approval of the Settlement, authorization to provide notice of the Settlement to the Settlement Class, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants.  Concurrently with the motion for

preliminary approval, Lead Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## **RELEASE OF CLAIMS**

4.      The obligations incurred pursuant to this Stipulation are in consideration of:  (a) the full and final disposition of the Action as against Defendants; (b) the Releases provided for herein; and (c) all other terms contained herein.

5.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date, Lead Plaintiffs and each of the other Settlement Class Members (whether or not such person submitted a Claim Form or shares in the Net Settlement Fund), on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Settlement Class Member, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment or the Alternate Judgment, if applicable, shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every Released Plaintiffs' Claim (including, without limitation, any Unknown Claims) against Defendants and all of the Defendants' Releasees, and shall forever be barred and enjoined, to the fullest extent permitted by law, from asserting, commencing, instituting, maintaining, prosecuting, or continuing to prosecute any and all of the Released Plaintiffs' Claims against any and all of the Defendants' Releasees in this Action or in any other proceeding.

6.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their

17

capacities as such, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of any Defendant, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment or the Alternate Judgment, if applicable, shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every Released Defendants' Claim (including, without limitation, any Unknown Claims) against Lead Plaintiffs and all of the Plaintiffs' Releasees, and shall forever be barred and enjoined, to the fullest extent permitted by law, from asserting, commencing, instituting, maintaining, prosecuting, or continuing to prosecute any and all of the Released Defendants' Claims against any and all of the Plaintiffs' Releasees in this Action or in any other proceeding.

7.      Lead Plaintiffs and Lead Counsel covenant and agree not to assist any person from asserting, commencing, instituting, maintaining, prosecuting, or continuing to prosecute any suit asserting any Released Plaintiffs' Claims.

8.      The terms of 15 U.S.C. §78u-4(f)(7) shall apply to this Settlement, pursuant to which each Defendant shall be discharged from all claims for contribution brought by other persons or entities.  In accordance with 15 U.S.C. §78u-4(f)(7), the Judgment, or the Alternate Judgment, if applicable, shall include a bar order constituting the final discharge of all obligations to any Settlement Class Member of each of the Defendants arising out of the Action or any of the Released Plaintiffs' Claims and, upon the Effective Date, shall bar, extinguish, discharge, satisfy, and render unenforceable all future claims for contribution arising out of the Action or any of the Released Plaintiffs' Claims (a) by any person or entity against any Defendant; and (b) by any Defendant against any person or entity other than any person or entity whose liability has been

extinguished by the Settlement.  For the avoidance of doubt, nothing in this Stipulation shall apply to bar or otherwise affect any claim for insurance coverage by any Defendant.

9.     Notwithstanding ¶¶ 5-8 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall release or bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

10.     In consideration of the settlement of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, Defendants shall cause the Settlement Amount to be paid into the Escrow Account within fifteen (15) business days of the later of: (a) the date of entry by the Court of an order preliminarily approving this Settlement; or (b) Defendants' Counsel's receipt from Lead Counsel of the information necessary to effectuate a transfer of funds to the Escrow Account, including check payee and mailing address; wiring instructions that include the bank name and ABA routing number, account name, and account number; and a signed Form W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited.

11.     The Settlement Amount is an all-in number, meaning it shall include, among other things, payment for all Plaintiffs' Counsel's attorneys' fees and expenses, Settlement Class Member benefits, Notice and Administration Costs, and any reimbursement of Lead Plaintiffs' time and expenses pursuant to the PSLRA, as well as any other costs, expenses, or fees of any kind whatsoever associated with the Settlement; provided, however, that any costs associated with Ryder providing its record holders list, as provided in ¶ 24 below, and any costs associated with serving and administering the CAFA notice, as provided in ¶ 25 below, shall be borne by Defendants.  The Defendants' Releasees shall have no obligation whatsoever to pay any additional

amounts beyond the Settlement Amount.  There will be no responsibility, obligation, or liability on the part of any Defendants' Releasee other than Defendants and/or Defendants' insurers to pay any portion of the Settlement Amount.

12.     The Defendants and all other Defendants' Releasees shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or distributions or other payments from the Escrow Account; or any Tax reporting or the filing of any federal, state, or local Tax returns with respect to the Settlement Fund or the Escrow Account; or (vii) the payment of any Notice and Administration Costs.

## USE OF SETTLEMENT FUND

13.     The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 23-35 below.

14.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction

of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC.  In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or invested in instruments backed by the full faith and credit of the United States.  Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or invested in instruments backed by the full faith and credit of the United States.

15.    The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  Defendants' Releasees shall not have any liability or responsibility for any such Taxes.  Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are

necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

16.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Lead Counsel and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes, as described herein.

17.     The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount, including, without limitation, Defendants' insurance carriers, shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claims submitted, the collective amount of Recognized Claims of Authorized Claimants (as defined in the Plan of Allocation), the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

18.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable up to the sum of $1,000,000.  For the avoidance of doubt, the $1,000,000 is

part of the Settlement Amount and not a separate amount.  Prior to the Effective Date, all such Notice and Administration Costs in excess of $1,000,000 may be paid from the Settlement Fund only with prior approval of the Court.  Following the Effective Date, Lead Counsel may pay from the Settlement Fund reasonable Notice and Administration Costs as incurred, without further approval of the Court.  Such Notice and Administration Costs shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

19.     Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid solely from (and out of) the Settlement Fund.  Lead Counsel will also apply to the Court for payment of Litigation Expenses to be paid solely from (and out of) the Settlement Fund.  Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiffs other than what is set forth in this Stipulation.

20.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid promptly to Lead Counsel upon entry of both the Judgment approving the Settlement and the order awarding such fees and expenses, notwithstanding the existence of any timely filed

objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Plaintiffs' Counsel's joint and several obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final.  Plaintiffs' Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final.  An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein.  Neither Lead Plaintiffs nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses, and any appeal from any order awarding attorneys' fees and/or Litigation Expenses or any reversal or modification of any such order shall not affect or delay the finality of the Judgment or Alternate Judgment.

21.     Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

22.     Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely from the Settlement Fund.  With the sole exception of Defendants' obligation to cause the Settlement

Amount to be paid into the Escrow Account pursuant to ¶ 10 above, Defendants' Releasees shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees and/or Litigation Expenses to Plaintiffs' Counsel pursuant to this Stipulation, or for any other attorneys' fees and/or Litigation Expenses incurred by or on behalf of any other Settlement Class Member in connection with this Action or the Settlement.

<u>**NOTICE AND SETTLEMENT ADMINISTRATION**</u>

23.     As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of a Claims Administrator.  The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court.  Other than Ryder's obligation to provide its record holders list as provided in ¶ 24 below, none of the Defendants, nor any of the other Defendants' Releasees, shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiffs, any other Settlement Class Members, or Lead Counsel in connection with the foregoing.  Defendants and Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

24.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Notice and Claim Form to those Settlement Class Members as may be identified through reasonable effort.  Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.  For the purposes of

identifying and providing notice to the Settlement Class, within seven (7) business days after entry of the Court's order preliminarily approving the Settlement, Ryder, at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator, shall provide or cause to be provided to Lead Counsel or the Claims Administrator in electronic format a list of record holders of Ryder common stock during the Class Period as set forth in the records of Ryder's transfer agent (consisting of names, mailing addresses, and, if available, email addresses, in each case to the extent such information is reasonably available and maintained by the transfer agent).

25.    No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under CAFA.  Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.  At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.

26.    The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

27.    The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court.  Lead Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any

appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Defendants and the other Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action. No Defendant, or any of the other Defendants' Releasees, shall have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation.

28.     Any Settlement Class Member who or which does not submit a valid Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or the Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

29.     Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, or any other Defendants' Releasee, shall be permitted to review, contest, or object to any Claim, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment. Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

30.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, or in electronic form, in

accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)     All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice.  Any Settlement Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by order of the Court such Settlement Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiffs' Claim.  Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)     Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)     Claims that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the

Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

   (e) If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

  31. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

  32. Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the

Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

33.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants.  All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

34.     No person or entity shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, or any other agent designated by Lead Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Lead Plaintiffs and Defendants, and their respective counsel, and Lead Plaintiffs' damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

35.     All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the

Court. All Settlement Class Members, other Claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## **TERMS OF THE JUDGMENT**

36.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B, approving the Settlement and dismissing the Action with prejudice.

## **CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION**

37.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto;

(b)     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 10 above;

(c)     the Defendants have not exercised their options to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement);

(d)     Lead Plaintiffs have not exercised their options to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)     the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and (i) entered the Judgment and the Judgment has become Final, or (ii) the Court has

entered an Alternate Judgment with the consent of all Parties and the Alternate Judgment has become Final.

38.    In the event the Court declines to enter the Preliminary Approval Order in substantially the form of Exhibit A attached hereto, or the Judgment in substantially the form of Exhibit B hereto, the Parties agree to meet and confer in good faith to negotiate concerning modification of the Stipulation, notices, Proof of Claim Form, Preliminary Approval Order, and/or Judgment.

39.    Upon the occurrence of all of the events referenced in ¶ 37 above, any and all remaining interest or right of Defendants or their insurance carriers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

40.    If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)    The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

(b)    Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of April 18, 2023.

(c)    The terms and provisions of this Stipulation, with the exception of this ¶ 40 and ¶¶ 18, 20, 45, 66, and 67 of this Stipulation, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)     Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon, and change in value as a result of the investment of the Settlement Fund, and any funds received by Lead Counsel consistent with ¶ 20 above), less any Notice and Administration Costs actually incurred, paid, or payable and less any Taxes paid, due, or owing shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct).  In the event that the funds received by Lead Counsel consistent with ¶ 20 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 20 above.

41.     Lead Plaintiffs and Defendants shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Eleventh Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Eleventh Circuit or the United States Supreme Court, and the provisions of ¶ 40 above shall apply. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for an award of attorneys' fees or Litigation Expenses or with respect to any plan

of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

42.     In addition to the grounds set forth in ¶ 41 above, Defendants shall have the right to terminate the Settlement and this Stipulation in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in Defendants' confidential supplemental agreement with Lead Plaintiffs (the "Supplemental Agreement"), in accordance with the terms of that agreement.  The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary as agreed by the Parties, or as otherwise provided in the Supplemental Agreement) unless the Court otherwise directs or a dispute arises between Lead Plaintiffs and Defendants concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court in camera and request that the Court afford it confidential treatment.

43.     In addition to the grounds set forth in ¶ 41 above, Lead Plaintiffs shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid as provided for in ¶ 10 above, but only if (a) Lead Counsel has first notified Defendants' Counsel in writing of Lead Plaintiffs' intent to terminate pursuant to this paragraph, and (b) the entire Settlement Amount is not deposited in the Escrow Account within five (5) business days after Lead Counsel has provided such written notice.

## NO ADMISSION OF WRONGDOING

44.     Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any other of the Defendants' Releasees, with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. Defendants expressly deny that Lead Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.

45.     Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation and the Settlement, nor any proceedings, communications, drafts, documents, or agreements taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees, or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)     shall be offered against any of the Plaintiffs' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

provided, however, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## **MISCELLANEOUS PROVISIONS**

46.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

47.     Defendants warrant that, as to the payments made or to be made on behalf of them, at the time of entering into this Stipulation and at the time of such payment (a) Defendants (and to the best of Defendants' knowledge their insurers and any other persons or entities contributing to

the payment of the Settlement Amount), were not insolvent; and (b) the payment required to be made by or on behalf of Defendants has not and will not render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof. This representation is made by each of the Defendants and not by their counsel.

48.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiffs, Lead Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the Releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 40 above and any cash amounts in the Settlement Fund (less any Taxes paid, due, or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid, or payable) shall be returned as provided in ¶ 40 above.

49.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiffs and any other Settlement Class Members against the Defendants' Releasees with respect to the Released Plaintiffs' Claims.  No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action.  The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process

supervised and conducted by Jed D. Melnick, Esq. of JAMS, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

50.    The Parties agree that there will be no public announcements regarding the Settlement until the announcement or disclosure of this Settlement by Ryder.  Following such announcement or disclosure by Ryder, the Parties agree that any public comments from the parties regarding the Settlement, other than any disclosures required by law, will not substantially deviate from words to the effect that the Parties have reached a mutually acceptable resolution by way of a mediated settlement and that both sides are satisfied with this resolution.  For the avoidance of doubt, nothing in this Paragraph shall prevent the Parties from making the Court filings necessary to effectuate the Settlement.

51.    In all events, Lead Plaintiffs and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

52.    The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Lead Plaintiffs and Defendants (or their successors-in-interest).

53.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

54.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the

purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

55.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

56.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Lead Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits, or the Supplemental Agreement other than those contained and memorialized in such documents.

57.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

58.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

59.     The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate it shall be governed by the internal laws of the State of Florida without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

60.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court, except an action, claim, or counterclaim to enforce the Releases may be maintained in another forum.

61.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

62.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

63.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

64.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

| If to Lead Plaintiffs or Lead Counsel: | BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP |
|---|---|
| | Attn:   John Rizio-Hamilton |
| | Adam Wierzbowski |
| | Jesse Jensen |
| | 1251 Avenue of the Americas |
| | New York, NY 10020 |
| | Tel: (212) 554-1400 |
| | Fax: (212) 554-1444 |
| | Email: johnr@blbglaw.com |
| | Email: adam@blbglaw.com |
| | Email: jesse.jensen@blbglaw.com |
| If to Defendants or Defendants' Counsel: | WACHTELL, LIPTON, ROSEN & KATZ |
| | Attn:   Steven Winter |
| | 51 West 52nd Street |
| | New York, NY 10019 |
| | Tel: (212) 403-1000 |
| | Fax: (212) 403-2000 |
| | Email: swinter@wlrk.com |

65.     Except as otherwise provided herein, each Party shall bear its own costs.

66.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential, except where disclosure may be required by law.

67.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

68.     The Parties agree that pending final determination of whether the Settlement should be finally approved, all aspects of the Action between the Parties will remain stayed except for activities related to the approval or enforcement of the Settlement, and all Settlement Class Members shall be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees.  Lead Counsel will also promptly withdraw any still-pending subpoenas in this Action without prejudice.

69.    No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

70.    Unless otherwise provided, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of May 19, 2023.

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

By: _____
John Rizio-Hamilton
Adam Wierzbowski
Jesse Jensen
John Esmay
Mathews R. de Carvalho
Emily A. Tu
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444
Email: johnr@blbglaw.com
Email: adam@blbglaw.com
Email: jesse.jensen@blbglaw.com
Email: john.esmay@blbglaw.com
Email: mathews.decarvalho@blbglaw.com
Email: emily.tu@blbglaw.com

*Lead Counsel for Lead Plaintiffs and the Settlement Class*

**WACHTELL, LIPTON, ROSEN & KATZ**

By: _____
        Steven Winter
William Savitt
51 West 52nd Street
New York, NY 10019
Tel: (212) 403-1000
Fax: (212) 403-2000
Email: wdsavitt@wlrk.com
Email: swinter@wlrk.com

*Counsel for Defendants*

# EXHIBIT A

Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

---

STATE OF ALASKA, ALASKA
PERMANENT FUND, THE CITY OF FORT
LAUDERDALE GENERAL EMPLOYEES'
RETIREMENT SYSTEM, and THE CITY
OF PLANTATION POLICE OFFICERS
PENSION FUND, On Behalf of Themselves
and All Others Similarly Situated,

     *Plaintiffs*,

           v.

RYDER SYSTEM, INC., ROBERT E.
SANCHEZ, ART A. GARCIA, and DENNIS
C. COOKE,

     *Defendants*.

Civil Action No. 1:20-cv-22109-AMC

---

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT**
**AND AUTHORIZING DISSEMINATION OF NOTICE OF SETTLEMENT**

WHEREAS, a securities class action is pending in this Court entitled *State of Alaska et al. v. Ryder System, Inc. et al.*, Civil Action No. 1:20-cv-22109-AMC (the "Action");

WHEREAS, (a) Lead Plaintiffs State of Alaska, Alaska Permanent Fund; The City of Fort Lauderdale General Employees' Retirement System; and The City of Plantation Police Officers Pension Fund (collectively, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) defendants Ryder System, Inc. ("Ryder" or the "Company"); and Robert E. Sanchez; Art A. Garcia; and Dennis C. Cooke (collectively, the "Individual Defendants," and together with Ryder, "Defendants," and together with Lead Plaintiffs, the "Parties") have determined to settle and dismiss with prejudice all claims asserted in this Action on the terms and

conditions set forth in the Stipulation and Agreement of Settlement, dated as of May 19, 2023 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiffs have made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to the Settlement Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.     **Proposed Class Certification for Settlement Purposes** – The Parties have proposed the certification of the following Settlement Class pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure for the purpose of effectuating the proposed Settlement only: all persons or entities who purchased or otherwise acquired publicly traded Ryder common stock during the period from July 23, 2015 through February 13, 2020, inclusive (the "Class Period"), and were damaged thereby.  Excluded from the Settlement Class are: (i) Defendants; (ii) the Immediate Family Members of any Individual Defendant; (iii) present or former Officers and directors of Ryder and their Immediate Family Members; (iv) any parent, subsidiary, or affiliate of Ryder; (v) any firm, trust, corporation, or other entity in which any Defendant or other excluded person or entity has, or had during the Class Period, a controlling interest; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded

persons or entities.  Also excluded from the Settlement Class are any persons or entities who would otherwise be Settlement Class Members but who validly and timely request exclusion in accordance with the requirements set by the Court in connection with the Settlement, or whose request for exclusion is otherwise accepted by the Court.

2.      **Class Findings** – The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Settlement Class for purposes of the proposed Settlement.  Specifically, and solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met:  (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.      The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, that it will likely be able to certify Lead Plaintiffs State of Alaska, Alaska Permanent Fund; The City of Fort Lauderdale General Employees' Retirement System; and The City of Plantation Police Officers Pension Fund as Class Representatives for the Settlement Class, and appoint Lead Counsel Bernstein Litowitz Berger & Grossmann LLP as Class Counsel for the Settlement Class and Liaison Counsel Klausner Kaufman Jensen & Levinson as Liaison Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.        **<u>Preliminary Approval of the Settlement</u>** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.        **<u>Settlement Hearing</u>** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2024, at __:__ .m., either in person at the United States District Court for the Southern District of Florida, Courtroom 4008 of the Alto Lee Adams, Sr. United States Courthouse, 101 South U.S. Highway 1, Fort Pierce, Florida 34950, or by telephone or videoconference (in the discretion of the Court), for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (b) to determine whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Settlement Class; Lead Plaintiffs should be certified as Class Representatives for the Settlement Class; Lead Counsel should be appointed as Class Counsel for the Settlement Class; and Liaison Counsel should be appointed as Liaison Class Counsel for the Settlement Class; (c) to determine whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation should be granted; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the

Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.      The Court may adjourn the Settlement Hearing or decide to hold the Settlement Hearing telephonically or by videoconference without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7.      **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain JND Legal Administration (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)      not later than seven (7) business days after the date of entry of this Order, Ryder, at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator, shall provide or cause to be provided to Lead Counsel or the Claims Administrator in electronic format a list of record holders of Ryder common stock during the Class Period as set forth in the records of Ryder's transfer agent (consisting of names, mailing addresses, and, if available, email addresses, in each case to the extent such information is reasonably available and maintained by the transfer agent);

(b)      not later than twenty (20) business days after the date of entry of this Order (such date that is twenty (20) business days after the date of entry of this Order, the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail and emailed to potential Settlement Class Members at the mail and email addresses set

forth in the records provided by Ryder or in the records which Ryder caused to be provided, or which otherwise may be identified through further reasonable effort;

(c)     contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement (the "Settlement Website"), from which copies of the Notice and Claim Form can be downloaded;

(d)     not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in the *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(e)     not later than thirty-five (35) calendar days after the Claim-Filing Deadline (as defined under paragraph 11 below), Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.      **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, of their right to exclude themselves

6

from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq*., as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9.      **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired publicly traded Ryder common stock during the Class Period shall:  (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners and email them to those beneficial owners for which they have email addresses; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Claims Administrator, in which event the Claims Administrator shall promptly mail and email the Notice Packet to such beneficial owners.  Upon full compliance with this Order, such nominees may seek payment of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10.    **CAFA Notice** – As provided in the Stipulation, on July 17, 2023, Defendants served on Lead Counsel and filed with the Court a declaration regarding compliance with the notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA").  *See* ECF Nos. 113 & 113-1.

11.    **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked, or submitted online via the Settlement Website, no later than one hundred eighty (180) calendar days after the Notice Date (the "Claim-Filing Deadline").  Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, their, or its Claim and the subject matter of the Settlement.

12.    Each Claim Form submitted must satisfy the following conditions:  (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, their, or its current authority to act on behalf of the Settlement Class Member must be included in

8

the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

13.     Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, their, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 11 above.

14.     **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself, theirself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than the Claim-Filing Deadline (i.e., no later than one hundred eighty (180) calendar days after the Notice Date), to the Claims Administrator at the following address: Ryder System Securities Litigation, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91062, Seattle, WA 98111, and (b) each request for exclusion must (1) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the

name and telephone number of the appropriate contact person; (2) state that such person or entity "requests exclusion from the Settlement Class in *State of Alaska et al. v. Ryder System, Inc. et al.*, Civil Action No. 1:20-cv-22109-AMC"; (3) state the number of shares of publicly traded Ryder common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on July 23, 2015, and (B) purchased/acquired and/or sold during the period from July 23, 2015 through May 13, 2020, inclusive, as well as the date, number of shares, and price of each such purchase/acquisition and sale transaction; and (4) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.  Lead Counsel is authorized to request from any person or entity requesting exclusion documentation sufficient to prove the information called for above, or additional transaction information or documentation regarding his, her, their, or its holdings and trading in Ryder common stock.

15.    Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

16.    Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order:  (a) shall be deemed to have waived his, her, their, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment

10

or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

17.     **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who or which does not request exclusion from the Settlement Class has the option to enter an appearance in the Action through counsel of his, her, their, or its own choice, at his, her, their, or its own expense. Counsel seeking to appear in the Action on behalf of any Settlement Class Member must file a Notice of Appearance on the Court's docket, such that it is received no later than the Claim-Filing Deadline (i.e., no later than one hundred eighty (180) calendar days after the Notice Date), or as the Court may otherwise direct.  Pro se litigants do not need to file a Notice of Appearance to appear or be heard in this Action.

18.     Any Settlement Class Member who or which does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and appear and show cause, if he, she, they, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for an award of attorneys' fees and Litigation Expenses unless that person or entity has mailed his, her, their, or its objection such that it is received no later than the Claim-Filing Deadline (i.e., no later than one hundred eighty (180) calendar days after the Notice Date), to the Claims Administrator at the following address: Ryder

System Securities Litigation, OBJECTIONS, c/o JND Legal Administration, P.O. Box 91062, Seattle, WA 98111.  No later than thirty-five (35) calendar days after the Claim-Filing Deadline, the Claims Administrator shall transmit any such objections in a single filing (with attachments) to the Court.

19.     Any objections, filings, and other submissions by the objecting Settlement Class Member must include:  (a) the name of this proceeding, *State of Alaska et al. v. Ryder System, Inc. et al.*, Civil Action No. 1:20-cv-22109-AMC; (b) the objector's full name, current address, and telephone number; (c) the objector's signature; (d) a statement providing the specific reasons for the objection, including a detailed statement of the specific legal and factual basis for each and every objection and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (e) documents sufficient to prove membership in the Settlement Class, including documents showing the number of shares of publicly traded Ryder common stock that the objecting Settlement Class Member (1) owned as of the opening of trading on July 23, 2015 and (2) purchased/acquired and/or sold during the period from July 23, 2015 through February 13, 2020, inclusive, as well as the date, number of shares, and price of each such purchase/acquisition and sale transaction.  The documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  Lead Counsel is authorized to request from any objector additional transaction information or documentation regarding his, her, their, or its holdings and trading in Ryder common stock.

20.     Any counsel who wishes to be heard orally at the Settlement Hearing on behalf any Settlement Class Member in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses must file a Notice of Appearance with the Court so that it is received no later than the Claim-Filing Deadline (i.e., no later than one hundred eighty (180) calendar days after the Notice Date). Objectors who enter an appearance through counsel and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or Notice of Appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

21.     The Claims Administrator shall collect and compile any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and, no later than thirty-five (35) calendar days after the Claim-Filing Deadline, file a single Notice of Objections on the CM/ECF docket, with relevant attachments, in an organized and labeled manner.

22.     Any Settlement Class Member who or which does not make his, her, their, or its objection in the manner provided herein shall be deemed to have waived his, her, their, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

23.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, pending final determination of whether the Settlement should be finally approved, all proceedings in the Action shall remain stayed except for activities related to the approval or enforcement of the Settlement.  Pending final determination of whether the Settlement should be finally approved, the Court bars and enjoins all Settlement Class Members from prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

24.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

25.     **Settlement Fund** – The contents of the Settlement Fund held by Citibank, N.A. (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

26.     **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

27.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without

prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of April 18, 2023, as provided in the Stipulation.

28.     **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation and the Settlement, nor any proceedings, communications, drafts, documents, or agreements taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees, or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as

against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

29.   **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses no later than twenty-one (21) calendar days prior to the Claim-Filing Deadline; and reply papers, if any, shall be filed and served no later than thirty-five (35) calendar days after the Claim-Filing Deadline.

30.   **Jurisdiction** – The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____ 2023.

_____
The Honorable Aileen M. Cannon
United States District Judge

16

# EXHIBIT A-1

Exhibit A-1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

---

STATE OF ALASKA, ALASKA
PERMANENT FUND, THE CITY OF FORT
LAUDERDALE GENERAL EMPLOYEES'
RETIREMENT SYSTEM, and THE CITY
OF PLANTATION POLICE OFFICERS
PENSION FUND, On Behalf of Themselves
and All Others Similarly Situated,

        *Plaintiffs*,

        v.

RYDER SYSTEM, INC., ROBERT E.
SANCHEZ, ART A. GARCIA, and DENNIS
C. COOKE,

        *Defendants*.

Civil Action No. 1:20-cv-22109-AMC

---

## NOTICE OF (I) PENDENCY OF CLASS ACTION AND
## PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING;
## AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

### *A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Southern District of Florida (the "Court"), if, during the period from July 23, 2015 through February 13, 2020, inclusive (the "Class Period"), you purchased or otherwise acquired the publicly traded common stock of Ryder System, Inc. ("Ryder" or the "Company"), and were damaged thereby.[1]

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiffs State of Alaska, Alaska Permanent Fund; The City of Fort Lauderdale General Employees' Retirement System; and The City of Plantation Police Officers Pension Fund ("collectively, "Lead Plaintiffs"),

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated as of May 19, 2023 (the "Stipulation"), which is available at www.RyderSystemSecuritiesLitigation.com.

on behalf of themselves and the Settlement Class (as defined in ¶ 26 below), have reached a proposed settlement of the Action for $45,000,000 in cash.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Office of the Clerk of the Court, Defendants, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 70 below).**

1. **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors, alleging, among other things, that Ryder and certain of Ryder's current and former senior executives (together with Ryder, the "Defendants") violated the federal securities by making materially false and misleading statements and omissions concerning Ryder's financial performance and the value of its core assets. A more detailed description of the Action is set forth in ¶¶ 11-25 below. As noted below, Defendants have denied and continue to deny all claims and allegations of wrongdoing asserted against them in the Action. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in ¶ 26 below.

2. **Statement of the Settlement Class's Recovery:** Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for $45,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (i.e., the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court. The proposed plan of allocation (the "Plan of Allocation") is attached hereto as Appendix A.

3. **Estimate of Average Amount of Recovery Per Share:** Based on the estimated number of shares of Ryder common stock purchased or otherwise acquired during the Class Period that may have been affected by the alleged conduct at issue in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) is $0.68 per affected share of Ryder common stock. **Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate.** Settlement Class Members may recover more or less than this estimated amount depending on, among other factors: (i) when and the price at which they purchased/acquired shares of Ryder common stock; (ii) whether they sold their shares of Ryder common stock and, if so, when; and (iii) the total number and value of valid Claims submitted to participate in the Settlement. Distributions to Settlement Class Members will be made based on the Plan of Allocation attached to this Notice as Appendix A or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal

2

securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5.   **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel[2] have been prosecuting the Action on a wholly contingent basis since its inception in 2020, have not received any payment of attorneys' fees for their representation of the Settlement Class, and have advanced the funds to pay expenses necessarily incurred to institute, prosecute, and settle this Action. Court-appointed Lead Counsel will apply to the Court for an award of attorneys' fees for Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund, net of Litigation Expenses, or $11,126,521.40 plus interest earned at the same rate as the Settlement Fund. In addition, Lead Counsel will apply for payment of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action in the amount of $493,914.39. Any fees and expenses awarded by the Court will be paid from the Settlement Fund immediately upon award by the Court. Settlement Class Members are not personally liable for any such fees or expenses. The estimated average cost for such fees and expenses, if the Court approves Lead Counsel's fee and expense application, is $0.18 per affected share of Ryder common stock.

6.   **Identification of Attorneys' Representative:** Lead Plaintiffs and the Settlement Class are represented by John Rizio-Hamilton, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York, NY 10020; 800-380-8496; settlements@blbglaw.com.

7.   **Reasons for the Settlement:** Lead Plaintiffs' principal reason for entering into the Settlement is the substantial and certain recovery for the Settlement Class without the risk or the delays inherent in further litigation, including through summary judgment, trial, and any appeals. Moreover, the substantial recovery provided under the Settlement must be considered against the significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny that they have committed any act or omission giving rise to liability under the federal securities laws, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** *POSTMARKED* **(IF MAILED), OR** *SUBMITTED ONLINE*, **NO LATER THAN [_____], 2024.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 35 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 36 below), so it is in your interest to submit a Claim Form. |

[2] "Plaintiffs' Counsel" consist of Lead Counsel Bernstein Litowitz Berger & Grossmann LLP and Liaison Counsel Klausner, Kaufman, Jensen & Levinson, P.A.

3

| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN [_____], 2024.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that potentially allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
|---|---|
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN [_____], 2024.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for an award of attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON [_____], 2024, AT [__:__] [__].M.** | If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice?                                                                         Page [___]
What Is This Case About?                                                                           Page [___]
How Do I Know If I Am Affected By The Settlement?  Who Is Included
  In The Settlement Class?                                                                         Page [___]
What Are Lead Plaintiffs' Reasons For The Settlement?                                              Page [___]
What Might Happen If There Were No Settlement?                                                     Page [___]
How Are Settlement Class Members Affected By The Action And
  The Settlement?                                                                                  Page [___]
How Do I Participate In The Settlement?  What Do I Need To Do?                                     Page [___]
How Much Will My Payment Be?                                                                       Page [___]
What Payment Are The Attorneys For The Settlement Class Seeking?
     How Will The Lawyers Be Paid?                                                                 Page [___]
What If I Do Not Want To Be A Member Of The Settlement Class?
     How Do I Exclude Myself?                                                                      Page [___]

Questions? Visit www.RyderSystemSecuritiesLitigation.com, call 877-381-0372, or email
info@RyderSystemSecuritiesLitigation.com

When And Where Will The Court Decide Whether To Approve The
  Settlement?  Do I Have To Come To The Hearing?  May I Speak At
  The Hearing If I Don't Like The Settlement?                              Page [___]
What If I Bought Shares On Someone Else's Behalf?                          Page [___]
Can I See The Court File? Whom Should I Contact If I Have Questions?       Page [___]
Proposed Plan Of Allocation Of Net Settlement Fund Among Authorized
  Claimants                                                               Appendix A

| WHY DID I GET THIS NOTICE? |
|:---:|

8.     The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired publicly traded Ryder common stock during the Class Period.  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.     The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses (the "Settlement Hearing").  *See* ¶¶ 60-61 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

| WHAT IS THIS CASE ABOUT? |
|:---:|

11.    Ryder is a provider of transportation and supply chain management solutions, with a significant portion of the Company's revenue coming from its Fleet Management Solutions (FMS) business, which mainly provides truck and tractor leasing services.  The claims alleged in this case arise from Defendants' alleged overstatement of the "residual values" that Ryder assigned to its vehicles, which allegedly understated the Company's depreciation expense and increased its earnings during the Class Period.

12.    On May 20, 2020, a class action complaint, styled *Key West Police & Fire Pension Fund v. Ryder System, Inc. et al.*, Civil Action No. 1:20-cv-22109 (S.D. Fla.), was filed in the Court, asserting violations of federal securities laws.  In accordance with the Private Securities Litigation

5

Reform Act of 1995 ("PSLRA"), notice to the public was issued stating the deadline by which putative class members could move the Court for appointment as lead plaintiff.

13.   On July 20, 2020, the State of Alaska, Alaska Permanent Fund; the City of Fort Lauderdale General Employees' Retirement System; and the City of Plantation Police Officers Pension Fund moved together for appointment as Lead Plaintiffs.

14.   On August 3, 2020, the Court entered an Order which appointed the State of Alaska, Alaska Permanent Fund; the City of Fort Lauderdale General Employees' Retirement System; and the City of Plantation Police Officers Pension Fund as Lead Plaintiffs for the Action, and approved Lead Plaintiffs' selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel for the class.

15.   On October 5, 2020, Lead Plaintiffs filed and served their Amended Complaint for Violations of the Federal Securities Laws (the "Complaint") asserting claims against Defendant Ryder and Defendants Robert E. Sanchez, Art A. Garcia and Dennis C. Cooke (collectively, the "Individual Defendants") under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act.

16.   On December 4, 2020, Defendants filed a motion to dismiss the Complaint (the "Motion to Dismiss"), which was fully briefed by March 4, 2021.  The Court held oral argument on the Motion to Dismiss on April 7, 2021, and on May 12, 2022, the Court entered its Order denying the Motion to Dismiss.

17.   On June 16, 2022, Defendants filed their answer to the Complaint (the "Answer").  Among other things, Defendants' Answer denied Lead Plaintiffs' allegations of wrongdoing and asserted various defenses to the claims pled against Defendants.

18.   Discovery in the Action commenced in June 2022.  Lead Plaintiffs prepared and served initial disclosures, requests for production of documents, and interrogatories on Defendants, exchanged correspondence with Defendants concerning discovery issues over several months, and served document subpoenas on third parties.  In the course of discovery, Defendants produced more than one million pages of documents to Lead Plaintiffs in response to their discovery requests.

19.   On September 23, 2022, Lead Plaintiffs filed their motion for class certification (the "Class Certification Motion"), which was accompanied by a report from Lead Plaintiffs' expert, Dr. Michael L. Hartzmark, which opined that Ryder's common stock traded in an efficient market during the Class Period and that per-share damages could be measured for all Settlement Class Members using a common methodology.  The Class Certification Motion was fully briefed by February 17, 2023.  Both Parties' experts were deposed in connection with Class Certification Motion.  A hearing on Class Certification Motion was scheduled for April 20, 2022.

20.   In June 2022, the Court had ordered the Parties to engage in mediation to discuss the possibility of settlement, and the Parties subsequently agreed to retain Jed D. Melnick, Esq., of JAMS to act as mediator (the "Mediator") in the Action.

21.   On January 26, 2023, counsel for the Parties participated in a mediation session before the Mediator.  In advance of that session, the Parties exchanged and submitted detailed mediation statements and supporting exhibits to the Mediator.  At the mediation session, the Parties engaged

6

in vigorous settlement discussions with the assistance of Mr. Melnick but were not able to reach an agreement.

22.    The Parties conducted a second mediation session on March 28, 2023.  In advance of that session, Lead Plaintiffs submitted a supplemental mediation statement and Defendants prepared a responsive presentation.  At the second mediation session, the Parties once again engaged in vigorous settlement discussions with Mr. Melnick's assistance but were not able to reach an agreement.

23.    Thereafter, the Mediator continued to engage in discussion with the Parties.  Following those discussions, the Mediator proposed a recommendation that the Parties settle the Action for $45 million, which both sides accepted on a double-blind basis.  The Parties informed the Court of their agreement in principle to settle on April 18, 2023 and moved to adjourn the scheduled hearing on Lead Plaintiffs' Class Certification Motion.  On April 19, 2023, the Court granted that motion.

24.    On May 19, 2023, the Parties entered into the Stipulation and Agreement of Settlement, which sets forth the terms and conditions of the Settlement.  The Stipulation is available at www.RyderSystemSecuritiesLitigation.com.

25.    On [_____], 2023, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
## WHO IS INCLUDED IN THE SETTLEMENT CLASS?

26.    If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Class consists of:

> all persons or entities who purchased or otherwise acquired publicly traded Ryder common stock during the period from July 23, 2015 through February 13, 2020, inclusive (the "Class Period"), and were damaged thereby.

Excluded from the Settlement Class are: (i) Defendants; (ii) the Immediate Family Members of any Individual Defendant; (iii) present or former Officers and directors of Ryder and their Immediate Family Members; (iv) any parent, subsidiary, or affiliate of Ryder; (v) any firm, trust, corporation, or other entity in which any Defendant or other excluded person or entity has, or had during the Class Period, a controlling interest; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded persons or entities.  Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice.  *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself," on page [___] below.

**Please note:  Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to a payment from the Settlement.  If you are a Settlement Class Member and you wish to be eligible to receive a payment from the Settlement, you are required to submit the Claim Form that is being distributed with this Notice and the required**

7

supporting documentation as set forth therein postmarked (if mailed), or submitted online at www.RyderSystemSecuritiesLitigation, no later than [_____], 2024.

| **WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?** |
|---|

27.   Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through summary judgment, trial, and appeals, as well as the very substantial risks they would face in establishing liability and damages.  Such risks include the potential challenges associated with proving that there were material misstatements and omissions in Defendants' public statements; that Defendants acted with "scienter," or fraudulent intent, when they made the alleged misstatements; that there was a causal connection between the alleged misrepresentations and the losses investors allegedly suffered; and that investors suffered significant damages.  Also, as noted above, at the time the Settlement was reached, Lead Plaintiffs' Class Certification Motion was pending.  An adverse ruling by the Court on this motion would have greatly impacted Lead Plaintiffs' case.  And, even if the class were ultimately certified, Lead Plaintiffs would have had to prevail at several additional stages of litigation—summary judgment, a trial, and if they prevailed on those, on the appeals that were likely to follow.  Thus, there were very significant risks related to the continued prosecution of the claims against Defendants.

28.   In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.  Lead Plaintiffs and Lead Counsel believe that the Settlement provides a favorable result for the Class, namely $45,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after full discovery, summary judgment, trial, and post-trial appeals, possibly years in the future.

29.   Defendants have denied the claims asserted against them in the Action and deny that the Settlement Class was harmed or suffered any damages as a result of the conduct alleged in the Action.  Defendants have agreed to the Settlement solely to eliminate the uncertainty, burden, and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

| **WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?** |
|---|

30.   If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

31.  As a Settlement Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you choose to either represent yourself or enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to retain your own counsel, such counsel must file a Notice of Appearance on your behalf on the Court's docket.  If you chose to represent yourself, you do not need to file a Notice of Appearance.

32.  If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," below.

33.  If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for an award of attorneys' fees and Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

34.  If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members (whether or not such person submitted a Claim Form or shares in the Net Settlement Fund), on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims (as defined in ¶ 35 below) on behalf of any Settlement Class Member, in their capacities as such, will have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every Released Plaintiffs' Claim (including, without limitation, any Unknown Claims, as defined in ¶ 37 below) against Defendants and all of the Defendants' Releasees (as defined in ¶ 36 below), and will forever be barred and enjoined, to the fullest extent permitted by law, from asserting, commencing, instituting, maintaining, prosecuting, or continuing to prosecute any and all of the Released Plaintiffs' Claims against any and all of the Defendants' Releasees in this Action or in any other proceeding.

35.  "Released Plaintiffs' Claims" means any and all claims, causes of action, demands, rights, liabilities, losses, obligations, duties, damages, diminutions in value, costs, debts, expenses, interest, penalties, fines, sanctions, fees, attorneys' fees, expert and consulting fees, actions, potential actions, suits, agreements, judgments, decrees, matters, issues, and controversies of any kind, nature, or descriptions whatsoever, whether disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, contingent or non-contingent, known or unknown (including Unknown Claims), whether arising from or based on federal, state, local, foreign, statutory, regulatory, common, or any other law or rule, whether class or individual in nature, in law, in contract, or in equity, and regardless of legal theory, that have been asserted, could have been asserted, or could be asserted in the future in any forum that (i) arise out of, are based upon,

9

or relate to the allegations, transactions, acts, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged, or referred to in the Complaint and (ii) arise out of, are based upon, or relate to the purchase, acquisition, sale, disposition, or holding of Ryder common stock purchased or otherwise acquired during the Class Period.  Released Plaintiffs' Claims do not cover, include, or release: (i) shareholder derivative claims on behalf of Ryder, including those claims asserted derivatively in *Campbell v. Sanchez, et al.*, Case No. 1:21-cv-20203-BB (S.D. Fla.); *Aleman v. Sanchez, et al.*, Case No. 1:21-cv-20539-BB (S.D. Fla.); *In re Ryder System, Inc. Stockholder Derivative Litigation*, No. 2020-013618-CA-01 (Fla. 11th Judicial Cir. Miami-Dade Cnty.); or any cases consolidated into any of the foregoing actions or any case into which any of the foregoing actions is or may be consolidated; or (ii) any claims relating to the enforcement of the Stipulation or the Settlement.

36.   "Defendants' Releasees" means (i) Defendants; (ii) Defendants' past or present, direct or indirect, parents, affiliates, subsidiaries, divisions, partnerships, limited liability companies, trusts, Immediate Family Members, successors, and predecessors (collectively, "Defendant Affiliates"); (iii) all past or present officers, directors, employees, associates, agents, advisors (including financial or investment advisors), representatives, underwriters, investment bankers, members, partners, trustees, accountants, auditors, consultants, contractors, experts, insurers, reinsurers, and attorneys of Defendants and Defendant Affiliates; and (iv) the legal representatives, heirs, estates, executors, administrators, beneficiaries, predecessors, successors and assigns of any of the foregoing.

37.   "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, their, or its favor at the time of the release of the Released Plaintiffs' Claims, which, if known by him, her, their, or it, might have affected his, her, their, or its decision(s) with respect to the Settlement, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him or it, might have affected his or its decision(s) with respect to the Settlement.  Lead Plaintiffs and Defendants acknowledge, and the other Settlement Class Members by operation of law are deemed to acknowledge, that they may discover facts, legal theories, or authorities in addition to or different from those which he, she, their, or it now knows or believes to be true with respect to the Released Plaintiffs' Claims and the Released Defendants' Claims, but that it is the intention of Lead Plaintiff and Defendants, and by operation of law the other Settlement Class Members, to upon the Effective Date expressly, fully, finally, and forever settle, release, and extinguish any and all Released Plaintiffs' Claims and Released Defendants' Claims without regard to the subsequent discovery or existence of such additional or different facts, legal theories, or authorities.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

10

Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

38.    The Judgment will also provide that, upon the Effective Date, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims (as defined in ¶ 39 below) on behalf of any Defendant, in their capacities as such, will have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every Released Defendants' Claim (including, without limitation, any Unknown Claims) against Lead Plaintiffs and all of the Plaintiffs' Releasees (as defined in ¶ 40 below), and will forever be barred and enjoined, to the fullest extent permitted by law, from asserting, commencing, instituting, maintaining, prosecuting, or continuing to prosecute any and all of the Released Defendants' Claims against any and all of the Plaintiffs' Releasees in this Action or in any other proceeding.

39.    "Released Defendants' Claims" means any and all claims, causes of action, demands, rights, liabilities, losses, obligations, duties, damages, diminutions in value, costs, debts, expenses, interest, penalties, fines, sanctions, fees, attorneys' fees, expert and consulting fees, actions, potential actions, suits, agreements, judgments, decrees, matters, issues, and controversies of any kind, nature, or descriptions whatsoever, whether disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, contingent or non-contingent, known or unknown (including Unknown Claims), whether arising from or based on federal, state, local, foreign, statutory, regulatory, common, or any other law or rule, whether in law, in contract, or in equity, and regardless of legal theory, that have been asserted, could have been asserted, or could be asserted in the future in any forum that arise out of or relate to the institution, prosecution, or settlement of the claims against Defendants in the Action.  Released Defendants' Claims do not cover, include, or release: (i) claims relating to the enforcement of the Stipulation or the Settlement; (ii) any claims against any person or entity who or which submits a request for exclusion that is accepted by the Court; and (iii) any claims between Defendants' Releasees and their respective insurers.

40.    "Plaintiffs' Releasees" (i) Lead Plaintiffs, all other plaintiffs in the Action, and all other Settlement Class Members; (ii) the past or present, direct or indirect, parents, affiliates, subsidiaries, divisions, partnerships, limited liability companies, trusts, trustees, Immediate Family Members, attorneys (including Plaintiffs' Counsel), successors, and predecessors of any Settlement Class Member (including Lead Plaintiffs and all other plaintiffs in the Action) (collectively, "Class Member Affiliates"); (iii) all past or present officers, directors, employees, associates, agents, advisors (including financial or investment advisors), representatives, underwriters, investment bankers, members, partners, trustees, accountants, auditors, consultants, contractors, experts, insurers, reinsurers, and attorneys of any Settlement Class Member or any of the Class Member Affiliates; and (iv) the legal representatives, heirs, estates, executors, administrators, beneficiaries, predecessors, successors and assigns of any of the foregoing.

11

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

41.   To be eligible for a payment from the Settlement, you must be a member of the Settlement Class and you must timely complete and submit the Claim Form with adequate supporting documentation ***postmarked (if mailed), or submitted online at www.RyderSystemSecuritiesLitigation.com*, no later than [_____], 2024**.  A Claim Form is included with this Notice, or you may obtain one from the Settlement website, www.RyderSystemSecuritiesLitigation.com.  You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at 877-381-0372 or by emailing the Claims Administrator at info@RyderSystemSecuritiesLitigation.com.  **Please retain all records of your ownership of and transactions in Ryder common stock, as they will be needed to document your Claim.**  The Parties and Claims Administrator do not have information about your transactions in Ryder common stock.

42.   If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

43.   At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

44.   Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid a total of $45,000,000 in cash (the "Settlement Amount").  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

45.   The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

46.   Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

47.   Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

48.   Unless the Court otherwise orders, any Settlement Class Member who or which fails to submit a Claim Form postmarked (if mailed), or submitted online, on or before [_____], 2024, shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a member of the Settlement Class and be subject to the provisions

12

of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 35 above) against the Defendants' Releasees (as defined in ¶ 36 above) and will be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

49. Participants in, and beneficiaries of, a Ryder employee benefit plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Ryder common stock held through the ERISA Plan in any Claim Form that they submit in this Action. They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan. Claims based on any ERISA Plan's purchases or acquisitions of Ryder common stock during the Class Period may be made by the plan's trustees.

50. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

51. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

52. Only Settlement Class Members, i.e., persons and entities who purchased or otherwise acquired publicly traded Ryder common stock during the Class Period and were damaged as a result of such purchases or acquisitions, will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible for a payment and should not submit Claim Forms. The only security that is included in the Settlement is publicly traded Ryder common stock.

53. **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Lead Plaintiffs. At the Settlement Hearing, Lead Plaintiffs will request the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Settlement Class.**

| WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID? |
| --- |

54. Plaintiffs' Counsel have not received any payment for their services in pursuing claims asserted in the Action on behalf of the Settlement Class, nor have Plaintiffs' Counsel been paid for their Litigation Expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund, net of Litigation Expenses, or $11,126,521.40 plus interest earned at the same rate as the Settlement Fund. In addition, Lead Counsel will apply for payment of Litigation Expenses incurred by Plaintiffs' Counsel in connection with the institution, prosecution, and resolution of the Action in the amount of $493,914.39. Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses ("Fee and Expense Motion") will be filed with Court no later than [_____], 2024, and a copy of the Fee and Expense Motion will be posted to the Settlement website, www.RyderSystemSecuritiesLitigation.com. Any award of attorneys' fees and Litigation Expenses will be paid from the Settlement Fund at the time of award by the

13

Court and prior to allocation and payment to Authorized Claimants. ***Settlement Class Members are not personally liable for any such fees or expenses.***

---

**WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?**

---

55.   Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to Ryder System Securities Litigation, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91062, Seattle, WA 98111.  The Request for Exclusion must be ***received*** **no later than [_____], 2024**.  You will not be able to exclude yourself from the Settlement Class after that date.  Each Request for Exclusion must (1) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (2) state that such person or entity "requests exclusion from the Settlement Class in *State of Alaska et al. v. Ryder System, Inc. et al.*, Civil Action No. 1:20-cv-22109-AMC"; (3) state the number of shares of publicly traded Ryder common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on July 23, 2015, and (B) purchased/acquired and/or sold during the period from July 23, 2015 through May 13, 2020, inclusive, as well as the date, number of shares, and price of each such purchase/acquisition and sale transaction; and (4) be signed by the person or entity requesting exclusion or an authorized representative.  A Request for Exclusion that does not provide all the information called for in this paragraph and is not received within the time stated above will be invalid and will not be allowed.  Lead Counsel may request that the person or entity requesting exclusion submit documentation sufficient to prove any of the information called for above, or additional transaction information or documentation regarding his, her, their, or its holdings and trading in Ryder common stock.

56.   If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

57.   If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

58.   Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and Defendants.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?  MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

59.   **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing.**

14

60. **Please Note**:  The date and time of the Settlement Hearing may change without further written notice to the Settlement Class.  In addition, the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by phone, without further written notice to the Settlement Class.  **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.RyderSystemSecuritiesLitigation.com, before making any plans to attend the Settlement Hearing.  Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.RyderSystemSecuritiesLitigation.com.  If the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the telephone or video conference will be posted to the Settlement website, www.RyderSystemSecuritiesLitigation.com.**

61.    The Settlement Hearing will be held on **[_____], 2024, at [__:__] [_].m.**, before the Honorable Aileen M. Cannon, either in person at the United States District Court for the Southern District of Florida, Courtroom 4008 of the Alto Lee Adams, Sr. United States Courthouse, 101 South U.S. Highway 1, Fort Pierce, Florida 34950, or by telephone or videoconference (in the discretion of the Court), for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (b) to determine whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Settlement Class; Lead Plaintiffs should be certified as Class Representatives for the Settlement Class; Lead Counsel should be appointed as Class Counsel for the Settlement Class; and Liaison Counsel should be appointed as Liaison Class Counsel for the Settlement Class; (c) to determine whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation (and in this Notice) should be granted; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  The Court reserves the right to certify the Settlement Class; approve the Settlement, the Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses; and/or consider any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

62.    Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses.  Objections must be in writing.  You must mail any written objection, together with copies of all other papers and briefs supporting the objection, to the Claims Administrator at the address set forth below so that the papers are *received* **on or before [_____], 2024**.

| CLAIMS ADMINISTRATOR |
|:---:|
| Ryder System Securities Litigation, OBJECTIONS |

15

| c/o JND Legal Administration<br>P.O. Box 91062<br>Seattle, WA 98111 |
| --- |

63.    To object, you must send a letter stating that you object to the Settlement.  Your objection must include:  (1) the name of this proceeding, *State of Alaska et al. v. Ryder System, Inc. et al.*, Civil Action No. 1:20-cv-22109-AMC; (2) the objector's full name, current address, and telephone number; (3) the objector's signature; (4) a statement providing the specific reasons for the objection, including a detailed statement of the specific legal and factual basis for each and every objection and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (5) documents sufficient to prove membership in the Settlement Class, including documents showing the number of shares of publicly traded Ryder common stock that the objecting Settlement Class Member (A) owned as of the opening of trading on July 23, 2015 and (B) purchased/acquired and/or sold during the period from July 23, 2015 through February 13, 2020, inclusive, as well as the date, number of shares, and price of each such purchase/acquisition and sale transaction.  The documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  Lead Counsel may request from any objector additional transaction information or documentation regarding his, her, their, or its holdings and trading in Ryder common stock.

64.    You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

65.    You may submit a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first send a written objection to the Claims Administrator in accordance with the procedures described in ¶¶ 62 and 63 above, unless the Court orders otherwise.

66.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a Notice of Appearance on the Court's docket **on or before [_____], 2024**.  Objectors and/or their counsel may be heard orally at the Settlement Hearing at the discretion of the Court.

67.    The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class.  If you plan to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

68.    **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval**.

16

**WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?**

69.   If you purchased or otherwise acquired shares of publicly traded Ryder common stock during the period from July 23, 2015 through February 13, 2020, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names, addresses, and email addresses (if available) of all such beneficial owners to Ryder System Securities Litigation, c/o JND Legal Administration, P.O. Box 91329, Seattle, WA 98111. If you choose the second option, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.   Copies of this Notice and the Claim Form may also be obtained from the Settlement website, www.RyderSystemSecuritiesLitigation.com; by calling the Claims Administrator toll-free at 877-381-0372; or by emailing the Claims Administrator at RSLSecurities@jndla.com.

**CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?**

70.   This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Clerk's Office, United States District Court for the Southern District of Florida, Alto Lee Adams, Sr. United States Courthouse, 101 South U.S. Highway 1, Room #1016, Ft. Pierce, FL 34950.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the Settlement website, www.RyderSystemSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

| | | |
|---|---|---|
| Ryder System Securities Litigation | and/or | John Rizio-Hamilton, Esq. |
| c/o JND Legal Administration | | Bernstein Litowitz Berger |
| P.O. Box 91329 | | & Grossmann LLP |
| Seattle, WA 98111 | | 1251 Avenue of the Americas |
| | | 44th Floor |
| 877-381-0372 | | New York, NY 10020 |
| info@RyderSystemSecuritiesLitigation.com | | |
| www.RyderSystemSecuritiesLitigation.com | | 800-380-8496 |
| | | settlements@blbglaw.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: [_____], 2023                    By Order of the Court

17

United States District Court
Southern District of Florida

## APPENDIX A

### Proposed Plan of Allocation of Net Settlement Fund Among Authorized Claimants

1.      The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Settlement Class Members who had economic losses as a result of the alleged violations of the federal securities laws.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

2.      In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts during the Class Period (i.e., from July 23, 2015 through February 13, 2020, inclusive), which had the effect of artificially inflating the price of publicly traded Ryder common stock ("Ryder Common Stock").  The estimated artificial inflation in Ryder Common Stock allegedly caused by Defendants' alleged misrepresentations and omissions is stated in Table A below.  The estimated artificial inflation takes into account price changes in Ryder Common Stock in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and omissions, and adjusts for price changes attributable to market or industry factors.  Lead Plaintiffs allege that corrective information was released to the market which partially removed the artificial inflation from the price of Ryder Common Stock on July 30, 2019, October 29, 2019, October 30, 2019, February 13, 2020, February 14, 2020, and February 18, 2020.[1]

3.      Recognized Loss Amounts under the Plan of Allocation are based primarily on the difference in the amount of alleged artificial inflation in the price of Ryder Common Stock at the time of purchase or acquisition and at the time of sale or the difference between the actual purchase/acquisition price and sale price.  Accordingly, in order to have a Recognized Loss Amount under the Plan of Allocation, a Settlement Class Member who or which purchased or otherwise acquired Ryder Common Stock prior to the first corrective disclosure on July 30, 2019 must have held his, her, their, or its shares of Ryder Common Stock through at least July 29, 2019. A Class Member who or which purchased or otherwise acquired Ryder Common Stock from July 30, 2019 through February 13, 2020 must have held those shares through at least one of the later dates where new corrective information was released to the market and partially removed the artificial inflation from the price of Ryder Common Stock.

### CALCULATION OF RECOGNIZED LOSS AMOUNTS

4.      Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Ryder Common Stock during the Class Period (i.e., from July 23, 2015 through February 13, 2020, inclusive) that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

---

[1] The stock market was closed for a trading holiday on Monday, February 17, 2020.

1

5.      For each share of Ryder Common Stock purchased or otherwise acquired during the period from July 23, 2015 through February 13, 2020, inclusive, and:

(i)      Sold before July 30, 2019, the Recognized Loss Amount will be $0.00.

(ii)     Sold from July 30, 2019 through and including the close of trading on February 13, 2020, the Recognized Loss Amount will be ***the lesser of:*** (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A *minus* the amount of artificial inflation per share on the date of sale as stated in Table A; or (ii) the purchase/acquisition price *minus* the sale price.

(iii)    Sold from February 14, 2020 through and including the close of trading on May 13, 2020, the Recognized Loss Amount will be ***the least of:*** (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A *minus* the amount of artificial inflation per share on the date of sale as stated in Table A; (ii) the purchase/acquisition price *minus* the average closing price between February 14, 2020 and the date of sale as stated in Table B below; or (iii) the purchase/acquisition price *minus* the sale price.

(iv)     Held as of the close of trading on May 13, 2020, the Recognized Loss Amount will be the lesser of: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; or (ii) the purchase/acquisition price *minus* $31.46.[2]

## ADDITIONAL PROVISIONS

6.      **Calculation of Claimant's "Recognized Claim":**  A Claimant's "Recognized Claim" will be the sum of his, her, their, or its Recognized Loss Amounts as calculated under ¶ 5 of this Plan of Allocation.

7.      **FIFO Matching:**  If a Settlement Class Member made more than one purchase/acquisition or sale of Ryder Common Stock during the Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis.  Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

8.      **Purchase/Sale Prices:**  For the purposes of calculations under ¶ 5 of this Plan of Allocation, "purchase/acquisition price" means the actual price paid, excluding any fees, commissions, and

---

[2] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Ryder Common Stock during the "90-day look-back period," February 14, 2020 through and including the close of trading on May 13, 2020.  The mean (average) closing price for Ryder Common Stock during this 90-day look-back period was $31.46.

taxes, and "sale price" means the actual amount received, not deducting any fees, commissions, and taxes.

9.    **"Purchase/Acquisition/Sale" Dates:**    Purchases or acquisitions and sales of Ryder Common Stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of Ryder Common Stock during the Class Period will not be deemed a purchase, acquisition, or sale of Ryder common stock for the calculation of a Claimant's Recognized Loss Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of Ryder Common Stock unless (i) the donor or decedent purchased or otherwise acquired or sold such Ryder Common Stock during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Ryder Common Stock.

10.    **Short Sales:**  The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Ryder Common Stock.  The date of a "short sale" is deemed to be the date of sale of the Ryder Common Stock.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" are zero.

11.    In the event that a Claimant has an opening short position in Ryder Common Stock, the earliest purchases or acquisitions of Ryder Common Stock during the Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

12.    **Common Stock Purchased/Sold Through the Exercise of Options:**  Option contracts are not securities eligible to participate in the Settlement.  With respect to Ryder Common Stock purchased or sold through the exercise of an option, the purchase/sale date of the security is the exercise date of the option and the purchase/sale price is the exercise price of the option.

13.    **Market Gains and Losses:**  The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in Ryder Common Stock during the Class Period.  For purposes of making this calculation, the Claims Administrator will determine the difference between (i) the Claimant's Total Purchase Amount[3] and (ii) the sum of the Claimant's Total Sales Proceeds[4] and the Claimant's Holding Value.[5]  If the Claimant's Total Purchase Amount minus the sum of the Claimant's Total Sales Proceeds and

---

[3] The "Total Purchase Amount" is the total amount the Claimant paid (excluding any fees, commissions, and taxes) for all shares of Ryder Common Stock purchased/acquired during the Class Period.

[4] The Claims Administrator shall match any sales of Ryder Common Stock during the Class Period first against the Claimant's opening position in Ryder Common Stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (not deducting any fees, commissions, and taxes) for sales of the remaining shares of Ryder Common Stock sold during the Class Period is the "Total Sales Proceeds."

[5] The Claims Administrator will ascribe a "Holding Value" of $40.12 to each share of Ryder Common Stock purchased/acquired during the Class Period that was still held as of the close of trading on February 13, 2020.

3

the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

14.   If a Claimant had a Market Gain with respect to his, her, or its overall transactions in Ryder Common Stock during the Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement.  If a Claimant suffered an overall Market Loss with respect to his, her, their, or its overall transactions in Ryder Common Stock during the Class Period but that Market Loss was less than the Claimant's Recognized Claim calculated pursuant to ¶¶ 5-6 of this Plan of Allocation, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

15.   **Determination of Distribution Amount:**  If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant will receive his, her, their, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

16.   If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

17.   If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

18.   After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator, no less than six (6) months after the initial distribution, will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court.

19.   Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Lead Plaintiffs' damages or consulting experts, Defendants, Defendants' Counsel, or any of the other Plaintiff's Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court.  Lead Plaintiffs, Defendants, and their respective

4

counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

20.    The Plan of Allocation stated herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with their damages expert.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class.  Any orders regarding any modification of the Plan of Allocation will be posted on the Settlement website, www.RyderSystemSecuritiesLitigation.com.

## TABLE A

**Estimated Artificial Inflation in Ryder Common Stock
from July 23, 2015 through February 17, 2020\***

| Transaction Date Range | Artificial Inflation Per Share |
|---|---|
| July 23, 2015 through July 29, 2019 | $21.59 |
| July 30, 2019 through October 28, 2019 | $15.21 |
| October 29, 2019 | $12.51 |
| October 30, 2019 through February 12, 2020 | $10.53 |
| February 13, 2020 | $5.29 |
| February 14, 2020 through February 17, 2020 | $1.77 |
| February 18, 2020 or later | $0.00 |

\*Only shares of Ryder Common Stock purchased or otherwise acquired during the Class Period (i.e., from July 23, 2015 through February 13, 2020, inclusive), are eligible for recovery under the Settlement.

**TABLE B**

**90-Day Look-Back Table for Ryder Common Stock
(Average Closing Price:  February 14, 2020 – May 13, 2020)**

| Date | Average Closing Price Between 2/14/2020 and Date Shown | Date | Average Closing Price Between 2/14/2020 and Date Shown |
|---|---|---|---|
| 2/14/2020 | $40.12 | 3/31/2020 | $33.02 |
| 2/18/2020 | $39.29 | 4/1/2020 | $32.76 |
| 2/19/2020 | $39.40 | 4/2/2020 | $32.51 |
| 2/20/2020 | $39.82 | 4/3/2020 | $32.23 |
| 2/21/2020 | $40.01 | 4/6/2020 | $32.06 |
| 2/24/2020 | $40.03 | 4/7/2020 | $31.93 |
| 2/25/2020 | $39.87 | 4/8/2020 | $31.85 |
| 2/26/2020 | $39.54 | 4/9/2020 | $31.83 |
| 2/27/2020 | $39.25 | 4/13/2020 | $31.81 |
| 2/28/2020 | $39.13 | 4/14/2020 | $31.77 |
| 3/2/2020 | $38.98 | 4/15/2020 | $31.68 |
| 3/3/2020 | $38.73 | 4/16/2020 | $31.59 |
| 3/4/2020 | $38.58 | 4/17/2020 | $31.51 |
| 3/5/2020 | $38.31 | 4/20/2020 | $31.40 |
| 3/6/2020 | $38.05 | 4/21/2020 | $31.29 |
| 3/9/2020 | $37.60 | 4/22/2020 | $31.18 |
| 3/10/2020 | $37.39 | 4/23/2020 | $31.11 |
| 3/11/2020 | $37.07 | 4/24/2020 | $31.04 |
| 3/12/2020 | $36.62 | 4/27/2020 | $31.03 |
| 3/13/2020 | $36.34 | 4/28/2020 | $31.02 |
| 3/16/2020 | $35.90 | 4/29/2020 | $31.10 |
| 3/17/2020 | $35.68 | 4/30/2020 | $31.18 |
| 3/18/2020 | $35.48 | 5/1/2020 | $31.25 |
| 3/19/2020 | $35.20 | 5/4/2020 | $31.28 |
| 3/20/2020 | $34.85 | 5/5/2020 | $31.32 |
| 3/23/2020 | $34.48 | 5/6/2020 | $31.34 |
| 3/24/2020 | $34.18 | 5/7/2020 | $31.37 |
| 3/25/2020 | $33.92 | 5/8/2020 | $31.44 |
| 3/26/2020 | $33.71 | 5/11/2020 | $31.48 |
| 3/27/2020 | $33.47 | 5/12/2020 | $31.49 |
| 3/30/2020 | $33.23 | 5/13/2020 | $31.46 |

6

# EXHIBIT A-2

**Exhibit A-2**

# PROOF OF CLAIM AND RELEASE FORM

**Ryder System Securities Litigation**
**Toll-Free Number:  877-381-0372**
**Email:  info@RyderSystemSecuritiesLitigation.com**
**Website:  www.RyderSystemSecuritiesLitigation.com**

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and submit it, together with the required supporting documentation, either by mail or online.  If you choose to submit by mail, you must send the Claim Form, together with the required supporting documentation, by First-Class Mail to the address below, and your mailing must be *postmarked* **no later than [_____], 2024.**

> **Mail to:**
>
> **Ryder System Securities Litigation**
> **c/o JND Legal Administration**
> **P.O. Box 91329**
> **Seattle, WA 98111**

If you chose to submit the Claim Form, together with the required supporting documentation, **online**, you must do so **at www.RyderSystemSecuritiesLitigation.com, no later than [_____], 2024.**

Failure to submit your Claim Form by the date specified will subject your Claim to rejection and may preclude you from being eligible to receive a payment from the Settlement.

**Do not mail or deliver your Claim Form to the Court, Lead Counsel, Defendants' Counsel, or any of the Parties to the Action.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | **[__]** |
| **PART II – GENERAL INSTRUCTIONS** | **[__]** |
| **PART III – SCHEDULE OF TRANSACTIONS IN PUBLICLY TRADED RYDER COMMON STOCK (TICKER: R, CUSIP: 783549108)** | **[__]** |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | **[__]** |

# PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's Name

| First Name | MI | Last Name |
|---|---|---|
|  |  |  |

Joint Beneficial Owner's Name (*if applicable*)

| First Name | MI | Last Name |
|---|---|---|
|  |  |  |

If this Claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g., Jones IRA*).

Entity Name (*if the Beneficial Owner is not an individual*)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

| City | State/Province | Zip Code |
|---|---|---|
|  |  |  |

| Foreign Postal Code (*if applicable*) | Foreign Country (*if applicable*) |
|---|---|
|  |  |

| Telephone Number (*Day*) | Telephone Number (*Evening*) |
|---|---|
|  |  |

Email Address (*email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this Claim*)

Account Number

**Type of Beneficial Owner** (*Specify one of the following*):

☐ Individual(s)     ☐ Corporation     ☐ UGMA Custodian     ☐ IRA

☐ Partnership       ☐ Estate          ☐ Trust              ☐ Other (describe: _____)

## PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      By submitting this Claim Form, you will be making a request to receive a payment from the Settlement described in the Notice.  IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (*see* the definition of the Settlement Class on page [__] of the Notice, which sets forth who is included in and who is excluded from the Settlement Class), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM. **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER.**   THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

3.      **Submission of this Claim Form does not guarantee that you will be eligible to receive a payment from the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) in, and holdings of, the publicly traded common stock of Ryder System, Inc. ("Ryder").  On this schedule, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of publicly traded Ryder common stock (including free transfers and deliveries), whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your Claim.**

5.      **Please note**: Only publicly traded Ryder common stock purchased during the Class Period (i.e., from July 23, 2015 through February 13, 2020, inclusive) is eligible under the Settlement.  However, sales of Ryder common stock during the period from February 14, 2020 through and including the close of trading on May 13, 2020, will be used for purposes of calculating your claim under the Plan of Allocation.  Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase/acquisition and sale/disposition information during this period must also be provided.

6.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of publicly traded Ryder common stock as set forth in the Schedule of Transactions in Part III of this Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your

broker containing the transactional and holding information found in a broker confirmation slip or
account statement.  The Parties and the Claims Administrator do not independently have
information about your investments in Ryder common stock.  IF SUCH DOCUMENTS ARE NOT
IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR
EQUIVALENT DOCUMENTS FROM YOUR BROKER.   FAILURE TO SUPPLY THIS
DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT
SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the
Claims Administrator.  Also, do not highlight any portion of the Claim Form or any
supporting documents.**

7.      Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify
the beneficial owner(s) of the Ryder common stock.  The complete name(s) of the beneficial
owner(s) must be entered.  If you held the Ryder common stock in your own name, you were the
beneficial owner as well as the record owner.  If, however, your shares of Ryder common stock
were registered in the name of a third party, such as a nominee or brokerage firm, you were the
beneficial owner of the stock, but the third party was the record owner.  The beneficial owner, not
the record owner, must sign this Claim Form to be eligible to participate in the Settlement.  If there
were joint beneficial owners, each must sign this Claim Form and their names must appear as
"Claimants" in Part I of this Claim Form.

8.      **One Claim should be submitted for each separate legal entity or separately
managed account.**  Separate Claim Forms should be submitted for each separate legal entity (e.g.,
an individual should not combine his or her IRA holdings and transactions with holdings and
transactions made solely in the individual's name).  Generally, a single Claim Form should be
submitted on behalf of one legal entity including all holdings and transactions made by that entity
on one Claim Form.  However, if a single person or legal entity had multiple accounts that were
separately managed, separate Claims may be submitted for each such account.  The Claims
Administrator reserves the right to request information on all the holdings and transactions in
Ryder common stock made on behalf of a single beneficial owner.

9.      Agents, executors, administrators, guardians, and trustees must complete and sign
the Claim Form on behalf of persons represented by them, and they must:

(a)      expressly state the capacity in which they are acting;

(b)      identify the name, account number, last four digits of the Social Security
Number (or taxpayer identification number), address, and telephone number
of the beneficial owner of (or other person or entity on whose behalf they
are acting with respect to) the Ryder common stock; and

(c)      furnish herewith evidence of their authority to bind to the Claim Form the
person or entity on whose behalf they are acting.  (Authority to complete
and sign a Claim Form cannot be established by stockbrokers demonstrating
only that they have discretionary authority to trade securities in another
person's accounts.)

10.      By submitting a signed Claim Form, you will be swearing that you:

(a)      own(ed) the Ryder common stock you have listed in the Claim Form; or

(b)      are expressly authorized to act on behalf of the owner thereof.

11.    By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your Claim and may subject you to civil liability or criminal prosecution.

12.    If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing.  The claims process will take substantial time to complete fully and fairly.  Please be patient.

13.    **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

14.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, JND Legal Administration, at the above address, by email at info@RyderSystemSecuritiesLitigation.com, or by toll-free phone at 877-381-0372, or you can visit the Settlement website, www.RyderSystemSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

15.    NOTICE REGARDING ELECTRONIC FILES:  Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the Settlement website at www.RyderSystemSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at RSLSecurities@jndla.com.  **Any file not in accordance with the required electronic filing format will be subject to rejection.**  The ***complete*** name of the beneficial owner of the securities must be entered where called for (*see* ¶ 7 above).  No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect.  **Do not assume that your file has been received until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at RSLSecurities@jndla.com to inquire about your file and confirm it was received.**

### IMPORTANT:  PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM WITHIN 60 DAYS OF YOUR SUBMISSION.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CONTACT THE CLAIMS ADMINISTRATOR TOLL-FREE AT 877-381-0372.**

## PART III – SCHEDULE OF TRANSACTIONS IN PUBLICLY TRADED RYDER COMMON STOCK

Use this section to provide information on your holdings and trading of publicly traded Ryder common stock during the requested time periods.  Ryder common stock trades on the New York Stock Exchange under the ticker symbol "R" and the CUSIP number for the security is 783549108.  Please be sure to include proper documentation with your Claim Form as described in detail in Part II – General Instructions, ¶ 6 above.  Do not include information regarding securities other than publicly traded Ryder common stock.

| | |
|---|---|
| **1.  HOLDINGS AS OF JULY 23, 2015** – State the total number of shares of publicly traded Ryder common stock held as of the opening of trading on July 23, 2015.  (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Holding Position Enclosed ☐ |

**2.  PURCHASES/ACQUISITIONS FROM JULY 23, 2015 THROUGH FEBRUARY 13, 2020, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of publicly traded Ryder common stock from after the opening of trading on July 23, 2015 through and including the close of trading on February 13, 2020.  (Must be documented.)

| Date of Purchase/Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding fees, commissions, and taxes) | Confirm Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |

**3.  PURCHASES/ACQUISITIONS FROM FEBRUARY 14, 2020 THROUGH MAY 13, 2020, INCLUSIVE** – State the total number of shares of publicly traded Ryder common stock purchased/acquired (including free receipts) from after the opening of trading on February 14, 2020 through and including the close of trading on May 13, 2020.  (Must be documented.)  If none, write "zero" or "0."[1]
_____

---

[1] **Please note**:  Information requested with respect to your purchases/acquisitions of publicly traded Ryder common stock from after the opening of trading on February 14, 2020 through and including the close of trading on May 13, 2020, is needed in order to perform the necessary calculations for your claim; purchases/acquisitions during this period, however, are not eligible transactions and will not be used for purposes of calculating Recognized Loss Amounts under the Plan of Allocation.

| **4.  SALES FROM JULY 23, 2015 THROUGH MAY 13, 2020, INCLUSIVE** – Separately list each and every sale/disposition (including free deliveries) of publicly traded Ryder common stock from after the opening of trading on July 23, 2015 through and including the close of trading on May 13, 2020. (Must be documented.) | | | | **IF NONE, CHECK HERE** ☐ |
|---|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting fees, commissions, and taxes) | Confirm Proof of Sale Enclosed |
| /     / | | $ | $ | ☐ |
| /     / | | $ | $ | ☐ |
| /     / | | $ | $ | ☐ |
| /     / | | $ | $ | ☐ |
| /     / | | $ | $ | ☐ |
| **5.  HOLDINGS AS OF MAY 13, 2020**– State the total number of shares of publicly traded Ryder common stock held as of the close of trading on May 13, 2020.  (Must be documented.)  If none, write "zero" or "0." _____ | | | | Confirm Proof of Holding Position Enclosed ☐ |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.** ☐

Questions? Visit www.RyderSystemSecuritiesLitigation.com, call 877-381-0372, or email info@RyderSystemSecuritiesLitigation.com

## PART IV - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE [__] OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation and Agreement of Settlement dated May 19, 2023, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the Claimant(s)') heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every Released Plaintiffs' Claim (including, without limitation, any Unknown Claims) against Defendants and all of the Defendants' Releasees, and shall forever be barred and enjoined, to the fullest extent permitted by law, from asserting, commencing, instituting, maintaining, prosecuting, or continuing to prosecute any and all of the Released Plaintiffs' Claims against any and all of the Defendants' Releasees in this Action or in any other proceeding.

## CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) agree(s) to the release above and certifies (certify) as follows:

      1.    that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

      2.    that the Claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

      3.    that the Claimant(s) did *not* submit a request for exclusion from the Settlement Class;

      4.    that I (we) own(ed) the Ryder common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Defendants' Releasees to another;

      5.    that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

      6.    that the Claimant(s) has (have) not submitted any other Claim covering the same purchases of Ryder common stock and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

      7.    that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') Claim and for purposes of enforcing the releases set forth herein;

      8.    that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

      9.    that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this Claim, and waives

Questions? Visit www.RyderSystemSecuritiesLitigation.com, call 877-381-0372, or email info@RyderSystemSecuritiesLitigation.com

8 of 10

any right of appeal or review with respect to such determination;

      10.    that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

      11.    that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the Claimant(s) is (are) exempt from backup withholding or (ii) the Claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the Claimant(s) that he, she, or it is no longer subject to backup withholding.  **If the IRS has notified the Claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of Claimant                         Date

_____

Print Claimant name here

_____

Signature of Joint Claimant, if any            Date

_____

Print Joint Claimant name here

***If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

_____

Signature of person signing on behalf of Claimant      Date

_____

Print name of person signing on behalf of Claimant here

_____

Capacity of person signing on behalf of Claimant, if other than an individual, e.g., executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of Claimant – *see* ¶ 9 on page [  ] of this Claim Form.)

## REMINDER CHECKLIST

1. Sign the above release and certification.  If this Claim Form is being made on behalf of Joint Claimants, then both must sign.

2. Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days of your submission.  Your Claim is not deemed filed until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at 877-381-0372.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address.  If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your Claim, contact the Claims Administrator at the address below, by email at info@RyderSystemSecuritiesLitigation.com, or by toll-free phone at 877-381-0372, or you may visit www.RyderSystemSecuritiesLitigation.com.  DO NOT call Ryder or its counsel with questions regarding your claim.

THIS CLAIM FORM MUST EITHER BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL **POSTMARKED NO LATER THAN [_____], 2024, OR SUBMITTED ONLINE AT WWW.RYDERSYSTEMSECURITIESLITIGATION.COM NO LATER THAN [_____], 2024**.  IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

**Ryder System Securities Litigation**
**c/o JND Legal Administration**
**P.O. Box 91329**
**Seattle, WA 98111**

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before [_____], 2024, is indicated on the envelope and it is mailed First Class and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

# EXHIBIT A-3

**Exhibit A-3**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| STATE OF ALASKA, ALASKA PERMANENT FUND, THE CITY OF FORT LAUDERDALE GENERAL EMPLOYEES' RETIREMENT SYSTEM, and THE CITY OF PLANTATION POLICE OFFICERS PENSION FUND, On Behalf of Themselves and All Others Similarly Situated, | Civil Action No. 1:20-cv-22109-AMC |
| *Plaintiffs,* | |
| v. | |
| RYDER SYSTEM, INC., ROBERT E. SANCHEZ, ART A. GARCIA, and DENNIS C. COOKE, | |
| *Defendants.* | |

## SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**TO:** **all persons or entities who purchased or otherwise acquired publicly traded Ryder System, Inc. ("Ryder") common stock during the period from July 23, 2015 through February 13, 2020, inclusive (the "Class Period"), and were damaged thereby (the "Settlement Class")[1]:**

**PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of Florida (the "Court"), that the above-captioned securities class action (the "Action") is pending in the Court.

---

[1] Certain persons and entities are excluded from the Settlement Class by definition, as set forth in the full Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice"), available at www.RyderSystemSecuritiesLitigation.com.

YOU ARE ALSO NOTIFIED that Lead Plaintiffs in the Action, on behalf of themselves and the Settlement Class, have reached a proposed settlement of the Action for $45,000,000 in cash (the "Settlement"). If approved, the Settlement will resolve all claims in the Action.

A hearing will be held on [_____], 2024, at [__:__] [_].m., before the Honorable Aileen M. Cannon, either in person at the United States District Court for the Southern District of Florida, Courtroom 4008 of the Alto Lee Adams, Sr. United States Courthouse, 101 South U.S. Highway 1, Fort Pierce, Florida 34950, or by telephone or videoconference (in the discretion of the Court), for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation and Agreement of Settlement dated as of May 19, 2023 (the "Stipulation") is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (b) to determine whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Settlement Class; Lead Plaintiffs should be certified as Class Representatives for the Settlement Class; Lead Counsel should be appointed as Class Counsel for the Settlement Class; and Liaison Counsel should be appointed as Liaison Class Counsel for the Settlement Class; (c) to determine whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation (and in the Notice) should be granted; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Net Settlement Fund.** If you have not yet received the Notice and the Proof of Claim and Release Form (the "Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator by mail at: Ryder System Securities Litigation, c/o JND Legal Administration, P.O. Box 91329, Seattle, WA 98111; by toll-free telephone at 877-381-0372; or by email at info@RyderSystemSecuritiesLitigation.com. Copies of the Notice and Claim Form can also be downloaded from the Settlement website, www.RyderSystemSecuritiesLitigation.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment from the Settlement, you must submit a Claim Form *postmarked (if mailed), or submitted online at www.RyderSystemSecuritiesLitigation.com*, no later than [_____], 2024. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to receive a payment from the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* **no later than [_____], 2024**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to receive a payment from the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and expenses must be mailed to the Claims Administrator such that they are *received* **no later than [_____], 2024**, in accordance with the instructions set forth in the Notice.

Please do not contact the Court, the Office of the Clerk of the Court, Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.

Requests for the Notice and Claim Form should be made to:

Ryder System Securities Litigation
c/o JND Legal Administration
P.O. Box 91329
Seattle, WA 98111

877-381-0372
info@RyderSystemSecuritiesLitigation.com
www.RyderSystemSecuritiesLitigation.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

John Rizio-Hamilton, Esq.
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas, 44th Floor
New York, NY 10020

800-380-8496
settlements@blbglaw.com

By Order of the Court

# EXHIBIT B

Exhibit B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

---

STATE OF ALASKA, ALASKA
PERMANENT FUND, THE CITY OF FORT
LAUDERDALE GENERAL EMPLOYEES'
RETIREMENT SYSTEM, and THE CITY
OF PLANTATION POLICE OFFICERS
PENSION FUND, On Behalf of Themselves
and All Others Similarly Situated,

      *Plaintiffs*,

        v.

RYDER SYSTEM, INC., ROBERT E.
SANCHEZ, ART A. GARCIA, and DENNIS
C. COOKE,

      *Defendants*.

Civil Action No. 1:20-cv-22109-AMC

---

**[PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT**

WHEREAS, a securities class action is pending in this Court entitled *State of Alaska et al. v. Ryder System, Inc. et al.*, Civil Action No. 1:20-cv-22109-AMC (the "Action");

WHEREAS, (a) Lead Plaintiffs State of Alaska, Alaska Permanent Fund; The City of Fort Lauderdale General Employees' Retirement System; and The City of Plantation Police Officers Pension Fund (collectively, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) defendants Ryder System, Inc. ("Ryder" or the "Company"); and Robert E. Sanchez; Art A. Garcia; and Dennis C. Cooke (collectively, the "Individual Defendants," and together with Ryder, "Defendants," and together with Lead Plaintiffs, the "Parties") have entered into a Stipulation and Agreement of Settlement, dated May 19, 2023 (the "Stipulation") that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the

Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated [_____], 2023 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it (i) would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2) and (ii) would likely be able to certify the Settlement Class for purposes of the Settlement; (b) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; and (c) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on [_____], 2024 (the "Settlement Hearing"), to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.     **<u>Jurisdiction</u>** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.      **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on [_____], 2023; and (b) the Notice and the Summary Notice, both of which were filed with the Court on [_____], 2024.

3.      **Class Certification for Settlement Purposes** – The Court hereby certifies, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of: all persons or entities who purchased or otherwise acquired publicly traded Ryder common stock during the period from July 23, 2015 through February 13, 2020, inclusive (the "Class Period"), and were damaged thereby.   Excluded from the Settlement Class are: (i) Defendants; (ii) the Immediate Family Members of any Individual Defendant; (iii) present or former Officers and directors of Ryder and their Immediate Family Members; (iv) any parent, subsidiary, or affiliate of Ryder; (v) any firm, trust, corporation, or other entity in which any Defendant or other excluded person or entity has, or had during the Class Period, a controlling interest; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded persons or entities.  [Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto, who or which are excluded from the Settlement Class pursuant to request.]

4.      **Settlement Class Findings** – For purposes of the Settlement only, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests

of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby certifies Lead Plaintiffs State of Alaska, Alaska Permanent Fund; The City of Fort Lauderdale General Employees' Retirement System; and The City of Plantation Police Officers Pension Fund as Class Representatives for the Settlement Class and appoints Lead Counsel Bernstein Litowitz Berger & Grossmann LLP as Class Counsel for the Settlement Class and Liaison Counsel Klausner Kaufman Jensen & Levinson as Liaison Class Counsel for the Settlement Class.  The Court finds that Lead Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

6.      **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement  Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal

Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq*., as amended, and all other applicable law and rules.  The Court also finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied.

7.      **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class.  Specifically, the Court finds that (a) Lead Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties at arm's length involving an experienced mediator; (c) the relief provided under the Settlement is fair, reasonable, and adequate taking into account the costs, risks, and delay of litigating this action through discovery, summary judgment, trial, and appeal; the proposed means of distributing the Settlement Fund to the Settlement Class; and the proposed attorneys' fee award; and (d) the Settlement treats members of the Settlement Class equitably relative to each other.  The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

8.      The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9.      **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. [The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

10.      **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.   The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)      Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date, Lead Plaintiffs and each of the other Settlement Class Members (whether or not such person submitted a Claim Form or shares in the Net Settlement Fund), on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Settlement Class Member, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment, shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every Released Plaintiffs' Claim (including, without limitation, any Unknown Claims) against Defendants and all of the Defendants' Releasees, and shall forever be barred and enjoined, to the fullest extent permitted by law, from asserting, commencing, instituting, maintaining, prosecuting, or continuing to prosecute any and all of the

Released Plaintiffs' Claims against any and all of the Defendants' Releasees in this Action or in any other proceeding.

(b)     Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of any Defendant, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment, shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every Released Defendants' Claim (including, without limitation, any Unknown Claims) against Lead Plaintiffs and all of the Plaintiffs' Releasees, and shall forever be barred and enjoined, to the fullest extent permitted by law, from asserting, commencing, instituting, maintaining, prosecuting, or continuing to prosecute any and all of the Released Defendants' Claims against any and all of the Plaintiffs' Releasees in this Action or in any other proceeding.

11.     Notwithstanding paragraphs 10(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

12.     **<u>Bar Order</u>** – In accordance with 15 U.S.C. § 78u-4(f)(7)(A), any and all claims for contribution arising out of the Action or any of the Released Plaintiffs' Claims (i) by any person or entity against any Defendant, and (ii) by any Defendant against any person or entity, other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii), are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable.  For the avoidance of doubt, nothing in this Judgment shall apply to bar or otherwise affect any claim for insurance coverage by any Defendant.

13.     **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

14.     **No Admissions** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation and the Settlement, nor any proceedings, communications, drafts, documents, or agreements taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees, or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Plaintiffs' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not

have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount which could be or would have been recovered after trial;

*provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

15.     **<u>Retention of Jurisdiction</u>** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

16.     Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

17. **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Lead Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

18. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of April 18, 2023, as provided in the Stipulation.

19. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____ 2024.

_____
The Honorable Aileen M. Cannon
United States District Judge

**Exhibit 1**

[List of Persons and Entities Excluded from
the Settlement Class Pursuant to Request]