# Exhibit 5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| STATE OF ALASKA, ALASKA PERMANENT FUND, THE CITY OF FORT LAUDERDALE GENERAL EMPLOYEES' RETIREMENT SYSTEM, and THE CITY OF PLANTATION POLICE OFFICERS PENSION FUND, On Behalf of Themselves and All Others Similarly Situated, | Civil Action No. 1:20-cv-22109-JB |
| *Plaintiffs,* | |
| v. | |
| RYDER SYSTEM, INC., ROBERT E. SANCHEZ, ART A. GARCIA, and DENNIS C. COOKE, | |
| *Defendants.* | |

**DECLARATION OF LUIGGY SEGURA REGARDING: (A) MAILING OF THE NOTICE AND CLAIM FORM; (B) PUBLICATION OF THE SUMMARY NOTICE; AND (C) REPORT ON REQUESTS FOR EXCLUSION AND <u>OBJECTIONS RECEIVED TO DATE</u>**

I, LUIGGY SEGURA, declare as follows:

1. I am the Vice President of Securities Operations at JND Legal Administration ("JND"). Pursuant to the Court's February 20, 2024 Order Preliminarily Approving Settlement and Authorizing Dissemination of Notice of Settlement (ECF No. 124) (the "Preliminary Approval Order"), JND was appointed to supervise and administer the notice procedure as well as the processing of claims in connection with the Settlement of the above-captioned action (the

"Action").[1]  I am over 21 years of age and am not a party to the Action.  I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

## DISSEMINATION OF THE NOTICE PACKET

2.      Pursuant to the Preliminary Approval Order, JND was responsible for mailing the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice") and the Proof of Claim and Release Form (the "Claim Form") (collectively, the Notice and Claim Form are referred to as the "Notice Packet") to potential Settlement Class Members.  A copy of the Notice Packet is attached hereto as Exhibit A.

3.      On February 21, 2024, JND received from Lead Counsel an Excel spreadsheet, which Lead Counsel had received from Defendants' Counsel, containing a total of 7,983 unique names and addresses of persons or entities who were identified as record holders of Ryder System, Inc. ("Ryder") common stock during the Class Period.  On March 11, 2024, JND caused the Notice Packet to be sent by first-class mail to these 7,983 potential Settlement Class Members.

4.      JND also researched filings with the U.S. Securities and Exchange Commission (SEC) on Form 13-F to identify additional institutions or entities who may have held Ryder common stock during the Class Period.  Based on this research, JND located 979 mailing records, which were added to the list of potential Settlement Class Members.  On March 11, 2024, JND caused Notice Packets to be sent by first-class mail to these 979 potential Settlement Class Members.

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement dated May 19, 2023 (ECF No. 117-1) (the "Stipulation").

5.      As in most securities class actions, a large majority of potential Settlement Class Members are beneficial purchasers whose securities are held in "street name," i.e., the securities are purchased by brokerage firms, banks, institutions, or other third-party nominees ("Nominees") in the name of the Nominee, on behalf of the beneficial purchasers. JND maintains a proprietary database with the names and addresses of the most common Nominees (the "Nominee Database"). At the time of the initial mailing, JND's Nominee Database contained 4,078 records.[2] On March 11, 2024, JND caused Notice Packets to be sent by first-class mail to the 4,078 mailing records contained in its Nominee Database.

6.      In total, 13,040 Notice Packets were mailed to potential Settlement Class Members and nominees by first-class mail on March 11, 2024.

7.      The Notice itself and a cover letter that accompanied the Notice Packet mailed to Nominees (as well as an email mailed to Nominees) directed those who purchased Ryder common stock during the Class Period for the beneficial interest of persons or organizations other than themselves to, within seven (7) calendar days of receipt of the Notice, either (i) request from JND sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) provide a list of the names and addresses of all such beneficial owners to JND (who would then mail copies of the Notice Packet to those beneficial owners). *See* Notice at ¶ 69.

8.      JND monitored the responses received from brokers and other Nominees and followed up by email and, if necessary, phone calls to ensure that Nominees provided timely responses to JND's mailing. As of August 8, 2024, JND has mailed an additional 32,210 Notice

---

[2] JND's Nominee Database is updated from time to time as new Nominees are identified, and others merge or cease to exist.

Packets to potential Settlement Class Members whose names and addresses were received from individuals or brokerage firms, banks, institutions, and other Nominees requesting that Notice Packets be mailed to such persons and entities. As of August 8, 2024, JND has also mailed another 101,320 Notice Packets in bulk to Nominees who requested Notice Packets to forward to their customers. All such requests have been, and will continue to be, complied with and addressed in a timely manner.

9. As of August 8, 2024, a total of 146,570 Notice Packets have been mailed to potential Settlement Class Members and nominees. In addition, JND has re-mailed 441 Notice Packets to persons whose original mailings were returned by the U.S. Postal Service ("USPS") and for whom updated addresses were provided to JND by the USPS or were obtained through other means.

## PUBLICATION OF THE SUMMARY NOTICE

10. In accordance with the Preliminary Approval Order, JND caused the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Summary Notice") to be published in *Investor's Business Daily* and transmitted over the *PR Newswire* on March 18, 2024. Copies of proof of publication of the Summary Notice in *Investor's Business Daily* and over *PR Newswire* are attached hereto as Exhibits B and C, respectively. The Summary Notice released via *PR Newswire* has been available online since its publication on March 18, 2024.

## SETTLEMENT WEBSITE

11. On March 8, 2024, JND established a website ("Settlement Website") dedicated to the Settlement, www.RyderSystemSecuritiesLitigation.com. JND continues to maintain the Settlement Website to inform Settlement Class Members about the Settlement and provide answers

to frequently asked questions. The web address for the Settlement Website was set forth in the Notice Packet and in the Summary Notice. The Settlement Website includes information regarding the Action and the proposed Settlement, including the exclusion, objection, and claim-filing deadlines, and details about the Court's Settlement Hearing. Copies of the Notice and Claim Form, as well as the Stipulation, Preliminary Approval Order, and Complaint, are posted on the Settlement Website and are available for downloading. The Settlement Website became operational on March 8, 2024, and is accessible 24 hours a day, 7 days a week. JND will update the Settlement Website as necessary through the administration of the Settlement.

**TELEPHONE HELPLINE**

12.     On March 8, 2024, JND established a case-specific, toll-free telephone helpline, 877-381-0372 (the "Telephone Helpline"), with an interactive voice response system and live operators, to accommodate potential Settlement Class Members with questions about the Action and the Settlement. The automated attendant answers the calls and presents callers with a series of choices to respond to basic questions. Callers requiring further help have the option to be transferred to a live operator during business hours. JND continues to maintain the Telephone Helpline and will update the interactive voice response system as necessary through the administration of the Settlement.

**REPORT ON REQUESTS FOR EXCLUSION RECEIVED TO DATE**

13.     The Notice informs potential Settlement Class Members that requests for exclusion from the Settlement Class must be mailed to Ryder System Securities Litigation, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91062, Seattle, WA 98111, such that they are received no later than September 11, 2024. JND has monitored and will continue to monitor all mail delivered to the above address. As of August 8, 2024, JND has received five (5) requests for

5

exclusion. JND will submit a supplemental declaration after the September 11, 2024, deadline for requesting exclusion that will address all requests for exclusion received.

### REPORT ON OBJECTIONS RECEIVED TO DATE

14.     The Notice also informs potential Settlement Class Members that any objections to the Settlement, Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses must be mailed to Ryder System Securities Litigation, OBJECTIONS, c/o JND Legal Administration, P.O. Box 91062, Seattle, WA 9811, such that they are received no later than September 11, 2024.  JND has monitored and will continue to monitor all mail delivered to the above address.  As of August 8, 2024, JND has not received any objections.  JND will submit a supplemental declaration after the September 11, 2024, deadline for objecting that will address any objections received.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 9th day of August 2024, at New Hyde Park, New York.


_____
LUIGGY SEGURA

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

|  |  |
|---|---|
| STATE OF ALASKA, ALASKA PERMANENT FUND, THE CITY OF FORT LAUDERDALE GENERAL EMPLOYEES' RETIREMENT SYSTEM, and THE CITY OF PLANTATION POLICE OFFICERS PENSION FUND, On Behalf of Themselves and All Others Similarly Situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>RYDER SYSTEM, INC., ROBERT E. SANCHEZ, ART A. GARCIA, and DENNIS C. COOKE,<br><br>*Defendants.* | Civil Action No. 1:20-cv-22109-AMC |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND
PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING;
AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Southern District of Florida (the "Court"), if, during the period from July 23, 2015, through February 13, 2020, inclusive (the "Class Period"), you purchased or otherwise acquired the publicly traded common stock of Ryder System, Inc. ("Ryder" or the "Company"), and were damaged thereby.[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiffs State of Alaska, Alaska Permanent Fund; The City of Fort Lauderdale General Employees' Retirement System; and The City of Plantation Police Officers Pension Fund (collectively, "Lead Plaintiffs"),

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated as of May 19, 2023 (the "Stipulation"), which is available at www.RyderSystemSecuritiesLitigation.com.

on behalf of themselves and the Settlement Class (as defined in ¶ 26 below), have reached a proposed settlement of the Action for $45,000,000 in cash.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Office of the Clerk of the Court, Defendants, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 70 below).**

1. **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors, alleging, among other things, that Ryder and certain of Ryder's current and former senior executives (together with Ryder, the "Defendants") violated the federal securities by making materially false and misleading statements and omissions concerning Ryder's financial performance and the value of its core assets. A more detailed description of the Action is set forth in ¶¶ 11-25 below. As noted below, Defendants have denied and continue to deny all claims and allegations of wrongdoing asserted against them in the Action. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in ¶ 26 below.

2. **Statement of the Settlement Class's Recovery:** Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for $45,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (i.e., the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court. The proposed plan of allocation (the "Plan of Allocation") is attached hereto as Appendix A.

3. **Estimate of Average Amount of Recovery Per Share:** Based on the estimated number of shares of Ryder common stock purchased or otherwise acquired during the Class Period that may have been affected by the alleged conduct at issue in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) is $0.68 per affected share of Ryder common stock. **Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate.** Settlement Class Members may recover more or less than this estimated amount depending on, among other factors: (i) when and the price at which they purchased/acquired shares of Ryder common stock; (ii) whether they sold their shares of Ryder common stock and, if so, when; and (iii) the total number and value of valid Claims submitted to participate in the Settlement. Distributions to Settlement Class Members will be made based on the Plan of Allocation attached to this Notice as Appendix A or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal

2

securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel[2] have been prosecuting the Action on a wholly contingent basis since its inception in 2020, have not received any payment of attorneys' fees for their representation of the Settlement Class, and have advanced the funds to pay expenses necessarily incurred to institute, prosecute, and settle this Action. Court-appointed Lead Counsel will apply to the Court for an award of attorneys' fees for Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund, net of Litigation Expenses, or $11,126,521.40 plus interest earned at the same rate as the Settlement Fund. In addition, Lead Counsel will apply for payment of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action in the amount of $493,914.39. Any fees and expenses awarded by the Court will be paid from the Settlement Fund immediately upon award by the Court. Settlement Class Members are not personally liable for any such fees or expenses. The estimated average cost for such fees and expenses, if the Court approves Lead Counsel's fee and expense application, is $0.18 per affected share of Ryder common stock.

6. **Identification of Attorneys' Representative:** Lead Plaintiffs and the Settlement Class are represented by John Rizio-Hamilton, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York, NY 10020; 800-380-8496; settlements@blbglaw.com.

7. **Reasons for the Settlement:** Lead Plaintiffs' principal reason for entering into the Settlement is the substantial and certain recovery for the Settlement Class without the risk or the delays inherent in further litigation, including through summary judgment, trial, and any appeals. Moreover, the substantial recovery provided under the Settlement must be considered against the significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny that they have committed any act or omission giving rise to liability under the federal securities laws, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** *POSTMARKED* **(IF MAILED), OR** *SUBMITTED ONLINE*, **NO LATER THAN SEPTEMBER 11, 2024.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 35 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 36 below), so it is in your interest to submit a Claim Form. |

---

[2] "Plaintiffs' Counsel" consist of Lead Counsel Bernstein Litowitz Berger & Grossmann LLP and Liaison Counsel Klausner, Kaufman, Jensen & Levinson, P.A.

3

| | |
|---|---|
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN SEPTEMBER 11, 2024.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that potentially allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN SEPTEMBER 11, 2024.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for an award of attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON OCTOBER 23, 2024, AT 9:30 AM** | If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice? ..................................................................................................Page 5

What Is This Case About?  ...................................................................................................Page 5

How Do I Know If I Am Affected By The Settlement?  Who Is Included In The
      Settlement Class?............................................................................................................ Page 7

What Are Lead Plaintiffs' Reasons For The Settlement?.....................................................Page 8

What Might Happen If There Were No Settlement? .............................................................Page 8

How Are Settlement Class Members Affected By The Action And The Settlement?...........Page 9

4

Questions? Visit www.RyderSystemSecuritiesLitigation.com, call 877-381-0372, or email
info@RyderSystemSecuritiesLitigation.com

How Do I Participate In The Settlement?  What Do I Need To Do?..................................Page 12

How Much Will My Payment Be?..................................................................................Page 12

What Payment Are The Attorneys For The Settlement Class Seeking?
    How Will The Lawyers Be Paid? ..............................................................................Page 13

What If I Do Not Want To Be A Member Of The Settlement Class?
    How Do I Exclude Myself? .......................................................................................Page 14

When And Where Will The Court Decide Whether To Approve The
    Settlement?  Do I Have To Come To The Hearing?
    May I Speak At The Hearing If I Don't Like The Settlement? ..................................Page 14

What If I Bought Shares On Someone Else's Behalf? .......................................................Page 17

Can I See The Court File? Whom Should I Contact If I Have Questions? .........................Page 17

Proposed Plan Of Allocation Of Net Settlement Fund Among Authorized Claimants ......Appendix A

## WHY DID I GET THIS NOTICE?

8.     The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired publicly traded Ryder common stock during the Class Period.  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.     The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses (the "Settlement Hearing").  *See* ¶¶ 60-61 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.    Ryder is a provider of transportation and supply chain management solutions, with a significant portion of the Company's revenue coming from its Fleet Management Solutions (FMS) business, which mainly provides truck and tractor leasing services.  The claims alleged in this case

5

arise from Defendants' alleged overstatement of the "residual values" that Ryder assigned to its vehicles, which allegedly understated the Company's depreciation expense and increased its earnings during the Class Period.

12.    On May 20, 2020, a class action complaint, styled *Key West Police & Fire Pension Fund v. Ryder System, Inc. et al.*, Civil Action No. 1:20-cv-22109 (S.D. Fla.), was filed in the Court, asserting violations of federal securities laws.  In accordance with the Private Securities Litigation Reform Act of 1995 ("PSLRA"), notice to the public was issued stating the deadline by which putative class members could move the Court for appointment as lead plaintiff.

13.    On July 20, 2020, the State of Alaska, Alaska Permanent Fund; the City of Fort Lauderdale General Employees' Retirement System; and the City of Plantation Police Officers Pension Fund moved together for appointment as Lead Plaintiffs.

14.    On August 3, 2020, the Court entered an Order which appointed the State of Alaska, Alaska Permanent Fund; the City of Fort Lauderdale General Employees' Retirement System; and the City of Plantation Police Officers Pension Fund as Lead Plaintiffs for the Action, and approved Lead Plaintiffs' selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel for the class.

15.    On October 5, 2020, Lead Plaintiffs filed and served their Amended Complaint for Violations of the Federal Securities Laws (the "Complaint") asserting claims against Defendant Ryder and Defendants Robert E. Sanchez, Art A. Garcia and Dennis C. Cooke (collectively, the "Individual Defendants") under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act.

16.     On December 4, 2020, Defendants filed a motion to dismiss the Complaint (the "Motion to Dismiss"), which was fully briefed by March 4, 2021.  The Court held oral argument on the Motion to Dismiss on April 7, 2021, and on May 12, 2022, the Court entered its Order denying the Motion to Dismiss.

17.    On June 16, 2022, Defendants filed their answer to the Complaint (the "Answer").  Among other things, Defendants' Answer denied Lead Plaintiffs' allegations of wrongdoing and asserted various defenses to the claims pled against Defendants.

18.    Discovery in the Action commenced in June 2022.  Lead Plaintiffs prepared and served initial disclosures, requests for production of documents, and interrogatories on Defendants, exchanged correspondence with Defendants concerning discovery issues over several months, and served document subpoenas on third parties.  In the course of discovery, Defendants produced more than one million pages of documents to Lead Plaintiffs in response to their discovery requests.

19.    On September 23, 2022, Lead Plaintiffs filed their motion for class certification (the "Class Certification Motion"), which was accompanied by a report from Lead Plaintiffs' expert, Dr. Michael L. Hartzmark, which opined that Ryder's common stock traded in an efficient market during the Class Period and that per-share damages could be measured for all Settlement Class Members using a common methodology.  The Class Certification Motion was fully briefed by February 17, 2023.  Both Parties' experts were deposed in connection with the Class Certification Motion.  A hearing on Class Certification Motion was scheduled for April 20, 2022.

6

20. In June 2022, the Court had ordered the Parties to engage in mediation to discuss the possibility of settlement, and the Parties subsequently agreed to retain Jed D. Melnick, Esq., of JAMS to act as mediator (the "Mediator") in the Action.

21. On January 26, 2023, counsel for the Parties participated in a mediation session before the Mediator. In advance of that session, the Parties exchanged and submitted detailed mediation statements and supporting exhibits to the Mediator. At the mediation session, the Parties engaged in vigorous settlement discussions with the assistance of Mr. Melnick but were not able to reach an agreement.

22. The Parties conducted a second mediation session on March 28, 2023. In advance of that session, Lead Plaintiffs submitted a supplemental mediation statement and Defendants prepared a responsive presentation. At the second mediation session, the Parties once again engaged in vigorous settlement discussions with Mr. Melnick's assistance but were not able to reach an agreement.

23. Thereafter, the Mediator continued to engage in discussion with the Parties. Following those discussions, the Mediator proposed a recommendation that the Parties settle the Action for $45 million, which both sides accepted on a double-blind basis. The Parties informed the Court of their agreement in principle to settle on April 18, 2023 and moved to adjourn the scheduled hearing on Lead Plaintiffs' Class Certification Motion. On April 19, 2023, the Court granted that motion.

24. On May 19, 2023, the Parties entered into the Stipulation and Agreement of Settlement, which sets forth the terms and conditions of the Settlement. The Stipulation is available at www.RyderSystemSecuritiesLitigation.com.

25. On February 20, 2024, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

26. If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> all persons or entities who purchased or otherwise acquired publicly traded Ryder common stock during the period from July 23, 2015, through February 13, 2020, inclusive (the "Class Period"), and were damaged thereby.

Excluded from the Settlement Class are: (i) Defendants; (ii) the Immediate Family Members of any Individual Defendant; (iii) present or former Officers and directors of Ryder and their Immediate Family Members; (iv) any parent, subsidiary, or affiliate of Ryder; (v) any firm, trust, corporation, or other entity in which any Defendant or other excluded person or entity has, or had during the Class Period, a controlling interest; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded persons or entities. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," on page 14 below.

7

**Please note: Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to a payment from the Settlement. If you are a Settlement Class Member and you wish to be eligible to receive a payment from the Settlement, you are required to submit the Claim Form that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked (if mailed), or submitted online at www.RyderSystemSecuritiesLitigation, no later than September 11, 2024.**

## WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?

27.     Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through summary judgment, trial, and appeals, as well as the very substantial risks they would face in establishing liability and damages. Such risks include the potential challenges associated with proving that there were material misstatements and omissions in Defendants' public statements; that Defendants acted with "scienter," or fraudulent intent, when they made the alleged misstatements; that there was a causal connection between the alleged misrepresentations and the losses investors allegedly suffered; and that investors suffered significant damages. Also, as noted above, at the time the Settlement was reached, Lead Plaintiffs' Class Certification Motion was pending. An adverse ruling by the Court on this motion would have greatly impacted Lead Plaintiffs' case. And, even if the class were ultimately certified, Lead Plaintiffs would have had to prevail at several additional stages of litigation—summary judgment, a trial, and if they prevailed on those, on the appeals that were likely to follow. Thus, there were very significant risks related to the continued prosecution of the claims against Defendants.

28.     In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. Lead Plaintiffs and Lead Counsel believe that the Settlement provides a favorable result for the Settlement Class, namely $45,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after full discovery, summary judgment, trial, and post-trial appeals, possibly years in the future.

29.     Defendants have denied the claims asserted against them in the Action and deny that the Settlement Class was harmed or suffered any damages as a result of the conduct alleged in the Action. Defendants have agreed to the Settlement solely to eliminate the uncertainty, burden, and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

30.     If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED
## BY THE ACTION AND THE SETTLEMENT?

31.    As a Settlement Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you choose to either represent yourself or enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to retain your own counsel, such counsel must file a Notice of Appearance on your behalf on the Court's docket.  If you chose to represent yourself, you do not need to file a Notice of Appearance.

32.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," below.

33.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for an award of attorneys' fees and Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

34.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members (whether or not such person submitted a Claim Form or shares in the Net Settlement Fund), on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims (as defined in ¶ 35 below) on behalf of any Settlement Class Member, in their capacities as such, will have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every Released Plaintiffs' Claim (including, without limitation, any Unknown Claims, as defined in ¶ 37 below) against Defendants and all of the Defendants' Releasees (as defined in ¶ 36 below), and will forever be barred and enjoined, to the fullest extent permitted by law, from asserting, commencing, instituting, maintaining, prosecuting, or continuing to prosecute any and all of the Released Plaintiffs' Claims against any and all of the Defendants' Releasees in this Action or in any other proceeding.

35.    "Released Plaintiffs' Claims" means any and all claims, causes of action, demands, rights, liabilities, losses, obligations, duties, damages, diminutions in value, costs, debts, expenses, interest, penalties, fines, sanctions, fees, attorneys' fees, expert and consulting fees, actions, potential actions, suits, agreements, judgments, decrees, matters, issues, and controversies of any kind, nature, or descriptions whatsoever, whether disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, contingent or non-contingent, known or unknown (including Unknown Claims), whether arising from or based on federal, state, local, foreign, statutory, regulatory, common, or any other law or rule, whether class or individual in nature, in law, in contract, or in equity, and regardless of legal theory, that have been asserted, could have been asserted, or could be asserted in the future in any forum that (i) arise out of, are based upon,

9

or relate to the allegations, transactions, acts, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged, or referred to in the Complaint and (ii) arise out of, are based upon, or relate to the purchase, acquisition, sale, disposition, or holding of Ryder common stock purchased or otherwise acquired during the Class Period. Released Plaintiffs' Claims do not cover, include, or release: (i) shareholder derivative claims on behalf of Ryder, including those claims asserted derivatively in *Campbell v. Sanchez, et al.*, Case No. 1:21-cv-20203-BB (S.D. Fla.); *Aleman v. Sanchez, et al.*, Case No. 1:21-cv-20539-BB (S.D. Fla.); *In re Ryder System, Inc. Stockholder Derivative Litigation*, No. 2020-013618-CA-01 (Fla. 11th Judicial Cir. Miami-Dade Cnty.); or any cases consolidated into any of the foregoing actions or any case into which any of the foregoing actions is or may be consolidated; or (ii) any claims relating to the enforcement of the Stipulation or the Settlement.

36.   "Defendants' Releasees" means (i) Defendants; (ii) Defendants' past or present, direct or indirect, parents, affiliates, subsidiaries, divisions, partnerships, limited liability companies, trusts, Immediate Family Members, successors, and predecessors (collectively, "Defendant Affiliates"); (iii) all past or present officers, directors, employees, associates, agents, advisors (including financial or investment advisors), representatives, underwriters, investment bankers, members, partners, trustees, accountants, auditors, consultants, contractors, experts, insurers, reinsurers, and attorneys of Defendants and Defendant Affiliates; and (iv) the legal representatives, heirs, estates, executors, administrators, beneficiaries, predecessors, successors and assigns of any of the foregoing.

37.   "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, their, or its favor at the time of the release of the Released Plaintiffs' Claims, which, if known by him, her, their, or it, might have affected his, her, their, or its decision(s) with respect to the Settlement, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him or it, might have affected his or its decision(s) with respect to the Settlement. Lead Plaintiffs and Defendants acknowledge, and the other Settlement Class Members by operation of law are deemed to acknowledge, that they may discover facts, legal theories, or authorities in addition to or different from those which he, she, their, or it now knows or believes to be true with respect to the Released Plaintiffs' Claims and the Released Defendants' Claims, but that it is the intention of Lead Plaintiff and Defendants, and by operation of law the other Settlement Class Members, to upon the Effective Date expressly, fully, finally, and forever settle, release, and extinguish any and all Released Plaintiffs' Claims and Released Defendants' Claims without regard to the subsequent discovery or existence of such additional or different facts, legal theories, or authorities. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

<div align="center">10</div>

Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

38.   The Judgment will also provide that, upon the Effective Date, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims (as defined in ¶ 39 below) on behalf of any Defendant, in their capacities as such, will have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every Released Defendants' Claim (including, without limitation, any Unknown Claims) against Lead Plaintiffs and all of the Plaintiffs' Releasees (as defined in ¶ 40 below), and will forever be barred and enjoined, to the fullest extent permitted by law, from asserting, commencing, instituting, maintaining, prosecuting, or continuing to prosecute any and all of the Released Defendants' Claims against any and all of the Plaintiffs' Releasees in this Action or in any other proceeding.

39.   "Released Defendants' Claims" means any and all claims, causes of action, demands, rights, liabilities, losses, obligations, duties, damages, diminutions in value, costs, debts, expenses, interest, penalties, fines, sanctions, fees, attorneys' fees, expert and consulting fees, actions, potential actions, suits, agreements, judgments, decrees, matters, issues, and controversies of any kind, nature, or descriptions whatsoever, whether disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, contingent or non-contingent, known or unknown (including Unknown Claims), whether arising from or based on federal, state, local, foreign, statutory, regulatory, common, or any other law or rule, whether in law, in contract, or in equity, and regardless of legal theory, that have been asserted, could have been asserted, or could be asserted in the future in any forum that arise out of or relate to the institution, prosecution, or settlement of the claims against Defendants in the Action.  Released Defendants' Claims do not cover, include, or release: (i) claims relating to the enforcement of the Stipulation or the Settlement; (ii) any claims against any person or entity who or which submits a request for exclusion that is accepted by the Court; and (iii) any claims between Defendants' Releasees and their respective insurers.

40.   "Plaintiffs' Releasees" (i) Lead Plaintiffs, all other plaintiffs in the Action, and all other Settlement Class Members; (ii) the past or present, direct or indirect, parents, affiliates, subsidiaries, divisions, partnerships, limited liability companies, trusts, trustees, Immediate Family Members, attorneys (including Plaintiffs' Counsel), successors, and predecessors of any Settlement Class Member (including Lead Plaintiffs and all other plaintiffs in the Action) (collectively, "Class Member Affiliates"); (iii) all past or present officers, directors, employees, associates, agents, advisors (including financial or investment advisors), representatives, underwriters, investment bankers, members, partners, trustees, accountants, auditors, consultants, contractors, experts, insurers, reinsurers, and attorneys of any Settlement Class Member or any of the Class Member Affiliates; and (iv) the legal representatives, heirs, estates, executors, administrators, beneficiaries, predecessors, successors and assigns of any of the foregoing.

11

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

41.  To be eligible for a payment from the Settlement, you must be a member of the Settlement Class and you must timely complete and submit the Claim Form with adequate supporting documentation *postmarked (if mailed), or submitted online at www.RyderSystemSecuritiesLitigation.com, no later than September 11, 2024*.  A Claim Form is included with this Notice, or you may obtain one from the Settlement website, www.RyderSystemSecuritiesLitigation.com.  You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at 877-381-0372 or by emailing the Claims Administrator at info@RyderSystemSecuritiesLitigation.com.  **Please retain all records of your ownership of and transactions in Ryder common stock, as they will be needed to document your Claim.**  The Parties and Claims Administrator do not have information about your transactions in Ryder common stock.

42.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

43.  At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

44.  Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid a total of $45,000,000 in cash (the "Settlement Amount").  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

45.  The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

46.  Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

47.  Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

48.  Unless the Court otherwise orders, any Settlement Class Member who or which fails to submit a Claim Form postmarked (if mailed), or submitted online, on or before September 11, 2024, shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a member of the Settlement Class and be subject to the provisions

12

of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 35 above) against the Defendants' Releasees (as defined in ¶ 36 above) and will be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

49.    Participants in, and beneficiaries of, a Ryder employee benefit plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Ryder common stock held through the ERISA Plan in any Claim Form that they submit in this Action. They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan. Claims based on any ERISA Plan's purchases or acquisitions of Ryder common stock during the Class Period may be made by the plan's trustees.

50.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

51.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, their, or its Claim Form.

52.    Only Settlement Class Members, i.e., persons and entities who purchased or otherwise acquired publicly traded Ryder common stock during the Class Period and were damaged as a result of such purchases or acquisitions, will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible for a payment and should not submit Claim Forms. The only security that is included in the Settlement is publicly traded Ryder common stock.

53.    **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Lead Plaintiffs. At the Settlement Hearing, Lead Plaintiffs will request the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Settlement Class.**

<div style="text-align:center; border:1px solid black; background:#d9d9d9; padding:8px;">

**WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?**

</div>

54.    Plaintiffs' Counsel have not received any payment for their services in pursuing claims asserted in the Action on behalf of the Settlement Class, nor have Plaintiffs' Counsel been paid for their Litigation Expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund, net of Litigation Expenses, or $11,126,521.40 plus interest earned at the same rate as the Settlement Fund. In addition, Lead Counsel will apply for payment of Litigation Expenses incurred by Plaintiffs' Counsel in connection with the institution, prosecution, and resolution of the Action in the amount of $493,914.39. Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses ("Fee and Expense Motion") will be filed with Court no later than August 12, 2024, and a copy of the Fee and Expense Motion will be posted to the Settlement website, www.RyderSystemSecuritiesLitigation.com. Any award of attorneys' fees and Litigation Expenses will be paid from the Settlement Fund at the time of award by the Court

and prior to allocation and payment to Authorized Claimants. *Settlement Class Members are not personally liable for any such fees or expenses.*

| **WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?** |
|---|

55.   Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to Ryder System Securities Litigation, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91062, Seattle, WA 98111.  The Request for Exclusion must be *received* no later than September 11, 2024.  You will not be able to exclude yourself from the Settlement Class after that date.  Each Request for Exclusion must (1) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (2) state that such person or entity "requests exclusion from the Settlement Class in *State of Alaska et al. v. Ryder System, Inc. et al.*, Civil Action No. 1:20-cv-22109-AMC"; (3) state the number of shares of publicly traded Ryder common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on July 23, 2015, and (B) purchased/acquired and/or sold during the period from July 23, 2015, through May 13, 2020, inclusive, as well as the date, number of shares, and price of each such purchase/acquisition and sale transaction; and (4) be signed by the person or entity requesting exclusion or an authorized representative.  A Request for Exclusion that does not provide all the information called for in this paragraph and is not received within the time stated above will be invalid and will not be allowed.  Lead Counsel may request that the person or entity requesting exclusion submit documentation sufficient to prove any of the information called for above, or additional transaction information or documentation regarding his, her, their, or its holdings and trading in Ryder common stock.

56.   If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

57.   If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

58.   Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and Defendants.

| **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?  MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?** |
|---|

59.   **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing.**

60.   **Please Note**:  The date and time of the Settlement Hearing may change without further written notice to the Settlement Class.  In addition, the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by phone, without further written notice to the Settlement Class.  **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.RyderSystemSecuritiesLitigation.com, before making any plans to attend the Settlement Hearing.  Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.RyderSystemSecuritiesLitigation.com.  If the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the telephone or video conference will be posted to the Settlement website, www.RyderSystemSecuritiesLitigation.com.**

61.   The Settlement Hearing will be held on **October 23, 2024, at 9:30 AM**, before the Honorable Aileen M. Cannon, either in person at the United States District Court for the Southern District of Florida, Courtroom 4008 of the Alto Lee Adams, Sr. United States Courthouse, 101 South U.S. Highway 1, Fort Pierce, Florida 34950, or by telephone or videoconference (in the discretion of the Court), for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (b) to determine whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Settlement Class; Lead Plaintiffs should be certified as Class Representatives for the Settlement Class; Lead Counsel should be appointed as Class Counsel for the Settlement Class; and Liaison Counsel should be appointed as Liaison Class Counsel for the Settlement Class; (c) to determine whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation (and in this Notice) should be granted; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  The Court reserves the right to certify the Settlement Class; approve the Settlement, the Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses; and/or consider any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

62.   Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses.  Objections must be in writing.  You must mail any written objection, together with copies of all other papers and briefs supporting the objection, to the Claims Administrator at the address set forth below so that the papers are *received* **on or before September 11, 2024.**

15

| CLAIMS ADMINISTRATOR |
|---|
| Ryder System Securities Litigation, OBJECTIONS<br>c/o JND Legal Administration<br>P.O. Box 91062<br>Seattle, WA 98111 |

63.    To object, you must send a letter stating that you object to the Settlement.  Your objection must include:  (1) the name of this proceeding, *State of Alaska et al. v. Ryder System, Inc. et al.*, Civil Action No. 1:20-cv-22109-AMC; (2) the objector's full name, current address, and telephone number; (3) the objector's signature; (4) a statement providing the specific reasons for the objection, including a detailed statement of the specific legal and factual basis for each and every objection and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (5) documents sufficient to prove membership in the Settlement Class, including documents showing the number of shares of publicly traded Ryder common stock that the objecting Settlement Class Member (A) owned as of the opening of trading on July 23, 2015, and (B) purchased/acquired and/or sold during the period from July 23, 2015, through February 13, 2020, inclusive, as well as the date, number of shares, and price of each such purchase/acquisition and sale transaction.  The documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  Lead Counsel may request from any objector additional transaction information or documentation regarding his, her, their, or its holdings and trading in Ryder common stock.

64.    You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

65.    You may submit a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first send a written objection to the Claims Administrator in accordance with the procedures described in ¶¶ 62 and 63 above, unless the Court orders otherwise.

66.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a Notice of Appearance on the Court's docket **on or before September 11, 2024**.  Objectors and/or their counsel may be heard orally at the Settlement Hearing at the discretion of the Court.

67.    The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class.  If you plan to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

68.    **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation**

16

**Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval**.

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

69.   If you purchased or otherwise acquired shares of publicly traded Ryder common stock during the period from July 23, 2015, through February 13, 2020, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names, addresses, and email addresses (if available) of all such beneficial owners to Ryder System Securities Litigation, c/o JND Legal Administration, P.O. Box 91329, Seattle, WA 98111. If you choose the second option, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from the Settlement website, www.RyderSystemSecuritiesLitigation.com; by calling the Claims Administrator toll-free at 877-381-0372; or by emailing the Claims Administrator at RSLSecurities@jndla.com.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

70.   This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Clerk's Office, United States District Court for the Southern District of Florida, Alto Lee Adams, Sr. United States Courthouse, 101 South U.S. Highway 1, Room #1016, Ft. Pierce, FL 34950. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the Settlement website, www.RyderSystemSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

Ryder System Securities Litigation          and/or          John Rizio-Hamilton, Esq.
c/o JND Legal Administration                                      Bernstein Litowitz Berger
P.O. Box 91329                                                              & Grossmann LLP
Seattle, WA 98111                                                  1251 Avenue of the Americas
877-381-0372                                                                   44th Floor
info@RyderSystemSecuritiesLitigation.com                   New York, NY 10020
www.RyderSystemSecuritiesLitigation.com                      800-380-8496
                                                                          settlements@blbglaw.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

17

Dated: March 11, 2024

By Order of the Court
United States District Court
Southern District of Florida

## APPENDIX A

### Proposed Plan of Allocation of Net Settlement Fund Among Authorized Claimants

1.     The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Settlement Class Members who had economic losses as a result of the alleged violations of the federal securities laws.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

2.     In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts during the Class Period (i.e., from July 23, 2015, through February 13, 2020, inclusive), which had the effect of artificially inflating the price of publicly traded Ryder common stock ("Ryder Common Stock").  The estimated artificial inflation in Ryder Common Stock allegedly caused by Defendants' alleged misrepresentations and omissions is stated in Table A below.  The estimated artificial inflation takes into account price changes in Ryder Common Stock in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and omissions, and adjusts for price changes attributable to market or industry factors.  Lead Plaintiffs allege that corrective information was released to the market which partially removed the artificial inflation from the price of Ryder Common Stock on July 30, 2019, October 29, 2019, October 30, 2019, February 13, 2020, February 14, 2020, and February 18, 2020.[1]

3.     Recognized Loss Amounts under the Plan of Allocation are based primarily on the difference in the amount of alleged artificial inflation in the price of Ryder Common Stock at the time of purchase or acquisition and at the time of sale or the difference between the actual purchase/acquisition price and sale price.  Accordingly, in order to have a Recognized Loss Amount under the Plan of Allocation, a Settlement Class Member who or which purchased or otherwise acquired Ryder Common Stock prior to the first corrective disclosure on July 30, 2019 must have held his, her, their, or its shares of Ryder Common Stock through at least July 29, 2019.  A Class Member who or which purchased or otherwise acquired Ryder Common Stock from July 30, 2019, through February 13, 2020 must have held those shares through at least one of the later dates where new corrective information was released to the market and partially removed the artificial inflation from the price of Ryder Common Stock.

### CALCULATION OF RECOGNIZED LOSS AMOUNTS

4.     Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Ryder Common Stock during the Class Period (i.e., from July 23, 2015, through February 13, 2020, inclusive) that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

---

[1] The stock market was closed for a trading holiday on Monday, February 17, 2020.

5.    For each share of Ryder Common Stock purchased or otherwise acquired during the period from July 23, 2015, through February 13, 2020, inclusive, and:

(i)    Sold before July 30, 2019, the Recognized Loss Amount will be $0.00.

(ii)   Sold from July 30, 2019, through and including the close of trading on February 13, 2020, the Recognized Loss Amount will be *the lesser of:* (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A *minus* the amount of artificial inflation per share on the date of sale as stated in Table A; or (ii) the purchase/acquisition price *minus* the sale price.

(iii)  Sold from February 14, 2020, through and including the close of trading on May 13, 2020, the Recognized Loss Amount will be *the least of:* (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A *minus* the amount of artificial inflation per share on the date of sale as stated in Table A; (ii) the purchase/acquisition price *minus* the average closing price between February 14, 2020 and the date of sale as stated in Table B below; or (iii) the purchase/acquisition price *minus* the sale price.

(iv)   Held as of the close of trading on May 13, 2020, the Recognized Loss Amount will be the lesser of: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; or (ii) the purchase/acquisition price *minus* $31.46.[2]

## ADDITIONAL PROVISIONS

6.    **Calculation of Claimant's "Recognized Claim":**  A Claimant's "Recognized Claim" will be the sum of his, her, their, or its Recognized Loss Amounts as calculated under ¶ 5 of this Plan of Allocation.

7.    **FIFO Matching:**  If a Settlement Class Member made more than one purchase/acquisition or sale of Ryder Common Stock during the Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis.  Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

8.    **Purchase/Sale Prices:**  For the purposes of calculations under ¶ 5 of this Plan of Allocation, "purchase/acquisition price" means the actual price paid, excluding any fees, commissions, and taxes, and "sale price" means the actual amount received, not deducting any fees, commissions, and taxes.

---

[2] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Ryder Common Stock during the "90-day look-back period," February 14, 2020 through and including the close of trading on May 13, 2020.  The mean (average) closing price for Ryder Common Stock during this 90-day look-back period was $31.46.

9. **"Purchase/Acquisition/Sale" Dates:** Purchases or acquisitions and sales of Ryder Common Stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Ryder Common Stock during the Class Period will not be deemed a purchase, acquisition, or sale of Ryder common stock for the calculation of a Claimant's Recognized Loss Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of Ryder Common Stock unless (i) the donor or decedent purchased or otherwise acquired or sold such Ryder Common Stock during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Ryder Common Stock.

10. **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Ryder Common Stock. The date of a "short sale" is deemed to be the date of sale of the Ryder Common Stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" are zero.

11. In the event that a Claimant has an opening short position in Ryder Common Stock, the earliest purchases or acquisitions of Ryder Common Stock during the Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

12. **Common Stock Purchased/Sold Through the Exercise of Options:** Option contracts are not securities eligible to participate in the Settlement. With respect to Ryder Common Stock purchased or sold through the exercise of an option, the purchase/sale date of the security is the exercise date of the option and the purchase/sale price is the exercise price of the option.

13. **Market Gains and Losses:** The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, their, or its overall transactions in Ryder Common Stock during the Class Period. For purposes of making this calculation, the Claims Administrator will determine the difference between (i) the Claimant's Total Purchase Amount[3] and (ii) the sum of the Claimant's Total Sales Proceeds[4] and the Claimant's Holding Value.[5] If the Claimant's Total Purchase Amount minus the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

14. If a Claimant had a Market Gain with respect to his, her, their, or its overall transactions in Ryder Common Stock during the Class Period, the value of the Claimant's Recognized Claim will

---

[3] The "Total Purchase Amount" is the total amount the Claimant paid (excluding any fees, commissions, and taxes) for all shares of Ryder Common Stock purchased/acquired during the Class Period.

[4] The Claims Administrator shall match any sales of Ryder Common Stock during the Class Period first against the Claimant's opening position in Ryder Common Stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (not deducting any fees, commissions, and taxes) for sales of the remaining shares of Ryder Common Stock sold during the Class Period is the "Total Sales Proceeds."

[5] The Claims Administrator will ascribe a "Holding Value" of $40.12 to each share of Ryder Common Stock purchased/acquired during the Class Period that was still held as of the close of trading on February 13, 2020.

3

be zero, and the Claimant will in any event be bound by the Settlement.  If a Claimant suffered an overall Market Loss with respect to his, her, their, or its overall transactions in Ryder Common Stock during the Class Period but that Market Loss was less than the Claimant's Recognized Claim calculated pursuant to ¶¶ 5-6 of this Plan of Allocation, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

15.  **Determination of Distribution Amount:**  If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant will receive his, her, their, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

16.  If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

17.  If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

18.  After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator, no less than six (6) months after the initial distribution, will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court.

19.  Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Lead Plaintiffs' damages or consulting experts, Defendants, Defendants' Counsel, or any of the other Plaintiff's Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court.  Lead Plaintiffs, Defendants, and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

4

20.   The Plan of Allocation stated herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with their damages expert.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class.  Any orders regarding any modification of the Plan of Allocation will be posted on the Settlement website, www.RyderSystemSecuritiesLitigation.com.

### TABLE A

**Estimated Artificial Inflation in Ryder Common Stock
from July 23, 2015, through February 17, 2020\***

| Transaction Date Range | Artificial Inflation Per Share |
|---|---|
| July 23, 2015, through July 29, 2019 | $21.59 |
| July 30, 2019, through October 28, 2019 | $15.21 |
| October 29, 2019 | $12.51 |
| October 30, 2019, through February 12, 2020 | $10.53 |
| February 13, 2020 | $5.29 |
| February 14, 2020, through February 17, 2020 | $1.77 |
| February 18, 2020 or later | $0.00 |

\*Only shares of Ryder Common Stock purchased or otherwise acquired during the Class Period (i.e., from July 23, 2015, through February 13, 2020, inclusive), are eligible for recovery under the Settlement.

5

**TABLE B**

**90-Day Look-Back Table for Ryder Common Stock**
**(Average Closing Price:  February 14, 2020 – May 13, 2020)**

| Date | Average Closing Price Between 2/14/2020 and Date Shown | Date | Average Closing Price Between 2/14/2020 and Date Shown |
|---|---|---|---|
| 2/14/2020 | $40.12 | 3/31/2020 | $33.02 |
| 2/18/2020 | $39.29 | 4/1/2020 | $32.76 |
| 2/19/2020 | $39.40 | 4/2/2020 | $32.51 |
| 2/20/2020 | $39.82 | 4/3/2020 | $32.23 |
| 2/21/2020 | $40.01 | 4/6/2020 | $32.06 |
| 2/24/2020 | $40.03 | 4/7/2020 | $31.93 |
| 2/25/2020 | $39.87 | 4/8/2020 | $31.85 |
| 2/26/2020 | $39.54 | 4/9/2020 | $31.83 |
| 2/27/2020 | $39.25 | 4/13/2020 | $31.81 |
| 2/28/2020 | $39.13 | 4/14/2020 | $31.77 |
| 3/2/2020 | $38.98 | 4/15/2020 | $31.68 |
| 3/3/2020 | $38.73 | 4/16/2020 | $31.59 |
| 3/4/2020 | $38.58 | 4/17/2020 | $31.51 |
| 3/5/2020 | $38.31 | 4/20/2020 | $31.40 |
| 3/6/2020 | $38.05 | 4/21/2020 | $31.29 |
| 3/9/2020 | $37.60 | 4/22/2020 | $31.18 |
| 3/10/2020 | $37.39 | 4/23/2020 | $31.11 |
| 3/11/2020 | $37.07 | 4/24/2020 | $31.04 |
| 3/12/2020 | $36.62 | 4/27/2020 | $31.03 |
| 3/13/2020 | $36.34 | 4/28/2020 | $31.02 |
| 3/16/2020 | $35.90 | 4/29/2020 | $31.10 |
| 3/17/2020 | $35.68 | 4/30/2020 | $31.18 |
| 3/18/2020 | $35.48 | 5/1/2020 | $31.25 |
| 3/19/2020 | $35.20 | 5/4/2020 | $31.28 |
| 3/20/2020 | $34.85 | 5/5/2020 | $31.32 |
| 3/23/2020 | $34.48 | 5/6/2020 | $31.34 |
| 3/24/2020 | $34.18 | 5/7/2020 | $31.37 |
| 3/25/2020 | $33.92 | 5/8/2020 | $31.44 |
| 3/26/2020 | $33.71 | 5/11/2020 | $31.48 |
| 3/27/2020 | $33.47 | 5/12/2020 | $31.49 |
| 3/30/2020 | $33.23 | 5/13/2020 | $31.46 |

6

# PROOF OF CLAIM AND RELEASE FORM

**Ryder System Securities Litigation**
**Toll-Free Number:  877-381-0372**
**Email:  info@RyderSystemSecuritiesLitigation.com**
**Website:  www.RyderSystemSecuritiesLitigation.com**

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and submit it, together with the required supporting documentation, either by mail or online.  If you choose to submit by mail, you must send the Claim Form, together with the required supporting documentation, by First-Class Mail to the address below, and your mailing must be *postmarked* no later than September 11, 2024.

> **Mail to:   Ryder System Securities Litigation**
> **c/o JND Legal Administration**
> **P.O. Box 91329**
> **Seattle, WA 98111**

If you chose to submit the Claim Form, together with the required supporting documentation, **online**, you must do so **at www.RyderSystemSecuritiesLitigation.com, no later than September 11, 2024.**

Failure to submit your Claim Form by the date specified will subject your Claim to rejection and may preclude you from being eligible to receive a payment from the Settlement.

**Do not mail or deliver your Claim Form to the Court, Lead Counsel, Defendants' Counsel, or any of the Parties to the Action.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

## CONTENTS

**02**   Part I - CLAIMANT INFORMATION

**03**   Part II - GENERAL INSTRUCTIONS

**06**   Part III - SCHEDULE OF TRANSACTIONS IN PUBLICLY TRADED RYDER COMMON STOCK (TICKER: R, CUSIP: 783549108)

**08**   Part IV - RELEASE OF CLAIMS AND SIGNATURE

# PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's Name

| First Name | MI | Last Name |
|---|---|---|
| | | |

Joint Beneficial Owner's Name (*if applicable*)

| First Name | MI | Last Name |
|---|---|---|
| | | |

If this Claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g., Jones IRA*).

Entity Name (*if the Beneficial Owner is not an individual*)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

| City | State/Province | Zip Code |
|---|---|---|
| | | |

| Foreign Postal Code (*if applicable*) | Foreign Country (*if applicable*) |
|---|---|
| | |

| Telephone Number (*Day*) | Telephone Number (*Evening*) |
|---|---|
| | |

Email Address (*email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this Claim*)

Account Number

**Type of Beneficial Owner** (*Specify one of the following*):

- ☐ Individual(s)
- ☐ Corporation
- ☐ UGMA Custodian
- ☐ IRA
- ☐ Partnership
- ☐ Estate
- ☐ Trust
- ☐ Other (describe): _____

Questions? Visit www.RyderSystemSecuritiesLitigation.com, call 877-381-0372, or email info@RyderSystemSecuritiesLitigation.com
To view JND's privacy policy, please visit https://www.jndla.com/privacy-policy

# PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      By submitting this Claim Form, you will be making a request to receive a payment from the Settlement described in the Notice.  IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (*see* the definition of the Settlement Class on page 7 of the Notice, which sets forth who is included in and who is excluded from the Settlement Class), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM.  **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER.**  THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

3.      **Submission of this Claim Form does not guarantee that you will be eligible to receive a payment from the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) in, and holdings of, the publicly traded common stock of Ryder System, Inc. ("Ryder").  On this schedule, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of publicly traded Ryder common stock (including free transfers and deliveries), whether such transactions resulted in a profit or a loss.  **Failure to report all transaction and holding information during the requested time period may result in the rejection of your Claim.**

5.      **Please note**:  Only publicly traded Ryder common stock purchased or otherwise acquired during the Class Period (i.e., from July 23, 2015, through February 13, 2020, inclusive) is eligible under the Settlement.  However, sales of Ryder common stock during the period from February 14, 2020, through and including the close of trading on May 13, 2020, will be used for purposes of calculating your Claim under the Plan of Allocation.  Therefore, in order for the Claims Administrator to be able to balance your Claim, the requested purchase/acquisition and sale/disposition information during this period must also be provided.

6.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of publicly traded Ryder common stock as set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation

Questions? Visit www.RyderSystemSecuritiesLitigation.com, call 877-381-0372, or email info@RyderSystemSecuritiesLitigation.com
To view JND's privacy policy, please visit https://www.jndla.com/privacy-policy

slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in Ryder common stock.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, do not highlight any portion of the Claim Form or any supporting documents.**

7.      Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of the Ryder common stock.  The complete name(s) of the beneficial owner(s) must be entered.  If you held the Ryder common stock in your own name, you were the beneficial owner as well as the record owner.  If, however, your shares of Ryder common stock were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of the stock, but the third party was the record owner.  The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.  If there were joint beneficial owners, each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

8.      **One Claim should be submitted for each separate legal entity or separately managed account.**  Separate Claim Forms should be submitted for each separate legal entity (e.g., an individual should not combine his or her IRA holdings and transactions with holdings and transactions made solely in the individual's name).  Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form.  However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account.  The Claims Administrator reserves the right to request information on all the holdings and transactions in Ryder common stock made on behalf of a single beneficial owner.

9.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)      expressly state the capacity in which they are acting;

(b)      identify the name, account number, last four digits of the Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Ryder common stock; and

(c)      furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

10.      By submitting a signed Claim Form, you will be swearing that you:

(a)      own(ed) the Ryder common stock you have listed in the Claim Form; or

(b)      are expressly authorized to act on behalf of the owner thereof.

11.      By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false

Questions? Visit www.RyderSystemSecuritiesLitigation.com, call 877-381-0372, or email info@RyderSystemSecuritiesLitigation.com
To view JND's privacy policy, please visit https://www.jndla.com/privacy-policy

statements, or the submission of forged or fraudulent documentation, will result in the rejection of your Claim and may subject you to civil liability or criminal prosecution.

12.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing.  The claims process will take substantial time to complete fully and fairly.  Please be patient.

13.     **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

14.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, JND Legal Administration, at the above address, by email at info@RyderSystemSecuritiesLitigation.com, or by toll-free phone at 877-381-0372, or you can visit the Settlement website, www.RyderSystemSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

15.     NOTICE REGARDING ELECTRONIC FILES:   Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the *mandatory* electronic filing requirements and file layout, you may visit the Settlement website at www.RyderSystemSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at RSLSecurities@jndla.com.  **Any file not in accordance with the required electronic filing format will be subject to rejection.**  The *complete* name of the beneficial owner of the securities must be entered where called for (*see* ¶ 7 above).  No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect.  **Do not assume that your file has been received until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at RSLSecurities@jndla.com to inquire about your file and confirm it was received.**

### IMPORTANT:  PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM WITHIN 60 DAYS OF YOUR SUBMISSION.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CONTACT THE CLAIMS ADMINISTRATOR TOLL-FREE AT 877-381-0372.**

# PART III – SCHEDULE OF TRANSACTIONS IN PUBLICLY TRADED RYDER COMMON STOCK

Use this section to provide information on your holdings and trading of publicly traded Ryder common stock during the requested time periods. Ryder common stock trades on the New York Stock Exchange under the ticker symbol "R" and the CUSIP number for the security is 783549108. Please be sure to include proper documentation with your Claim Form as described in detail in Part II – General Instructions, ¶ 6 above. Do not include information regarding securities other than publicly traded Ryder common stock.

| 1. HOLDINGS AS OF JULY 23, 2015 – State the total number of shares of publicly traded Ryder common stock held as of the opening of trading on July 23, 2015. (Must be documented.) If none, write "zero" or "0." | Confirm Proof of Holding Position Enclosed |
|---|---|
| | ☐ |

**2. PURCHASES/ACQUISITIONS FROM JULY 23, 2015, THROUGH FEBRUARY 13, 2020, INCLUSIVE –** Separately list each and every purchase/acquisition (including free receipts) of publicly traded Ryder common stock from after the opening of trading on July 23, 2015, through and including the close of trading on February 13, 2020. (Must be documented.)

| Date of Purchase/Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding fees, commissions, and taxes) | Confirm Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |

**3. PURCHASES/ACQUISITIONS FROM FEBRUARY 14, 2020, THROUGH MAY 13, 2020, INCLUSIVE –** State the total number of shares of publicly traded Ryder common stock purchased/acquired (including free receipts) from after the opening of trading on February 14, 2020, through and including the close of trading on May 13, 2020. (Must be documented.) If none, write "zero" or "0."[1]

---

[1] **Please note**: Information requested with respect to your purchases/acquisitions of publicly traded Ryder common stock from after the opening of trading on February 14, 2020, through and including the close of trading on May 13, 2020, is needed in order to perform the necessary calculations for your Claim; purchases/acquisitions during this period, however, are not eligible transactions and will not be used for purposes of calculating Recognized Loss Amounts under the Plan of Allocation.

**4. SALES FROM JULY 23, 2015, THROUGH MAY 13, 2020, INCLUSIVE** – Separately list each and every sale/disposition (including free deliveries) of publicly traded Ryder common stock from after the opening of trading on July 23, 2015, through and including the close of trading on May 13, 2020. (Must be documented.)

**IF NONE, CHECK HERE** ☐

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting fees, commissions, and taxes) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |

**5. HOLDINGS AS OF MAY 13, 2020** – State the total number of shares of publicly traded Ryder common stock held as of the close of trading on May 13, 2020. (Must be documented.) If none, write "zero" or "0."

Confirm Proof of Holding Position Enclosed ☐

☐ **IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.**

Questions? Visit www.RyderSystemSecuritiesLitigation.com, call 877-381-0372, or email info@RyderSystemSecuritiesLitigation.com
To view JND's privacy policy, please visit https://www.jndla.com/privacy-policy

# PART IV - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 9 OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation and Agreement of Settlement dated May 19, 2023, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the Claimant(s)') heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every Released Plaintiffs' Claim (including, without limitation, any Unknown Claims) against Defendants and all of the Defendants' Releasees, and shall forever be barred and enjoined, to the fullest extent permitted by law, from asserting, commencing, instituting, maintaining, prosecuting, or continuing to prosecute any and all of the Released Plaintiffs' Claims against any and all of the Defendants' Releasees in this Action or in any other proceeding.

## CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.      that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      that the Claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.      that the Claimant(s) did *not* submit a request for exclusion from the Settlement Class;

4.      that I (we) own(ed) the Ryder common stock identified in the Claim Form and have not assigned the Claim against any of the Defendants or any of the other Defendants' Releasees to another;

5.      that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

6.      that the Claimant(s) has (have) not submitted any other Claim covering the same purchases of Ryder common stock and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

7.      that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') Claim and for purposes of enforcing the releases set forth herein;

8.      that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

Questions? Visit www.RyderSystemSecuritiesLitigation.com, call 877-381-0372, or email info@RyderSystemSecuritiesLitigation.com
To view JND's privacy policy, please visit https://www.jndla.com/privacy-policy

9.      that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this Claim, and waives any right of appeal or review with respect to such determination;

10.     that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

11.     that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the Claimant(s) is (are) exempt from backup withholding or (ii) the Claimant(s) has (have) not been notified by the IRS that he, she, they, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the Claimant(s) that he, she, they, or it is no longer subject to backup withholding. **If the IRS has notified the Claimant(s) that he, she, they, or it is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the Claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____          _____
Signature of Claimant                                                                          Date

_____
Print Claimant name here

_____          _____
Signature of Joint Claimant, if any                                                     Date

_____
Print Joint Claimant name here

*If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____          _____
Signature of person signing on behalf of Claimant                          Date

_____
Print name of person signing on behalf of Claimant here

_____
Capacity of person signing on behalf of Claimant, if other than an individual, e.g., executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of Claimant – *see* ¶ 9 on page 4 of this Claim Form.)

Questions? Visit www.RyderSystemSecuritiesLitigation.com, call 877-381-0372, or email info@RyderSystemSecuritiesLitigation.com
To view JND's privacy policy, please visit https://www.jndla.com/privacy-policy

# REMINDER CHECKLIST

 1. Sign the above release and certification.  If this Claim Form is being made on behalf of Joint Claimants, then both must sign.

2. Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.

 3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days of your submission.  Your Claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at 877-381-0372.**

 6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address.  If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your Claim, contact the Claims Administrator at the address below, by email at info@RyderSystemSecuritiesLitigation.com, or by toll-free phone at 877-381-0372, or you may visit www.RyderSystemSecuritiesLitigation.com.   DO NOT call Ryder or its counsel with questions regarding your Claim.

THIS CLAIM FORM MUST EITHER BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL **POSTMARKED NO LATER THAN SEPTEMBER 11, 2024, OR SUBMITTED ONLINE AT WWW.RYDERSYSTEMSECURITIESLITIGATION.COM NO LATER THAN SEPTEMBER 11, 2024**.  IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

**Ryder System Securities Litigation**
**c/o JND Legal Administration**
**P.O. Box 91329**
**Seattle, WA 98111**

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before September 11, 2024, is indicated on the envelope and it is mailed First Class and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

# EXHIBIT B

# MUTUAL FUND PERFORMANCE

INVESTORS.COM

WEEK OF MARCH 18, 2024 **A13**

*(Mutual fund performance tables — multiple columns of fund listings with columns: 36 Mo Performance Rating | Fund | YTD % Chg | 12Wk % Chg | 5 Yr % Chg | After Tax Rtn | Net Asset Value | NAV Chg)*

| 36 Mo Performance Rating | Fund | YTD % Chg | 12Wk % Chg | 5 Yr % Chg | After Tax Rtn | Net Asset Value | NAV Chg |
|---|---|---|---|---|---|---|---|
| A+ | LargeCpVal | +8 | +9 | +9 | | 33.26 | -0.10 |
| A | Research | +10 | +12 | +11 | | 49.34 | -0.08 |
| A | Sstnbl Ldrs | +12 | +13 | +11 | | 121.56 | -0.27 |
| | **Putnam Funds Class Y** | | | | | | |
| B- | UltShrtDurI | +1 | +1 | +1 | | 10.10 | 0.00 |
| | **Royce Funds** | | | | | | |
| B- | Ttl bil 800-221-4268 | | | | | | |
| B | PA Mut | +1 | +3 | +8 | | 9.30 | -0.13 |
| | **Russell Funds S** | | | | | | |
| B | 15.9 bil 800-787-7354 | | | | | | |
| A- | Global Eq | +7 | +9 | +8 | | 9.95 | -0.06 |
| E | Strat Bond | -2 | -1 | 0 | | 9.14 | -0.06 |
| D | Tax Ex Bond | +0 | +1 | +2 | | 22.09 | -0.04 |
| A | TM US Lg Cp | +8 | +9 | +10 | | 76.26 | -0.16 |

**–S–T–U–**

| | **Schwab Funds** | | | | | | |
| A | 295 bil 800-345-2550 | | | | | | |
| A+ | Core Eqty | +8 | +10 | +9 | | 21.78 | 0.06 |
| A- | Div Eq | +5 | +6 | +5 | | 14.87 | -0.05 |
| A- | Fdm Itl LCI | +3 | +5 | +6 | | 10.83 | -0.05 |
| C+ | FdmUS LCI | +6 | +7 | +11 | | 25.69 | -0.12 |
| C+ | FdmUSSmCol | +1 | +0 | +7 | | 16.37 | -0.28 |
| A | Health Care | +4 | +7 | +7 | | 27.15 | -0.11 |
| B | Intl Idx | +6 | +5 | +5 | | 23.66 | -0.16 |
| A+ | Lg-Cap Gro | +12 | +13 | +13 | | 30.95 | 0.01 |
| A- | MktTrk AI E | +5 | +6 | +8 | | 22.92 | -0.14 |
| A+ | S&P 500 Idx | +8 | +10 | +12 | | 79.18 | -0.21 |
| E | SC Idx | +1 | +2 | +5 | | 32.68 | -0.63 |
| A | Tot Stk Mkt | +8 | +9 | +11 | | 87.09 | -0.37 |
| A+ | 1000 Index | +8 | +9 | +11 | | 110.61 | -0.40 |
| D | TRSInflPSI | -1 | -1 | +1 | | 10.14 | -0.07 |
| | **SEI Inst I** | | | | | | |
| A | 22.2 bil 800-858-7233 | | | | | | |
| E | CoreFxdInc | -2 | -1 | 0 | | 9.44 | -0.07 |
| A+ | Lg Cap Dis | +6 | +7 | +9 | | 44.02 | 0.01 |
| A- | Lg Cap Val | +6 | +6 | +6 | | 25.87 | -0.18 |
| A+ | S&P 500 | +8 | +9 | +11 | | 92.14 | -0.24 |
| A | Tx-Mgd LgCp | +6 | +7 | +7 | | 35.72 | -0.06 |
| A- | USMgdVltly | +5 | +6 | +5 | | 14.82 | -0.09 |
| | **SEI Inst Intl F** | | | | | | |
| A | 22.2 bil 800-858-7233 | | | | | | |
| B- | IntlEq | +4 | +5 | +5 | | 12.03 | -0.07 |
| | **SEI Tax Exempt F** | | | | | | |
| D | Int-Tm Muni | +0 | +1 | +2 | | 11.15 | -0.01 |
| | **Selected Funds** | | | | | | |
| A | 1.7 bil 800-243-1575 | | | | | | |
| A- | AmericanShs | +10 | +12 | +9 | | 42.28 | -0.25 |
| | **Shelton Funds** | | | | | | |
| B | 1.1 bil 800-955-9988 | | | | | | |
| A | Eqty Income | +7 | +8 | +7 | | 17.20 | -0.04 |
| A+ | S&P 500 Idx | +8 | +9 | +12 | | 73.18 | -0.19 |
| | **Slt Funds** | | | | | | |
| A | 1.4 bil 800-332-5580 | | | | | | |
| A | DividendGro | +6 | +7 | +10 | | 15.82 | -0.03 |
| | **SmeadFds** | | | | | | |
| A | 4.1 bil 877-807-4122 | | | | | | |
| A+ | Value | +5 | +5 | +12 | | 80.11 | -1.1 |
| | **Spirit of America** | | | | | | |
| A | 473 mil 800-452-4892 | | | | | | |
| A+ | Energy | +10 | +11 | +3 | | 13.57 | -0.01 |
| | **SSgA Funds** | | | | | | |
| A | 1.5 bil 800-997-7327 | | | | | | |
| A- | SSS&P500Ind | +8 | +10 | +11 | 244.12 | -0.64 |
| | **State Street Institu** | | | | | | |
| B | 1.3 bil 800-242-0134 | | | | | | |
| A+ | US Equity | +8 | +10 | +12 | | 12.44 | -0.01 |
| | **TCW Funds** | | | | | | |
| A | 5.7 bil 800-248-4486 | | | | | | |
| E | EmMktsIncom | +1 | +2 | -1.0 | | 6.43 | -0.03 |
| A+ | SelectEquit | +13 | +15 | +13 | | 30.30 | -0.09 |
| E | TotalReturn | -2 | -1 | -1.0 | | 7.85 | -0.07 |
| | **Third Avenue** | | | | | | |
| A | 1.2 bil 800-443-1021 | | | | | | |
| A+ | Value | +4 | +7 | +10 | | 67.15 | -0.60 |
| | **Thivent Funds A** | | | | | | |
| A | 6.7 bil 800-847-4836 | | | | | | |
| A- | G Stk | +6 | +8 | +6 | | 77.46 | -0.14 |
| A | LC Gro | +12 | +14 | +12 | | 16.67 | -0.02 |
| | **Thivent Funds S** | | | | | | |
| A | 5.6 bil 800-847-4836 | | | | | | |
| A | LC Val | +5 | +6 | +4 | | 29.22 | -0.22 |
| B+ | MC Stk | +4 | +7 | +8 | | 36.55 | -0.39 |
| | **Thornburg Fds** | | | | | | |
| B | 16.3 bil 800-847-0200 | | | | | | |
| A- | Inc Bldr | +4 | +4 | +4 | | 24.34 | -0.11 |
| C | Intl Eq | +7 | +8 | +6 | | 26.76 | -0.15 |
| D+ | Ltd Inc | +1 | +1 | +1 | | 12.77 | -0.04 |
| D+ | Ltd Muni | +1 | +1 | +1 | | 13.63 | -0.01 |
| | **TIAACREF Inst** | | | | | | |
| B | 138 bil 877-518-9161 | | | | | | |
| E | Bond Index | -2 | -1 | 0 | | 9.47 | -0.06 |
| D- | Core Bond | -1 | 0 | 0 | | 9.03 | -0.05 |

| D- | Core+ Bd | -1 | +0 | 0 | | 9.06 | -0.05 |
| A | Eq Idx | +8 | +9 | +11 | | 36.21 | -0.15 |
| B | Itl Eq Ix | +6 | +8 | +6 | | 13.84 | -0.08 |
| B | Itl Eq Ix | +6 | +6 | +5 | | 22.87 | -0.16 |
| C+ | LC Id 2020 | +2 | +3 | +4 | | 18.95 | -0.10 |
| C+ | LC Id 2025 | +3 | +4 | +5 | | 21.16 | -0.11 |
| B+ | LC Id 2035 | +4 | +5 | +6 | | 25.61 | -0.13 |
| B+ | LC Id 2040 | +5 | +6 | +7 | | 46.34 | -0.22 |
| B+ | LC Id 2045 | +5 | +7 | +8 | | 28.97 | -0.14 |
| A+ | LCG Idx | +10 | +12 | +15 | | 57.11 | 0.02 |
| A- | LCG | +11 | +13 | +12 | | 26.16 | 0.02 |
| A- | LCV Idx | +5 | +6 | +7 | | 24.25 | -0.20 |
| A- | LCV | +7 | +7 | +9 | | 21.77 | -0.12 |
| B | Lfcy 2040 | +4 | +7 | +7 | | 10.73 | -0.04 |
| A- | MCV | +5 | +5 | +5 | | 17.24 | -0.12 |
| D- | Ont SCE | +4 | +5 | +7 | | 18.22 | -0.33 |
| D- | Real Est | -3 | -4 | +4 | | 17.10 | -0.27 |
| A+ | S&P500 Idx | +8 | +10 | +12 | | 56.38 | -0.15 |
| E | SCB Idx | +1 | +2 | +5 | | 22.83 | -0.43 |
| A | Soc Ch Eq | +8 | +9 | +11 | | 27.76 | -0.14 |
| | **TIAACREF Retail** | | | | | | |
| B | 8.7 bil 877-518-9161 | | | | | | |
| C+ | SCB Idx | +1 | +2 | +5 | 24.76 | -0.06 |
| | **Tocqueville Funds** | | | | | | |
| A | 445 mil 800-697-3863 | | | | | | |
| A- | Tocq Fd | +7 | +8 | +9 | | 44.66 | -0.19 |
| | **Torray Fund** | | | | | | |
| A | 329 mil 855-753-8174 | | | | | | |
| A+ | Fund | +7 | +9 | +9 | | 53.7% | -0.34 |
| | **Tortoise Capital** | | | | | | |
| A | 2.6 bil 855-822-3863 | | | | | | |
| A+ | MLP&EnInc | +6 | +6 | +6 | | 7.93 | -0.02 |
| A+ | MLP&Pipe | +7 | +8 | +6 | | 15.05 | -0.12 |
| | **Touchstone Family Fd** | | | | | | |
| A | 7.4 bil 800-543-0407 | | | | | | |
| A | Focused | +4 | +4 | +11 | 66.61 | 0.14 |
| | **Touchstone Funds Gro** | | | | | | |
| A | 4.1 bil 800-543-0407 | | | | | | |
| A- | Mid Cap | +4 | +7 | +9 | 55.35 | -0.49 |
| | **Touchstone Strategic** | | | | | | |
| A | 2.3 bil 800-543-0407 | | | | | | |
| A | Lg Cp Foc | +6 | +7 | +10 | 63.01 | 0.18 |
| A+ | Value | +4 | +6 | +8 | | 11.58 | -0.07 |
| | **Transamerica A** | | | | | | |
| A | 22.2 bil 800-888-2233 | | | | | | |
| B- | AA Modt Gr | +5 | +4 | +7 | 12.66 | -0.06 |
| D | Mlt-Mgd Bal | +5 | +4 | +6 | 33.40 | -0.12 |
| | **Trust for Professional Manager** | | | | | | |
| A | 7.9 bil 866-778-7223 | | | | | | |
| A+ | Rock Qlt LC | +8 | +9 | +11 | 22.52 | 0.01 |
| D- | TrStratBond | +0 | +1 | 0 | | 19.55 | -0.11 |
| | **Tweedy Browne Fds** | | | | | | |
| B | 6.7 bil 800-432-4789 | | | | | | |
| B+ | Intl Val | +3 | +4 | +4 | | 28.17% | 0.02 |
| C | Value | +4 | +3 | +4 | | 19.02 | -0.01 |
| | **Ultimus** | | | | | | |
| B | 1.0 bil 888-884-8099 | | | | | | |
| A- | US Val Eqty | +7 | +8 | +4 | | 24.58 | -0.13 |
| A | Qual Val | +5 | +5 | +3 | | 13.76 | -0.04 |
| | **UM Funds** | | | | | | |
| A | 3.2 bil 800-480-4111 | | | | | | |
| A- | Beh Val | +1 | +1 | +8 | | 80.75 | -1.1 |
| | **USAA Aggressive Gr** | | | | | | |
| A+ | Aggressive6 | +13 | +15 | +11 | | 59.5% | -0.07 |
| | **USAA Gibl Mgd Val** | | | | | | |
| B | 6.8 bil 800-235-8396 | | | | | | |
| A | GlblMgdVol | +6 | +7 | +6 | | 10.64 | -0.01 |
| | **USAA Group** | | | | | | |
| B | 6.8 bil 800-235-8396 | | | | | | |
| A+ | 500 Index | +8 | +9 | +12 | 65.71 | -0.18 |
| A | CapitalGrow | +8 | +10 | +7 | 13.15 | -0.04 |
| B- | Cornerstone | +6 | +8 | +5 | 16.96 | -0.04 |
| B- | Cornerstone | +3 | +4 | +4 | 26.62 | -0.12 |
| A | Growth&Inc | +9 | +10 | +9 | 25.34 | -0.10 |
| A+ | Growth | +11 | +14 | +11 | 35.59 | -0.06 |
| A+ | IncomeStock | +7 | +8 | +7 | 19.64 | -0.08 |
| A+ | NASDAQ-100I | +7 | +9 | +17 | 45.10 | -0.13 |
| A | SustainWorl | +7 | +9 | +8 | 28.55 | -0.14 |
| A+ | TargetRet20 | +5 | +6 | +5 | 12.62 | -0.05 |
| D | Tax-ExInt-T | +0 | +1 | +2 | 12.63 | -0.01 |
| D | Tax-ExLng-T | +0 | +1 | +2 | 12.13 | -0.03 |
| A | Value | +7 | +8 | +9 | | 19.60 | -0.10 |
| | **USAA Income** | | | | | | |
| B | 6.8 bil 800-235-8396 | | | | | | |
| D- | Income | +0 | +1 | +1 | 11.36 | -0.06 |
| | **USAA IntmTerm Bd** | | | | | | |
| E | Intm-TermBd | -1 | +0 | +1 | 9.08 | -0.05 |
| | **USAA ShortTerm Bd** | | | | | | |
| B | 6.8 bil 800-235-8396 | | | | | | |
| C | Short-TermB | +1 | +2 | +2 | 8.92 | -0.01 |

| B | 2.3 bil 800-243-2729 | | | | | | |
| A- | LineAsstAll | +3 | +5 | +7 | 42.14 | -0.23 |
| A- | LineMdCpFoc | +6 | +7 | +12 | 34.10 | -0.18 |
| A- | LineSelGro | +7 | +9 | +12 | 36.73 | -0.10 |
| | **Vanguard Funds Adm** | | | | | | |
| A | 2291 bil 800-662-2739 | | | | | | |
| A+ | 500 Idx | +8 | +10 | +12 | 476.5% | -1.3 |
| B | Bal Idx | +4 | +5 | +7 | 46.34 | -0.22 |
| D- | CA Interm-Trm | +0 | +1 | +2 | 11.45 | -0.03 |
| D- | CA Lng-Trm | +0 | +1 | +2 | 11.53 | -0.03 |
| A- | Cap Opp | +6 | +8 | +10 | 190.40 | -1.2 |
| A | Cnsmr Stp | +5 | +7 | +8 | 99.14 | -0.77 |
| D- | Dev Mkt | +4 | +5 | +5 | 15.96 | -0.11 |
| A- | Div A I | +6 | +6 | +10 | 48.82 | -0.52 |
| E | EM St I | +2 | +4 | +2 | 34.07 | -0.05 |
| A+ | Energy Idx | +8 | +8 | +8 | 63.50 | 0.61 |
| A+ | Energy | +3 | +3 | +2 | 89.67 | 0.02 |
| A | Equity Inc | +4 | +5 | +8 | 87.88 | -0.61 |
| B | Euro S | +4 | +6 | +6 | 60.42 | -0.56 |
| C | Explorer | +4 | +5 | +8 | 107.12 | -1.3 |
| D | Ext MI | +3 | +4 | +7 | 128.26 | -1.9 |
| A | Finl Indx | +7 | +8 | +8 | 49.64 | -0.45 |
| C | FTSE aUS | +4 | +5 | +5 | 56.20 | -0.35 |
| A- | GI Min Vol | +7 | +8 | +4 | 30.12 | -0.09 |
| A+ | GNMA | -2 | -1 | 0 | | 9.11 | -0.07 |
| A+ | Gro & Inc | +10 | +12 | +11 | 99.48 | -0.22 |
| A+ | Gro Idx | +10 | +12 | +15 | 176.06 | 0.03 |
| A | Health Care | +4 | +5 | +7 | 91.46 | -0.73 |
| D- | Hi Yld TxEx | +1 | +2 | +3 | 10.71 | -0.03 |
| A- | Hlth Cr Idx | +6 | +8 | +8 | 133.40 | -0.71 |
| C | HY Corp | +0 | +1 | +2 | 5.41 | -0.04 |
| A- | Indus Idx | +7 | +8 | +10 | 120.82 | -0.66 |
| D | Infl-Prot | -1 | +1 | +1 | 22.7% | -0.14 |
| A+ | InfoTch Idx | +8 | +9 | +19 | 267.42 | -1.1 |
| E | Int Trs | -1 | -1 | 0 | | 19.65 | -0.10 |
| E | Int-T B | -2 | -1 | 0 | | 10.13 | -0.06 |
| E | Int-Tm Inv | -1 | +0 | +1 | 8.51 | -0.05 |
| E | Int-Tm Trs | -2 | -1 | 0 | | 13.16 | -0.07 |
| B | Intl Gro | +6 | +8 | +7 | 107.20 | -1.4 |
| A+ | Lg-Cp I | +8 | +9 | +12 | 119.30 | -0.32 |
| A- | Lg-Tm Inv | -1 | +0 | 0 | | 7.79 | -0.10 |
| E | Lg-Tm Trs | -5 | -5 | -2.0 | 8.26 | -0.13 |
| C+ | Ltd-Tm Tx-Ex | +0 | +1 | +1 | 10.94 | -0.03 |
| C+ | Ltd-Tm TxEx | +0 | +1 | +2 | 10.83 | -0.02 |
| B- | MC G I | +6 | +8 | +9 | 99.11 | -0.89 |
| B- | MC V I | +4 | +6 | +7 | 77.87 | -0.87 |
| A | Md-Cp I | +4 | +6 | +8 | 300.28 | -3.0 |
| C+ | Mtrls Idx | +4 | +6 | +9 | 101.04 | -0.81 |
| D- | NJ Lng-Trm | +0 | +1 | +2 | 11.07 | -0.02 |
| D- | NY Lng-Trm | +0 | +1 | +2 | 10.77 | -0.03 |
| D- | PA Lng-Trm | +0 | +1 | +2 | 10.87 | -0.03 |
| A- | Pac Stk | +3 | +7 | +4 | 92.38 | -0.49 |
| A+ | PRIMECAP | +6 | +8 | +10 | 166.12 | -0.88 |
| C | RE Idx | +3 | +4 | +4 | 11.96 | -0.09 |
| C | S-C Id | +1 | +3 | +7 | 105.38 | -1.5 |
| E | SC G Id | +4 | +6 | +8 | 68.72 | -1.4 |
| C | SC V I | +2 | +3 | +7 | 78.9% | -1.0 |
| B- | Sh-Tm B | +0 | +1 | +1 | 10.01 | -0.03 |
| D- | Sh-Tm Fed | +0 | +1 | +1 | 10.01 | -0.03 |
| E | Sh-Tm Inv | +0 | +1 | +1 | 9.78 | -0.02 |
| C+ | Sh-Tm Tx-Ex | +0 | +1 | +2 | 15.75 | -0.01 |
| B | St Corp Bd | +0 | +1 | +1 | 19.31 | -0.02 |
| B- | ST Trs | +0 | +1 | 0 | | 19.33 | -0.01 |
| B- | TM Bal | +4 | +5 | +8 | 55.77 | -1.4 |
| A+ | TM Cp App | +8 | +9 | +12 | 266.65 | -0.86 |
| B- | TM SmCp | +2 | +3 | +6 | 85.73 | -1.4 |
| E | Tot Bd | -2 | -1 | 0 | | 9.53 | -0.06 |
| A- | Tot Intl BI | -1 | +0 | 0 | | 19.53 | -0.06 |
| A- | TSM Idx | +8 | +9 | +11 | 118.10 | -0.51 |
| B- | US Growth | +11 | +13 | +12 | 163.07 | -0.62 |
| D | Util Indx | +0 | +1 | +3 | 66.06 | -0.52 |
| A | Val Idx | +6 | +7 | +8 | 61.82 | -0.38 |
| C | Wellesley | +0 | +1 | +3 | 60.56 | -0.40 |
| A | Wellington | +4 | +5 | +7 | 74.17 | -0.16 |
| A | WindsorII | +6 | +7 | +10 | 74.68 | -0.34 |
| A | Windsor | +2 | +3 | +9 | 74.19 | -0.64 |
| | **Vanguard Funds Inv** | | | | | | |
| A | 908 bil 800-662-7447 | | | | | | |
| A+ | Rus 1000 GI | +10 | +12 | +15 | 660.89 | 0.33 |
| A+ | Rus 1000 Id | +8 | +9 | +11 | 453.42 | -1.5 |
| A | Rus 1000 VI | +5 | +6 | +7 | 298.10 | -2.4 |
| A | Rus 3000 Id | +8 | +9 | +11 | 442.42 | -1.8 |
| A- | ST IPSI | +0 | +2 | +2 | 23.92 | -0.05 |
| | **Vanguard Funds InsP** | | | | | | |
| A | 908 bil 800-662-2739 | | | | | | |
| A+ | InstI Indx | +8 | +10 | +12 | 426.22 | -1.1 |
| | **Vanguard Funds Inst** | | | | | | |
| A | 908 bil 800-662-7447 | | | | | | |
| A+ | FTSE Soc | +8 | +9 | +11 | 35.27 | -0.10 |
| E | LT Trs | -5 | -5 | -2.0 | 24.84 | -0.37 |
| B+ | MC400 | +6 | +8 | +8 | 395.43 | -4.8 |
| D- | S&P Sc600 | -2 | -1 | +6 | 388.77 | -6.1 |
| C | T WldStk | +4 | +6 | +8 | 222.49 | -0.99 |

| E | Tot Bd II | -2 | -1 | 0 | | 9.37 | -0.06 |
| | **Vanguard Funds InstP** | | | | | | |
| A | 908 bil 800-662-2739 | | | | | | |
| A | Ins T SMk | +8 | +9 | +11 | 88.55 | -0.36 |
| | **Vanguard Funds Inv** | | | | | | |
| A | 1431 bil 800-662-2739 | | | | | | |
| A+ | Div Eqty | +8 | +9 | +11 | 47.25 | -0.26 |
| A+ | Div Gro | +5 | +7 | +10 | 39.15 | -0.15 |
| A- | Gl Cap Cyc | +4 | +4 | +10 | 12.42 | -0.12 |
| B- | Glbl Eqty | +7 | +8 | +8 | 34.7% | -0.25 |
| E | Intl ExpIr | +0 | +3 | +2 | 17.08 | -0.08 |
| C+ | Intl Val | +3 | +5 | +5 | 41.61 | -0.29 |
| A- | LS Cons Gro | +2 | +2 | +3 | 20.68 | -0.10 |
| B- | LS Growth | +4 | +6 | +7 | 43.26 | -0.21 |
| B | LS Income | +0 | +1 | +2 | 15.18 | -0.08 |
| C- | LS Mod Gro | +3 | +4 | +5 | 31.34 | -0.16 |
| D | MA Tax-Ex | +0 | +1 | +2 | 10.21 | -0.03 |
| D- | Mid-CapGrth | +7 | +9 | +6 | 24.9% | -0.25 |
| A+ | Mkt Neut | +5 | -5 | | | 13.84 | 0.03 |
| D | OH LT Tx-Ex | +0 | +1 | +2 | 11.72 | -0.03 |
| C+ | PrmCp Cre | +7 | +8 | +10 | 33.8% | -0.16 |

| A- | Sel Value | +3 | +4 | +9 | 29.78 | -0.38 |
| C | STAR | +3 | +4 | +6 | 27.68 | -0.19 |
| B+ | Str SC Eq | +2 | +4 | +8 | 38.21 | -0.59 |
| A | Strat Eqty | +5 | +6 | +6 | 36.04 | -0.43 |
| C- | Tgt Ret Inc | +1 | +2 | +3 | 13.16 | -0.06 |
| C- | Tgt Ret2020 | +2 | +3 | +4 | 27.32 | -0.13 |
| B- | Tgt Ret2025 | +3 | +4 | +5 | 18.84 | -0.09 |
| B- | Tgt Ret2030 | +3 | +4 | +5 | 36.58 | -0.18 |
| C+ | Tgt Ret2035 | +4 | +5 | +6 | 23.49 | -0.11 |
| B+ | Tgt Ret2040 | +4 | +6 | +7 | 40.96 | -0.19 |
| A- | Tgt Ret2045 | +5 | +6 | +7 | 27.46 | -0.13 |
| A- | Tgt Ret2050 | +5 | +7 | +7 | 46.71 | -0.22 |
| A- | Tgt Ret2055 | +5 | +7 | +7 | 52.12 | -0.25 |
| B+ | Tgt Ret2060 | +5 | +7 | +7 | 48.02 | -0.23 |
| A- | Tgt Ret2065 | +5 | +6 | +7 | 19.23 | -0.10 |
| | **Victory Funds** | | | | | | |
| B | 13.2 bil 800-539-3863 | | | | | | |
| A+ | Dvsd Stock | +10 | +11 | +10 | 20.92 | -0.01 |
| B- | RS Growth | +12 | +14 | +10 | 27.66 | 0.00 |
| A- | RSLgCpAlpha | +8 | +10 | +9 | 58.22 | -0.11 |
| C+ | Sm Co Opp | -1 | +0 | +7 | 15.24 | -0.17 |

| | **Victory-Estab Val** | | | | | | |
| B | 21.7 bil 800-539-3863 | | | | | | |
| A- | Estab Val | +5 | +6 | +10 | 48.94 | -0.39 |
| | **Victory-Global En Tran** | | | | | | |
| B | 21.7 bil 800-539-3863 | | | | | | |
| A+ | GlobalEnTra | +4 | +11 | | 29.29 | -0.37 |
| | **Victory-RS Global** | | | | | | |
| B | 21.7 bil 800-539-3863 | | | | | | |
| A | RS Global | +7 | +9 | +10 | 21.85 | -0.11 |
| | **VictoryIt.Mkt Neu I** | | | | | | |
| B | 21.7 bil 800-539-3863 | | | | | | |
| C | Mkt Neu I | -3 | -3 | | | 8.43 | -0.02 |
| | **Virtus Equity Trust** | | | | | | |
| B | 3.7 bil 800-243-1574 | | | | | | |
| A+ | KAR Sm-Cp | +1 | +3 | +7 | 33.54 | -0.42 |
| | **VirtusFunds** | | | | | | |
| B | 5.3 bil 800-243-1574 | | | | | | |
| A- | Cer LC Val | +3 | +5 | +6 | 11.41 | -0.09 |
| A- | Cer MC Val | +3 | +6 | +6 | 12.44 | -0.13 |
| A+ | Silvant FG | +13 | +15 | +14 | 74.83 | -0.05 |
| A- | ZvnbrgnTech | +13 | +15 | +13 | 75.16 | -0.49 |

| | **VirtusFunds CI I** | | | | | | |
| B | 8.1 bil 800-243-1574 | | | | | | |
| A+ | KAR SmCp Cr | +4 | +5 | +13 | 54.09 | -0.44 |
| C- | NvrfleetMSST | +1 | +2 | +1 | 4.48 | -0.01 |
| | **Vivaldi Merger** | | | | | | |
| B | 1.7 bil 877-779-1999 | | | | | | |
| B- | TrustMrgrAr | +1 | +2 | | 10.76 | 0.00 |
| | **Voya Fds** | | | | | | |
| B | 7.1 bil 800-992-0180 | | | | | | |
| A- | GlhiDivLwVo | +5 | +6 | +4 | 43.20 | -0.28 |
| D- | IntmdtBd | -1 | +0 | 0 | | 8.62 | -0.05 |
| A+ | Large-CapGr | +14 | +16 | +11 | 52.96 | -0.02 |
| | **Wasatch** | | | | | | |
| B | 5.8 bil 800-551-1700 | | | | | | |
| C | Core Gro | +4 | +5 | +10 | 88.12 | -1.4 |
| | **WCM Focus Funds** | | | | | | |
| B | 17.5 bil 888-988-9801 | | | | | | |
| B- | FocusedIntlG | +12 | +13 | +9 | 25.51 | -0.15 |
| | **Weitz Funds** | | | | | | |
| B | 4.5 bil 888-859-0698 | | | | | | |
| D | CorePlusInc | -1 | +0 | +1 | 9.57 | -0.06 |

| A | Value | +7 | +8 | +11 | | 55.05 | -0.25 |
| | **WesMark Funds** | | | | | | |
| B | 791 mil 800-864-1013 | | | | | | |
| A- | LargeCompan | +8 | +9 | +10 | 23.27 | 0.01 |
| | **Western Asset** | | | | | | |
| A | 52.8 bil 877-721-1926 | | | | | | |
| E | Core Bond | -2 | -1 | 0 | | 10.51 | -0.08 |
| E | CorePlusBon | -2 | -1 | -1.0 | 9.30 | -0.08 |
| D+ | ManagedMuni | +0 | +1 | +2 | 15.06 | -0.03 |
| A | SMAShSeries | -2 | +0 | -3.0 | 6.16 | -0.04 |
| A | SMAShSeries | -3 | -2 | -2.0 | 7.62 | -0.08 |
| | **Wilmington Funds** | | | | | | |
| A | 14.5 bil 800-836-2211 | | | | | | |
| A | LC Str | +7 | +8 | +11 | 29.68 | -0.10 |
| | **Wm Blair Funds CI I** | | | | | | |
| B | 4.1 bil 800-635-2886 | | | | | | |
| D | Sm-Md Cp Gr | +6 | +8 | +7 | 30.10 | -0.42 |

---

PHILLIP SWAN
Plaintiff,
v.
C. TAYLOR PICKETT, et al.
Defendants.

☆ IN THE
☆ CIRCUIT COURT
☆ FOR
☆ BALTIMORE CITY, MARYLAND
☆ Case No. 24-C-19-000573
☆ (Consolidated with No. 24-C-19-000972)

**SUMMARY NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT OF SHAREHOLDER DERIVATIVE ACTIONS**

TO: ALL OWNERS OF COMMON STOCK OF OMEGA HEALTHCARE INVESTORS, INC. ("OMEGA" OR THE "COMPANY") AS OF FEBRUARY 22, 2024 AND WHO CONTINUE TO HOLD OMEGA COMMON STOCK AS OF THE DATE OF THE SETTLEMENT HEARING ("CURRENT OMEGA SHAREHOLDERS"):

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the Circuit Court for Baltimore City, Maryland (the "Court"), that a proposed settlement has been reached resolving the following two consolidated shareholder derivative actions brought in this Court on behalf and for the benefit of Omega: Swan v. Pickett, et al., Case No. 24-C-19-000573 and Bradley, et al. v. Callen et al., Case No. 24-C-19-000972 (together, the "Maryland State Action"), and the related derivative action pending in the U.S. District Court for the Southern District of New York, captioned Stourbridge Investments LLC v. Callen et al., Case No. 1:18-cv-07638 (the "New York Federal Action"). The terms of the settlement are set forth in the Settling Parties' Stipulation of Settlement dated February 22, 2024 ("Stipulation"), and all capitalized terms herein have the same meanings as set forth in the Stipulation. This notice should be read in conjunction with, and is qualified in its entirety by reference to, the text of the Stipulation, which has been filed with the Circuit Court for Baltimore City, Maryland. A link to the text of the Stipulation and the full-length Notice of Proposed Settlement and of Settlement Hearing may be found on Omega's website at https://www.omegahealthcare.com/investors/corporate-governance.

A Settlement Hearing shall be held by remote electronic means on May 21, 2024, at 2:00 p.m., before the Honorable Lawrence P. Fletcher-Hill, at the Circuit Court for Baltimore City, Maryland, Cummings Courthouse, 111 N. Calvert Street, Baltimore, Maryland 21202, at which the Court will determine: (a) whether the terms of the Settlement should be approved, as fair, reasonable, adequate, and in the best interest of the Company and its shareholders; (b) whether notice of the Settlement fully satisfied the requirements of due process and any other applicable law; (c) whether the Court should enter the Judgment dismissing the Maryland State Action with prejudice, and release and enjoin prosecution of any and all Released Claims; (d) whether the Court should approve the agreed Fee and Expense Amount, and a Service Award to Plaintiffs; and (e) such other matters as the Court may deem appropriate. You have an opportunity to be heard at this hearing.

The Court may adjourn the Settlement Hearing by oral or other announcement at such hearing or any other adjournment without further notice of any kind. The Court may decide to hold the Settlement Hearing telephonically or by other virtual means without further notice. The Court may approve the Settlement with or without modification, enter the Judgment, and order the payment of the Fee and Expense Amount and Service Award without further notice of any kind.

Any Current Omega Shareholder may appear and show cause, if he, she, or it has any reason why the Settlement embodied in the Stipulation should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered thereon, or the Fee and Expense Amount or Service Award should not be awarded. However, unless otherwise ordered by the Court, no shareholder shall be heard or entitled to contest the approval of the proposed Settlement, or, if approved, the Judgment to be entered thereon, or to the Fee and Expense Amount and Service Award, unless that shareholder has, at least fourteen (14) calendar days prior to the Settlement Hearing, caused to be filed with the Court a written notice of objection containing the following information:

1. The shareholder's name, legal address, and telephone number;
2. The case name and number (Swan v. Pickett, et al., Case No. 24-C-19-000573);
3. Proof of being an Omega shareholder at the time of the objection and as of February 22, 2024;
4. The date(s) on which the shareholder acquired their Omega shares of Omega common stock;
5. A statement of each objection being made;
6. Notice of whether the shareholder intends to appear at the Settlement Hearing (an appearance is not required); and
7. Copies of any papers to be submitted to the Court, along with the names of any witness(es) the shareholder intends to call to testify at the Settlement Hearing and the subject(s) of their testimony.

If you wish to object to the proposed Settlement, you must file the written objection described above with the Court on or before May 7, 2024. All written objections and supporting papers must be filed with the Clerk of the Court, Circuit Court for Baltimore City, Maryland, Cummings Courthouse, 111 N. Calvert Street, Baltimore, Maryland 21202, and served by hand or mail to each of the following Parties' counsel:

Counsel for Plaintiffs
**LIFSHITZ LAW FIRM, P.C**
Attn: Joshua M. Lifshitz
1190 Broadway
Hewlett, NY 11557
T: 516-493-9780
E: jlifshitz@lifshitzlaw.com

**ROBBINS LLP**
Attn: Craig W. Smith
5060 Shoreham Place, Suite 300
San Diego, CA 92122
T: 619-525-3990
E: csmith@robbinsllp.com

Counsel for Defendants
**PESSIN KATZ LAW, P.A.**
Attn: Robert S. Campbell
901 Dulaney Valley Road, Suite 500
Towson, Maryland 21204
T: 410-769-6140
E: rcampbell@pklaw.com

**BRYAN CAVE LEIGHTON PAISNER LLP**
Attn: Eric Rieder
1290 Avenue of the Americas
New York, NY 10104
T: 212-541-2057
E: ERieder@bclplaw.com

YOUR WRITTEN OBJECTIONS MUST BE POSTMARKED OR ON FILE WITH THE CLERK OF THE COURT NO LATER THAN MAY 7, 2024. Only Current Omega Shareholders who have filed with the Court and sent to the Parties' counsel valid and timely written notices of objection will be entitled to be heard at the Settlement Hearing unless the Court orders otherwise. Any Person or entity who fails to appear or object in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement and to the Fee and Expense Amount and Service Award, unless otherwise ordered by the Court, but shall be forever bound by the Judgment entered and the releases to be given as set forth in the Stipulation.

There is additional information concerning the Settlement available in the Stipulation, which is available for viewing on Omega's website at https://www.omega-healthcare.com/investors/corporate-governance. You may also inspect the Stipulation during business hours at the office of the Clerk of the Court, Circuit Court for Baltimore City, Maryland, Cummings Courthouse, 111 N. Calvert Street, Baltimore, Maryland 21202. Or you can call Plaintiffs' Counsel: Craig W. Smith, Robbins LLP, 5060 Shoreham Place, Suite 300, San Diego, California 92122, telephone: (619) 525-3990, for additional information concerning the Settlement. PLEASE DO NOT CONTACT THE COURT OR OMEGA REGARDING THIS NOTICE.

DATED: February 28, 2024

BY ORDER OF THE COURT
CIRCUIT COURT FOR
BALTIMORE CITY, MARYLAND

---



# Online Courses
BY INVESTOR'S BUSINESS DAILY

## Master the Skills to Succeed in Options Trading

Become a better options trader with Investor's Business Daily®, the leader in investing education for over 30 years.

These video lessons give you a streamlined options education that you can watch at your own pace on any device.

**Learn more at:**
**Investors.com/OptionsOnline**

© 2024 Investor's Business Daily, LLC. Investor's Business Daily, IBD, IBD Digital, IBD Live and Leaderboard are trademarks of Investor's Business Daily, LLC.

---

**LEGAL NOTICE**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

STATE OF ALASKA, ALASKA PERMANENT FUND, THE CITY OF FORT LAUDERDALE GENERAL EMPLOYEES' RETIREMENT SYSTEM, and THE CITY OF PLANTATION POLICE OFFICERS' PENSION FUND, On Behalf of Themselves and All Others Similarly Situated, Plaintiffs, v. RYDER SYSTEM, INC., ROBERT E. SANCHEZ, ART A. GARCIA, and DENNIS C. COOKE, Defendants.

Civil Action No. 1:20-cv-22109-JB

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

TO: All persons or entities who purchased or otherwise acquired publicly traded Ryder System, Inc. ("Ryder") common stock during the period from July 23, 2015 through February 13, 2020, inclusive (the "Class Period"), and were damaged thereby (the "Settlement Class")[1]:

PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of Florida (the "Court"), that the above-captioned securities class action (the "Action") is pending in the Court.

YOU ARE ALSO NOTIFIED that Lead Plaintiffs in the Action, on behalf of themselves and the Settlement Class, have reached a proposed settlement of the Action for $45,000,000 in cash (the "Settlement"). If approved, the Settlement will resolve all claims in the Action.

A hearing will be held on October 23, 2024, at 9:30 AM, before the Honorable Jacqueline Becerra, either in person at the United States District Court for the Southern District of Florida, Alto Lee Adams, Sr. United States Courthouse, 101 South U.S. Highway 1, Fort Pierce, Florida 34950, or by telephone or videoconference (in the discretion of the Court), for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation and Agreement of Settlement dated as of May 19, 2023 (the "Stipulation") is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (b) to determine whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Settlement Class; Lead Plaintiffs should be certified as Class Representatives for the Settlement Class; Lead Counsel should be appointed as Class Counsel for the Settlement Class; and Liaison Counsel should be appointed as Liaison Counsel for the Settlement Class; (c) to determine whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation (and in the Notice) should be granted; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses should be approved; and (f) to consider any other matters that

may properly be brought before the Court in connection with the Settlement.

If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Net Settlement Fund. If you have not yet received the Notice and the Proof of Claim and Release Form (the "Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator by mail at: Ryder System Securities Litigation, c/o JND Legal Administration, P.O. Box 91329, Seattle, WA 98111; by toll-free telephone at 877-381-0372; or by email at info@RyderSystemSecuritiesLitigation.com. Copies of the Notice and Claim Form can also be downloaded from the Settlement website, www.RyderSystemSecuritiesLitigation.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment from the Settlement, you must submit a Claim Form postmarked (if mailed) or submitted online at www.RyderSystemSecuritiesLitigation.com, no later than September 11, 2024. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to receive a payment from the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is received no later than September 11, 2024, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to receive a payment from the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and expenses must be mailed to the Claims Administrator such that they are received no later than September 11, 2024, in accordance with the instructions set forth in the Notice.

Please do not contact the Court, the Office of the Clerk of the Court, Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.

Requests for the Notice and Claim Form should be made to:

Ryder System Securities Litigation
c/o JND Legal Administration
P.O. Box 91329
Seattle, WA 98111

877-381-0372
info@RyderSystemSecuritiesLitigation.com
www.RyderSystemSecuritiesLitigation.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

John Rizio-Hamilton, Esq.
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas, 44th Floor
New York, NY 10020

800-380-8496
settlements@blbglaw.com

By Order of the Court

[1]Certain persons and entities are excluded from the Settlement Class by definition, as set forth in the full Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice"), available at www.RyderSystemSecuritiesLitigation.com.

www.RyderSystemSecuritiesLitigation.com      877-381-0372

©2024 Investor's Business Daily, LLC. All rights reserved.

# EXHIBIT C

# Bernstein Litowitz Berger and Grossmann LLP Announces Notice of Pendency and Proposed Settlement of Class Action Involving Persons or Entities who Purchased or Otherwise Acquired Publicly Traded Ryder System, Inc. Common Stock During the Period from July 23, 2015 through February 13, 2020, Inclusive, and Were Damaged Thereby

NEWS PROVIDED BY

**JND Legal Administration →**

18 Mar, 2024, 09:43 ET

SEATTLE, March 18, 2024 /PRNewswire/ --

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

STATE OF ALASKA, ALASKA
PERMANENT FUND, THE CITY OF FORT
LAUDERDALE GENERAL EMPLOYEES'
RETIREMENT SYSTEM, and THE CITY
OF PLANTATION POLICE OFFICERS
PENSION FUND, On Behalf of Themselves
and All Others Similarly Situated,

    *Plaintiffs,*

    v.

RYDER SYSTEM, INC., ROBERT E.
SANCHEZ, ART A. GARCIA, and DENNIS
C. COOKE,

    *Defendants.*

Civil Action No. 1:20-cv-22109-JB

## SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**TO:** **All persons or entities who purchased or otherwise acquired publicly traded Ryder System, Inc. ("Ryder") common stock during the period from July 23, 2015 through February 13, 2020, inclusive (the "Class Period"), and were damaged thereby (the "Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

Certain persons and entities are excluded from the Settlement Class by definition, as set forth in the full Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice"), available at **www.RyderSystemSecuritiesLitigation.com**.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of Florida (the "Court"), that the above-captioned securities class action (the "Action") is pending in the Court.

YOU ARE ALSO NOTIFIED that Lead Plaintiffs in the Action, on behalf of themselves and the Settlement Class, have reached a proposed settlement of the Action for $45,000,000 in cash (the "Settlement"). If approved, the Settlement will resolve all claims in the Action.

A hearing will be held on **October 23, 2024, at 9:30 AM**, before the Honorable Jacqueline Becerra, either in person at the United States District Court for the Southern District of Florida, Alto Lee Adams, Sr. United States Courthouse, 101 South U.S. Highway 1, Fort Pierce, Florida 34950, or by telephone or videoconference (in the discretion of the Court), for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation and Agreement of Settlement dated as of May 19, 2023 (the "Stipulation") is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (b) to determine whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Settlement Class; Lead Plaintiffs should be certified as Class Representatives for the Settlement Class; Lead Counsel should be appointed as Class Counsel for the Settlement Class; and Liaison Counsel should be appointed as Liaison Class Counsel for the Settlement Class; (c) to determine whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation (and in the Notice) should be granted; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Net Settlement Fund**. If you have not yet received the Notice and the Proof of Claim and Release Form (the "Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator by mail at: Ryder System Securities Litigation, c/o JND Legal Administration, P.O. Box 91329, Seattle, WA 98111; by toll-free telephone at 877-381-0372; or by email at **info@RyderSystemSecuritiesLitigation.com**. Copies of the Notice and Claim Form can also be downloaded from the Settlement website, **www.RyderSystemSecuritiesLitigation.com**.

If you are a member of the Settlement Class, in order to be eligible to receive a payment from the Settlement, you must submit a Claim Form *postmarked (if mailed), or submitted online at **www.RyderSystemSecuritiesLitigation.com**,* **no later than September 11, 2024**. If you are a

Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to receive a payment from the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* **no later than September 11, 2024**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to receive a payment from the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and expenses must be mailed to the Claims Administrator such that they are *received* **no later than September 11, 2024**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Office of the Clerk of the Court, Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.**

Requests for the Notice and Claim Form should be made to:

Ryder System Securities Litigation

c/o JND Legal Administration

P.O. Box 91329

Seattle, WA 98111

877-381-0372

**info@RyderSystemSecuritiesLitigation.com**

**www.RyderSystemSecuritiesLitigation.com**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

John Rizio-Hamilton, Esq.

Bernstein Litowitz Berger & Grossmann LLP

1251 Avenue of the Americas, 44th Floor

New York, NY 10020

800-380-8496

**settlements@blbglaw.com**

By Order of the Court

SOURCE JND Legal Administration