# Exhibit 7

**EXHIBIT 7**

*Key West Police & Fire Pension Fund v. Ryder System, Inc. et al*,
Case No. 1:20-cv-22109 (S.D. Fl.)

**INDEX TO COMPENDIUM OF UNPUBLISHED OPINIONS AND AUTHORITY**

Ex. 7A:   *City of Sunrise Gen. Emps.' Ret. Plan v. Fleetcor Techs. Inc.,* No. 1:17-cv-02207-LMM (N.D. Ga. Apr. 15, 2020), ECF No. 111

Ex. 7B:   *Peoples v. TurtleFTPierce*, No. 22-cv-14345 (S.D. Fla. 2023), ECF No. 64

Ex. 7C:   *Tung v. Dycom Indus., Inc.*, No. 18-cv-81448 (S.D. Fla. Oct. 13, 2020), ECF No. 95

# Exhibit 7A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| CITY OF SUNRISE GENERAL EMPLOYEES' RETIREMENT PLAN, on behalf of itself and all others similarly situated, <br><br>         Plaintiff, <br>    v. <br> FLEETCOR TECHNOLOGIES, INC., RONALD F. CLARKE, and ERIC R. DEY, <br><br>         Defendants. | Civ. A. No. 1:17-cv-02207-LMM <br> CLASS ACTION |

**ORDER AWARDING**
**ATTORNEYS' FEES AND LITIGATION EXPENSES**

This matter came on for hearing on April 14, 2020 (the "Settlement Hearing")

on Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses.

The Court having considered all matters submitted to it at the Settlement Hearing and

otherwise; and it appearing that notice of the Settlement Hearing substantially in the

form approved by the Court was mailed to all Class Members who or which could be

identified with reasonable effort, and that a summary notice of the hearing

substantially in the form approved by the Court was published in *The Wall Street*

*Journal* and was transmitted over the *PR Newswire* pursuant to the specifications of

# Exhibit 7B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:  2:22-cv-14345-DMM

LAUREN PEOPLES, for herself and on behalf
of those similarly situated,

     Plaintiff,

vs.

TURTLEFTPIERCE, LLC, a Florida Limited
Liability Company, d/b/a THIRSTY TURTLE
SEAGRILL, PANHANDLERS, INC., a
Florida Profit Corporation, d/b/a THIRSTY
TURTLE SEAGRILL, TURTLE SPORT,
INC., a Florida Profit Corporation, d/b/a
THIRSTY TURTLE SEAGRILL, TURTLE
PARTNERS, LLC, a Florida Limited Liability
Company, d/b/a THIRSTY TURTLE
SEAGRILL.

     Defendants.

_____/

## FINAL APPROVAL ORDER

THIS CAUSE comes before the Court on Plaintiff's Unopposed Motion for Final Approval of

Class and Collective Actions Settlement, filed on June 1, 2023. (DE 61). A Final Approval Hearing was

held on June 29, 2023. (DE 62). No objections were made to the Settlement Agreement. For the

following reasons, the Motion is granted insofar that the Settlement Agreement is approved. However, I

reserve ruling on Class counsel's request for attorney's fees.

## BACKGROUND

This case arises out of alleged violations of the Florida Minimum Wage Act and Fair Labor

Standards Act by three restaurants (all under the same company) in Palm Beach and St. Lucie

Counties. (DE 52 at 2). Plaintiff, a former bartender at one of Defendant's restaurants, initiated

this putative class action on October 4, 2022. The potential class consists of 321 current and former hourly paid bartenders and servers who worked for Defendants between 2017 and 2022. (DE 61 at 7). On January 22, 2023, Plaintiff moved to certify the class. (DE 38).

The Parties then settled on February 3, 2023. (DE 44). On March 17, 2023, I granted Plaintiff's unopposed Motion for Preliminary Approval of Proposed Class and Collective Action Settlement. (DE 57). On April 3, 2023, Plaintiff filed a Motion for Attorney's Fees Approval. (DE 59). And on June 1, 2023, Plaintiff filed the instant Motion. I held a Final Approval Hearing on June 29, 2023.

The Settlement Fund is **$1,719,095.77**. The Settlement Agreement provides that all class members, regardless of whether they opt-in, will receive unpaid overtime hours and liquidated damages not in dispute from December 1, 2020, to December 31, 2022, based on Defendant's records. (DE 61 ay 7). Due to a lack of records, the Parties used a data expert to extrapolate overtime calculations between October 2019 and December 2020. The analysis considered reduced restaurant operations during the pandemic. The Parties dispute whether Defendants paid overtime for hours over 80 in a two-week period. As a compromise, class members will receive 50% of those overtime wages and an equal amount in liquidated damages.

Class members that did submit claim forms will receive unpaid tips under an allocation formula that treats all the claimants the same. The allocation formula is based on the number of weeks and hours worked. (*See id*. at 7-8) (explaining allocation formula). Defendants also formally agree to amend their policies moving forward. Separate from the Settlement Fund, the Parties negotiated a general release agreement between Defendants and Plaintiff Peoples for $7,500.

## DISCUSSION

Before approving a class-action settlement, a district court must primarily do two things (1) certify the class for settlement purposes under Rule 23 and (2) determine that the settlement is "fair, adequate, reasonable, and not the product of collusion." *See Leverso v. SouthTrust Bank of AL., Nat. Assoc.*, 18 F.3d 1527, 1530 (11th Cir. 1994).

### I.      Class Certification

The Proposed Class "consists of 321 current and former hourly paid bartenders and servers who worked for Defendants at any time between October 4, 2017, and December 31 2022, except for those who opt out." (DE 61 at 7).

To certify a class for settlement purposes, the court must determine whether Fed. R. Civ. P. 23's four requirements are satisfied: numerosity, commonality, typicality, and adequacy. In addition, one of Rule 23(b)'s prongs must be met. The Proposed Class satisfies those requirements.

First, joinder of all 321 members would be impracticable. Second, there is sufficient commonality among the members' claims given that they all stem out of Defendants' alleged failure to pay overtime and improper tip sharing. Third, Plaintiff Peoples's claims are typical of the class because she is alleging the same damages from the same policy. Fourth, Plaintiff Peoples fairly and adequately protected the interests of the class as evidenced by the favorable settlement. Moreover, Plaintiff Peoples was represented by competent counsel who regularly litigates such cases. (*See* Murthy Aff. ¶ 2-10).

Lastly, Rule 23(b)(3) is satisfied because questions of law and fact common to the class predominate any question affecting individual members and a class action is superior to other available methods of adjudicating this issue. The question at the heart of this case is whether the

employer failed to systematically pay overtime and had managers improperly share in tips under a standard policy. Once that question is resolved in the employees' favor (for settlement purposes), then it is simply a matter of calculating damages per employee. Moreover, there are no other pending disputes related to this matter and this is the proper forum. Given this significant overlap and the generally small sums at issue for each member, it is more efficient and preferable to resolve this matter as a class action.

Accordingly, the Proposed Class is certified for settlement purposes.

## II.     Fairness of Proposed Settlement

To determine if a settlement is fair, adequate, reasonable, and not the product of collusion, courts regularly consider the six *Bennet* factors:

> (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved.

*Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984).

Similarly, under Fed. R. Civ. P. 23(e)(2), a court must consider whether:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>     (i) the costs, risks, and delay of trial and appeal;
>     (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>     (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>     (iv) any agreement required to be identified under Rule 23(e)(3); and
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

I find the Settlement Agreement to be fair, adequate, reasonable, and not the product of collusion. Given that the *Bennet* and Rule 23(e)(2) factors overlap significantly, I consider them together. The maximum Plaintiffs could have recovered was $2,550,000. (DE 61 at 5). Considering the factors as a whole, a settlement over $1.7 million is adequate. In terms of likelihood of success and/or risks of litigation, Defendants have a lot of ammunition to fight Plaintiff's claims. To list a few, there would have been significant litigation over (1) whether the bartenders were actually managers under the law, (2) the applicable statute of limitations, and (3) procedural infirmities as to the Florida state law claims. (*See* DE 61 at 15-16). The Settlement Agreement provides 100% recovery of unpaid wages and 66% of the total recoverable amount even if potential penalties are included. (*Id.* at 17). Defendants are a family-run business with only three locations in the South Florida region, making prolonged and expensive litigation even more risky for Plaintiffs as it decreases their likelihood of collecting a judgment.

The Settlement Agreement has also been well-received. At the fairness hearing, Plaintiff represented that around 36% percent of the class opted in to receive the unpaid tips, and nobody objected. *See Charlotte S. Alexander, Would an Opt in Requirement Fix the Class Action Settlement? Evidence from the Fair Labor Standards Act*, 80 Miss. L.J. 443, 446 (2010) (finding a median opt-in rate of 15% in 57 FLSA class actions in this district). And only two members opted out. (*Id.* at 19). These are key markers that the Settlement Agreement is favored by the Class. The Settlement Agreement was also reached after an arms-length negotiation. Plaintiff initially filed a Motion for Class Certification (DE 38), which brought Defendants to the negotiating table. The Parties mediated the case before a Board-Certified expert in Labor and Employment law. Counsel on both sides is experienced and capable. Plaintiff also received

5

sufficient discovery (corporate policies, payroll records, and workweek information) and engaged a forensic accounting both prior to and after mediation.

The fees were negotiated apart from the Settlement Fund. At the Fairness Hearing, I pressed Plaintiff's counsel on the award of attorney's fees. I reserve ruling on the issue until Plaintiff's supplemental briefing on the same. However, any forthcoming ruling would not *increase* the amount of fees requested ($566,666.67). And were the Court to cut the fees, that would not affect the claimants' awards under Settlement Agreement because they are based on the allocation formula.

In sum, after reviewing the Settlement Agreement, hearing from the Parties, and considering the applicable standard, I find the Settlement Agreement to be fair, adequate, reasonable, and not the product of collusion.

## CONCLUSION

Accordingly, it is hereby **ORDERED and ADJUDGED** that:

1. Plaintiff's Unopposed Motion for Final Approval of Class and Collective Action Settlement (DE 61) is **GRANTED**.

2. This Action and the preliminarily certified Settlement Class ("All current or former hourly-paid servers or bartenders who worked at Defendants' Juno Beach, Jupiter, or Ft. Pierce locations between October 4, 2017, and December 31, 2022, except for those who opt-out of the Class") are finally approved as an FLSA collective action under 29 U.S.C. § 216(b) and a class action under FED. R. Civ. P. 23(a) and (b)(3) for purposes of settlement only;

3. Dissemination of the Settlement Notice met the requirements of due process;

6

4.     The Settlement Agreement (DE 61-2) is approved, the terms thereof are adjudged to be fair, reasonable, and adequate, and the Parties and Claims Administrator are ordered to consummate the remaining terms and provisions of the Settlement;

5.     The payment to Lauren Peoples of $7,500.00 for a general release, separately negotiated from the Settlement Fund, and to be paid in addition thereto, is approved, and shall be sent to the Claims Administrator within fourteen days of this Order;

6.     The Settlement Fund shall be distributed in accordance with the terms of the Settlement Agreement (DE 61-2), including that all payments to Participating Class Members and Authorized Claimants shall be sent to the Claims Administrator within fourteen days of this Order;

7.     All Settlement Class Members (other than those who filed timely and valid Exclusion Letters) are permanently enjoined from prosecuting against the Released Parties any and all of the Participating Class Members' Released Claims;

8.     The Class Representative is permanently enjoined from prosecuting against the Released Parties any and all of the Class Representative's Released Claims;

9.     The Action is **DISMISSED WITH PREJUDICE** and in full and final discharge of any and all Participating Class Members' Released Claims; and

10.    This Court retains continuing jurisdiction over this Action through December 20, 2023, solely for the purpose of resolving issues related to payment under the terms of this Agreement and resolving attorney's fee issues.

11.     The Court **RESERVES** ruling on the Class Counsel's Attorney's Fee award.

12.     The Clerk of Court of **SHALL CLOSE THIS CASE.**

**SIGNED** in Chambers at West Palm Beach, Florida, this *13* day of July, 2023.

Donald M. Middlebrooks
United States District Judge

Copies to: Counsel of Record

8

# Exhibit 7C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 18-cv-81448-SINGHAL

JENNIFER TUNG, Individually and on Behalf
of All Others Similarly Situated,

      Plaintiff,

v.

DYCOM INDUSTRIES, INC., STEVEN E.
NIELSEN and ANDREW DEFERRARI,

      Defendants.

_____/

## **FINAL ORDER AND JUDGMENT**

**THIS CAUSE** came before the Court on the Motion for Final Approval of Class

Action Settlement. The Court having carefully reviewed the file, and being otherwise fully

advised, **ORDERS** as follows:

WHEREAS:

A.      On June 25, 2020, Boston Retirement System ("Lead Plaintiff") and all other

members of the Settlement Class, on the one hand, and Dycom Industries, Inc. ("Dycom,"

or "the Company"), Steven E. Nielsen, and Andrew DeFerrari (collectively, "Defendants"),

on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in

the above-captioned litigation (the "Action"), which is subject to review under Federal Rule

of Civil Procedure 23 and which, together with the exhibits thereto, sets forth the terms

and conditions of the proposed settlement of the Action and the claims alleged in the

Second Amended Class Action Complaint, filed on January 8, 2020, on the merits and

with prejudice (the "Settlement");

B.      Pursuant to the Order Granting Preliminary Approval of Class Action

Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered July 9, 2020 (the "Preliminary Approval Order"), as subsequently modified by order of the Court entered July 11, 2020, the Court scheduled a hearing for October 13, 2020, at 2:00 p.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether a judgment as provided for in the Stipulation should be entered; and (iii) rule on Lead Counsel's Fee and Expense Application;

C.    The Court ordered that the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 1, and a Proof of Claim and Release form ("Claim Form"), substantially in the form attached to the Preliminary Approval Order as Exhibit 2, be mailed by first-class mail, postage prepaid, on or before ten (10) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Settlement Class Members who could be identified through reasonable effort, and that a Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit A-3, be published in Investor's Business Daily and transmitted over AccessWire within fourteen (14) calendar days of the Notice Date;

D.    The Notice and the Summary Notice advised potential Settlement Class Members of the date, time, place, and purpose of the Settlement Hearing.  The Notice further advised that any objections to the Settlement were required to be filed with the

Court and served on counsel for the Parties such that they were received by September 22, 2020;

E.      The provisions of the Preliminary Approval Order as to notice were complied with;

F.      On September 8, 2020, Lead Plaintiff moved for final approval of the Settlement, as set forth in the Preliminary Approval Order.  The Settlement Hearing was duly held before this Court on October 13, 2020, at which time all interested Persons were afforded the opportunity to be heard; and

G.      This Court has duly considered Lead Plaintiff's motion for final approval of the Settlement, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1.      This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on June 25, 2020; and (ii) the Notice, which was filed with the Court on June 25, 2020.  Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3.      The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), the Settlement Class of: all persons and entities that

purchased or otherwise acquired shares of Dycom common stock during the period from November 20, 2017 through August 10, 2018, inclusive, and who were damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) members of the immediate families of the Individual Defendants; (iii) Dycom's subsidiaries and affiliates; (iv) any Person who is or was an officer or director of Dycom or any of Dycom's subsidiaries or affiliates during the Class Period; (v) any entity in which any Defendant has a controlling interest; and (vi) any Person who timely and validly opts out of the Settlement Class. Also excluded from the definition of "Settlement Class" and "Settlement Class Members" are the legal representatives, heirs, successors, and assigns of any Person identified in subparagraphs (i) through (vi) above. There was one invalid request for exclusion, which the Court has been advised was withdrawn.

4. Pursuant to Federal Rule of Civil Procedure 23 and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies the Boston Retirement System as Class Representative for the Settlement Class; and finally appoints the law firms of Thornton Law Firm LLP and Levi & Korsinsky, LLP as Class Counsel for the Settlement Class, and the law firm of Cullin O'Brien Law, P.A. is appointed as Liaison Counsel for the Settlement Class.

5. The Court finds that the mailing and publication of the Notice, Summary Notice, and Claim Form: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation, of Lead Counsel's request for an award of attorneys' fees and payment of litigation expenses incurred in connection with the

prosecution of the Action, of Settlement Class Members' right to object or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Federal Rule of Civil Procedure 23, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

6. There have been no objections to the Settlement.

7. Pursuant to Federal Rule of Civil Procedure 23(e)(2), this Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's-length; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

8. The Second Amended Class Action Complaint (the "Complaint"), filed on

January 8, 2020, is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

9. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

10. Upon the Effective Date, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, discharged, waived, and dismissed any and all Released Claims against any and all Released Defendant Parties.

11. Upon the Effective Date, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of this Judgment shall have, covenanted not to sue any and all Released Defendant Parties with respect to any and all Released Claims.

12. Upon the Effective Date, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be permanently barred and enjoined from the institution, maintenance, prosecution, or enforcement, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims against any and all Released

Defendant Parties.

13.     Upon the Effective Date, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, discharged, waived, and dismissed any and all Released Defendants' Claims against any and all of the Released Plaintiff Parties and shall be permanently barred and enjoined from the institution, maintenance, prosecution, or enforcement, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

14.     The failure of a Settlement Class Member to submit a Proof of Claim shall have no effect on the provisions of the foregoing paragraphs 10 through 12, inclusive.

15.     This Judgment and the Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements among the Parties, shall not be offered or received against or to the prejudice of any of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms of the Stipulation, and in particular:

(a)     do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Lead Plaintiff and the Settlement Class, or the validity of any claim that

has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants or any person or entity whatsoever;

(b)     do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Lead Plaintiff, or any other member of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiff, or the other members of the Settlement Class;

(c)     do not constitute, and shall not be offered or received against or to the prejudice of Defendants, Lead Plaintiff, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Lead Plaintiff, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d)     do not constitute, and shall not be construed against Defendants, Lead Plaintiff, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)     do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiff, or any other

member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

16.    The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

17.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

18.    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19.    The Parties are hereby directed to consummate the Stipulation and to perform its terms.

20.    A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court.  A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund.  Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

21.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance,

disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.  There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

DATED this 13th day of October 2020.

BY THE COURT:

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated November 6, 2019 (ECF No. 96-2) (the "Stipulation") and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Class Members.

3. Notice of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion for an award of attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)), due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of 25% of the Settlement Fund and $297,843.79 in payment of Lead Counsel's litigation

expenses (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable. Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

5. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $50,000,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

(b) The fee sought is based on a retainer agreement entered into between Lead Plaintiff, a sophisticated institutional investor that actively supervised the Action, and Lead Counsel at the outset of the Action; and the requested fee has been reviewed and approved as reasonable by Lead Plaintiff;

(c) Copies of the Notice were mailed to over 80,600 potential Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not exceed 25% of the Settlement Fund and for Litigation

Expenses in an amount not to exceed $450,000, and no objections to the requested attorneys' fees and expenses were received;

(d) Lead Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(e) The Action raised a number of complex issues;

(f) Had Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiff and the other members of the Class may have recovered less or nothing from Defendants;

(g) Plaintiffs' Counsel devoted over 18,000 hours, with a lodestar value of over $8.1 million, to achieve the Settlement; and

(h) The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6. Lead Plaintiff City of Sunrise General Employees' Retirement Plan is hereby awarded $8,613.80 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

7. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

8.    Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

9.    In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

10.    There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this 15th day of April, 2020.

_____
The Honorable Leigh Martin May
United States District Judge

#1372851

5