Case 1:20-cv-22109-JB   Document 132   Entered on FLSD Docket 10/16/2024   Page 1 of 12

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

|  |  |
|---|---|
| STATE OF ALASKA, ALASKA PERMANENT FUND, THE CITY OF FORT LAUDERDALE GENERAL EMPLOYEES' RETIREMENT SYSTEM, and THE CITY OF PLANTATION POLICE OFFICERS PENSION FUND, On Behalf of Themselves and All Others Similarly Situated,<br><br>     *Plaintiffs*,<br><br>         v.<br><br>RYDER SYSTEM, INC., ROBERT E. SANCHEZ, ART A. GARCIA, and DENNIS C. COOKE,<br><br>     *Defendants*. | Civil Action No. 1:20-cv-22109-JB |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
(A) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT
AND PLAN OF ALLOCATION AND (B) LEAD COUNSEL'S MOTION
<u>FOR ATTORNEYS' FEES AND LITIGATION EXPENSES</u>**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

MEMORANDUM OF LAW ...................................................................................................... 1

I.    PRELIMINARY STATEMENT ..................................................................................... 1

II.   ARGUMENT ................................................................................................................... 2

      A.    The Robust Court-Approved Notice Program ....................................................... 3

      B.    The Reaction of the Settlement Class Supports Approval of the Settlement
            and Plan of Allocation and the Motion for Attorneys' Fees and Expenses ............ 5

III.  CONCLUSION ................................................................................................................ 7

i

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Access Now, Inc. v. Claire's Stores, Inc.*,
2002 WL 1162422 (S.D. Fla. May 7, 2002) ..............................................................5

*In re Arby's Rest. Grp., Inc. Data Sec. Litig.*,
2019 WL 2720818 (N.D. Ga. June 6, 2019) ..............................................................6

*In re AT&T Corp. Sec. Litig.*,
2005 WL 6716404 (D.N.J. Apr. 25, 2005) ..............................................................6

*Bennett v. Behring Corp.*,
737 F.2d 982 (11th Cir. 1984) ..............................................................5

*In re Bisys Sec. Litig.*,
2007 WL 2049726 (S.D.N.Y. July 16, 2007) ..............................................................7

*Camden I Condo. Ass'n, Inc. v. Dunkle*,
946 F.2d 768 (11th Cir. 1991) ..............................................................6

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
2017 WL 2481782 (N.D. Cal. June 8, 2017) ..............................................................6

*In re Facebook, Inc. IPO Sec. & Derivative Litig.*,
343 F. Supp. 3d 394 (S.D.N.Y. 2018), *aff'd*, 822 Fed. App'x 40 (2d Cir. 2020) ..............6

*In re Food Serv. Equip. Hardware Antitrust Litig.*,
2011 WL 13175440 (N.D. Ga. Dec. 28, 2011) ..............................................................7

*In re Heritage Bond Litig.*,
2005 WL 1594403 (C.D. Cal. June 10, 2005) ..............................................................6

*Hugo on behalf of BankAtlantic Bancorp, Inc. v. Levan*,
2011 WL 13173025 (S.D. Fla. July 12, 2011) ..............................................................5

*Jairam v. Colourpop Cosmetics, LLC*,
2020 WL 5848620 (S.D. Fla. Oct. 1, 2020) ..............................................................5

*Pinto v. Princess Cruises Lines, Ltd.*,
513 F. Supp. 2d 1334 (S.D. Fla. 2007) ..............................................................7

*In re Rite Aid Corp. Sec. Litig.*,
396 F.3d 294 (3d Cir. 2005) ..............................................................7

*Strube v. Am. Equity Inv. Life Ins. Co.*,
2006 WL 1232816 (M.D. Fla. May 5, 2006) ..............................................................7

*Thorpe v. Walter Inv. Mgmt. Corp.*,
   2016 WL 10518902 (S.D. Fla. Oct. 17, 2016).............................................................................5

*In re Veeco Instruments Inc. Sec. Litig.*,
   2007 WL 4115809 (S.D.N.Y. Nov. 7, 2007)...............................................................................6

Lead Plaintiffs State of Alaska, Alaska Permanent Fund; The City of Fort Lauderdale General Employees' Retirement System; and The City of Plantation Police Officers Pension Fund (collectively, "Lead Plaintiffs"), on behalf of themselves and the other members of the Settlement Class, and Lead Counsel respectfully submit this reply memorandum of law in further support of (1) Lead Plaintiffs' motion for final approval of the proposed Settlement and approval of the proposed Plan of Allocation (ECF No. 128) and (2) Lead Counsel's motion for an award of attorneys' fees and expenses (ECF No. 129) (together, the "Motions").[1]

## <u>MEMORANDUM OF LAW</u>

## I.    PRELIMINARY STATEMENT

As detailed in Lead Plaintiffs' and Lead Counsel's opening papers in support of the Motions filed on August 12, 2024 (ECF Nos. 128-129), the proposed Settlement—providing for a $45 million cash payment in exchange for the resolution of all claims asserted in the Action against Defendants—is an excellent result for the Settlement Class.  The proposed Settlement is the seventh largest settlement of a securities class action in the history of this District, and represents a meaningful portion of the damages that investors could realistically prove at trial.  The Settlement also takes into account the significant risks, complexities, and expense of continued litigation and is the result of extensive arm's-length negotiations between experienced counsel and, ultimately, a mediator's proposal to resolve the Action.  Likewise, Lead Counsel's request for a 25% fee award, net of Litigation Expenses awarded, plus payment of Litigation Expenses in the amount of $493,914.39, is also fair and reasonable, especially considering the result achieved for the

---

[1] Unless otherwise defined in this memorandum, capitalized terms shall have the meanings provided in the Stipulation and Agreement of Settlement dated May 19, 2023 (ECF No. 117-1).

Settlement Class, the caliber of work performed, the risks of litigation, and comparable fee and expense awards.

Now that the time for objecting or requesting exclusion from the Settlement Class has passed, the reaction of the Settlement Class provides additional support for approval of the Settlement and fee and expense application.  Notably, following an extensive Court-approved notice program—including the mailing of over 140,000 copies of the Notice to potential Settlement Class Members and nominees—***not a single member of the Settlement Class has objected to any aspect of the Settlement, the Plan of Allocation, or the requested attorneys' fees and expenses***.  The absence of objections is especially noteworthy here because institutional investors held the vast majority of Ryder common stock during the Class Period—and, even though such investors have the staff and resources to object if they believe it is warranted, none did so.  Further, only five requests for exclusion from were received.  As explained below, based on the information provided in their opt-outs, it appears that none of the persons and entities who requested exclusion are Settlement Class Members because they did not purchase any eligible shares of Ryder common stock.

As explained below, this overwhelmingly positive reaction of the Settlement Class further supports a finding that the proposed Settlement, Plan of Allocation, and request for attorneys' fees and expenses are all fair and reasonable—and should be approved.

## II.    ARGUMENT

Lead Plaintiffs and Lead Counsel respectfully submit that their opening papers demonstrate that approval of the Motions is warranted.  Now that the time for objecting or requesting exclusion from the Settlement Class has passed, the reaction of the Settlement Class, including the lack of any objections or requests for exclusion by Settlement Class Members, provides additional support for the Court's approval of the Motions.

2

### A.       The Robust Court-Approved Notice Program

In accordance with the Court's Preliminary Approval Order (ECF No. 124), the Claims Administrator, JND Legal Administration ("JND"), conducted an extensive notice program under Lead Counsel's supervision.  The notice program included mailing the Notice and Claim Form (collectively, the "Notice Packet") to potential Settlement Class Members and nominees, publishing the Summary Notice in the *Investor's Business Daily* and over the *PR Newswire*, and creating a website, www.RyderSystemSecuritiesLitigation.com (the "Settlement Website"), where copies of the Notice and Claim Form and other information and documents related to the Settlement could be accessed.

JND began mailing the Notice Packet to potential Settlement Class Members and nominees on March 11, 2024.  *See* Segura Decl. (ECF No. 129-6), at ¶¶ 2-6.  As of October 14, 2024, JND had mailed 146,647 Notice Packets.  *See* Supplemental Declaration of Luiggy Segura (the "Supp. Segura Decl."), filed herewith, at ¶ 2.  The Summary Notice, which informed readers of the proposed Settlement, how to obtain copies of the Notice and Claim Form, and the deadline for the submission of objections, requests for exclusion, and Claim Forms, was published in *Investor's Business Daily* and released over the *PR Newswire* on March 18, 2024.  *See* Segura Decl. ¶ 10.

The Notice informed Settlement Class Members of the terms of the proposed Settlement and that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund, net of Litigation Expenses (or $11,126,521.40 plus interest earned at the same rate as the Settlement Fund), plus payment of Litigation Expenses in the amount of $493,914.39.  *See* Notice at ¶¶ 5, 54.  The Notice also advised Settlement Class Members of their right to request exclusion from the Settlement Class or object to the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses, and the September 11, 2024, deadline for doing so.  *See* Notice at p. 4 and ¶¶ 55, 62.

On August 12, 2024, 30 days before the objection and exclusion deadline, Lead Plaintiffs and Lead Counsel filed their detailed opening papers in support of the Settlement, Plan of Allocation, and fee and expense request.  These papers are available on the public docket (ECF Nos. 128-129), and were promptly posted to the Settlement Website, *see* Supp. Segura Decl. ¶ 3.[2]

As noted above, following this extensive Court-approved notice program, not a single Settlement Class Member has objected to any aspect of the proposed Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and expenses.  *See* Supp. Segura Decl. ¶ 4.

In addition, only five requests for exclusion from the Settlement Class have been received. *See* Supp. Segura Decl. ¶ 5 & Ex. A.  The request for exclusion submitted on behalf of Malta Pension Investments reports that this entity purchased 8,000 shares of Ryder common stock in 2016, and sold all 8,000 shares in 2016, which was prior to the first alleged corrective disclosure on July 30, 2019; accordingly, this entity does not qualify as a Settlement Class Member and would not be eligible for recovery under the Settlement.  Similarly, the requests for exclusion submitted by Elizabeth and Michael Finsterwalder state that both of these individuals purchased 10 shares of Ryder common stock in April 2018, and sold all of their shares in June 2019, prior to the initial July 30, 2019 corrective disclosure; therefore, these individuals are not Settlement Class Members and would not be eligible for recovery.  The request for exclusion submitted by Jennifer McManus states that this individual purchased 172 shares of Ryder common stock on February 18, 2020, which was after the final day of the Class Period, February 13, 2020; accordingly, this individual is not a member of the Settlement Class and would not be eligible for recovery.  Finally, the request

---

[2] The Notice informed Settlement Class Members that Lead Counsel would file their papers in support of their motion for attorneys' fees and Litigation Expenses by August 12, 2024, and that those papers would be made available on the Settlement Website.  Notice ¶ 54.

for exclusion submitted by Laurel Connell does not indicate whether this individual is a Settlement Class Member because the opt-out did not provide any information regarding transactions in Ryder common stock.

**B.**     **The Reaction of the Settlement Class Supports Approval of the Settlement and Plan of Allocation and the Motion for Attorneys' Fees and Expenses**

The reaction of class members to a proposed settlement, including the number of objections, is a significant factor to be considered in judging the fairness and adequacy of a proposed settlement. *See Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984).

The absence of any objections and the small number of requests for exclusions—none of which were submitted by persons or entities eligible to recover under the Settlement—strongly support a finding that the Settlement is fair, reasonable, and adequate. *See, e.g.*, *Jairam v. Colourpop Cosmetics, LLC,* 2020 WL 5848620, at *7 (S.D. Fla. Oct. 1, 2020) ("Here, there were no objections filed to the Settlement.  This lack of opposition weighs strongly in favor of the Court's approval . . ."); *Thorpe v. Walter Inv. Mgmt. Corp.*, 2016 WL 10518902, at *4 (S.D. Fla. Oct. 17, 2016) ("The overwhelmingly positive reaction of class members to a proposed settlement is a significant factor, and the absence of objections 'is excellent evidence of the settlement's fairness and adequacy.'") (citation omitted); *Hugo on behalf of BankAtlantic Bancorp, Inc. v. Levan*, 2011 WL 13173025, at *11 (S.D. Fla. July 12, 2011) ("A lack of objections 'militates strongly in favor of the Court finding that the proposed settlement should be approved.'") (citation omitted); *Access Now, Inc. v. Claire's Stores, Inc.*, 2002 WL 1162422, at *7 (S.D. Fla. May 7, 2002) ("The fact that no objections have been filed strongly favors approval of the settlement.").

Moreover, it is significant that no institutional investors—which held vast majority of Ryder common stock during the Class Period —have objected to the Settlement.  The absence of objections from these institutional investors, which have ample means and incentive to object to

5

the Settlement if they deemed it unsatisfactory, is further evidence of the Settlement's fairness. *See, e.g.*, *In re Facebook, Inc. IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018), *aff'd*, 822 Fed. App'x 40 (2d Cir. 2020) ("That not one sophisticated institutional investor objected to the Proposed Settlement is indicia of its fairness."); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2017 WL 2481782, at *4 (N.D. Cal. June 8, 2017) (absence of any objections from institutions means that "the inference that the class approves of the settlement is even stronger"); *In re AT&T Corp. Sec. Litig.*, 2005 WL 6716404, at *4 (D.N.J. Apr. 25, 2005) (the reaction of the class "weigh[ed] heavily in favor of approval" where "no objections were filed by any institutional investors who had great financial incentive to object").

The lack of objections from Settlement Class Members also supports approval of the Plan of Allocation.  *See, e.g.*, *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("not one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members.  This favorable reaction of the Class supports approval of the Plan of Allocation."); *In re Heritage Bond Litig.*, 2005 WL 1594403, at *11 (C.D. Cal. June 10, 2005) ("The fact that there has been no objection to this plan of allocation favors approval of the Settlement.").

Finally, the positive reaction of the Settlement Class should also be considered with respect to Lead Counsel's motion for attorneys' fees and Litigation Expenses.  The Eleventh Circuit has held that "whether there are any substantial objections by class members or other parties to the settlement terms or the fees requested by counsel" is a factor that should be considered in determining the award of attorneys' fees.  *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 775 (11th Cir. 1991).  The lack of any objections is evidence that the requested fee award and expense reimbursements are fair and reasonable.  *See In re Arby's Rest. Grp., Inc. Data Sec. Litig.*,

2019 WL 2720818, at *1 (N.D. Ga. June 6, 2019) ("The lack of objection is a strong indicator that both the settlement agreement and Application [for attorneys' fees and expenses] are reasonable and fair."); *In re Food Serv. Equip. Hardware Antitrust Litig.*, 2011 WL 13175440, at *4 (N.D. Ga. Dec. 28, 2011) ("The lack of objections to the attorneys' fee and expense award is evidence that the requested fee is fair."); *Pinto v. Princess Cruises Lines, Ltd.*, 513 F. Supp. 2d 1334, 1343 (S.D. Fla. 2007) ("That this sizeable class did not give rise to a single objection on the fees request further justifies the full award."); *Strube v. Am. Equity Inv. Life Ins. Co.*, 2006 WL 1232816, at *4 (M.D. Fla. May 5, 2006) ("The lack of objections to a proposed fee award is itself important evidence that the fee arrangement is reasonable.").

As with approval of the proposed Settlement, the lack of objections by institutional investors in particular supports approval of the fee request. *See In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (fact that "a significant number of investors in the class were 'sophisticated' institutional investors that had considerable financial incentive to object had they believed the requested fees were excessive", but did not do so, supported approval of the fee request) (citation omitted); *In re Bisys Sec. Litig.*, 2007 WL 2049726, at *1 (S.D.N.Y. July 16, 2007) (noting that there was only one objection from an individual—and none from any institutions—"even though the class included numerous institutional investors who presumably had the means, the motive, and the sophistication to raise objections if they thought the [requested] fee was excessive.").

### III.   CONCLUSION

For the foregoing reasons and the reasons set forth in their opening papers, Lead Plaintiffs and Lead Counsel respectfully request that the Court approve the Settlement, the Plan of Allocation, and the motion for attorneys' fees and expenses. Copies of the (i) proposed Judgment Approving Class Action Settlement; (ii) proposed Order Approving Plan of Allocation of Net

Settlement Fund, and (iii) proposed Order Awarding Attorneys' Fees and Litigation Expenses are attached hereto as Exhibits 1, 2, and 3, and will be submitted in Word format to Your Honor via e-mail.

Dated: October 16, 2024

Respectfully submitted,

/s/ Robert D. Klausner
Robert D. Klausner
**KLAUSNER KAUFMAN JENSEN
  & LEVINSON**
Florida Bar No. 244082
Stuart A. Kaufman
Florida Bar No. 979211
7080 NW 4th Street
Plantation, FL 33317
Tel: (954) 916-1202
Fax: (954) 916-1232
Email: bob@robertdklausner.com
Email: stu@robertdklausner.com

*Liaison Counsel for Lead Plaintiffs the State of Alaska, Alaska Permanent Fund; the City of Fort Lauderdale General Employees' Retirement System; and the City of Plantation Police Officers Pension Fund*

**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**
John Rizio-Hamilton (admitted *pro hac vice*)
Adam Wierzbowski (admitted *pro hac vice*)
John Esmay (admitted *pro hac vice*)
Mathews R. de Carvalho (admitted *pro hac vice*)
Emily A. Tu (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444
Email: johnr@blbglaw.com
Email: adam@blbglaw.com
Email: john.esmay@blbglaw.com
Email: mathews.decarvalho@blbglaw.com
Email: emily.tu@blbglaw.com

*Lead Counsel for Lead Plaintiffs and the Settlement Class*

8