**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 20-cv-22109-JB**

STATE OF ALASKA, *et al.*,

       Plaintiffs,

v.

RYDER SYSTEM, INC., *et al.*,

       Defendants.

_____/

## ORDER AWARDING ATTORNEYS' FEES AND LITIGATION EXPENSES

    **THIS CAUSE** came before the Court for hearing on October 23, 2024 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses in the above-captioned securities class action (the "Action"). The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice of the Settlement Hearing substantially in the form approved by the Court was published in the *Investor's Business Daily* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the attorneys' fees and Litigation Expenses requested;

Accordingly, it is **ORDERED AND ADJUDGED** that:

1.      This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated May 19, 2023 (the "Stipulation") and all capitalized terms not otherwise defined in this Order shall have the same meaning as they have in the Stipulation.

2.      The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3.      Notice of Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses was given to all Settlement Class Members who or which could be identified with reasonable effort.  The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and Litigation Expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.*, as amended, and all other applicable law and rules; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

4.      Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of 25% of the Settlement Fund, net of Court-awarded Litigation Expenses, which sum the Court finds to be fair and reasonable.  Lead Counsel are also hereby awarded $493,914.39 in payment of Litigation Expenses to be paid from the Settlement Fund, which sum the Court finds to be fair and reasonable.  Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith,

believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

5.    In making this award of attorneys' fees and payment of Litigation Expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a)    The Settlement has created a fund of $45,000,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

(b)    The fee sought has been reviewed and approved as reasonable by Lead Plaintiffs, which are sophisticated institutional investors that closely supervised, monitored, and actively participated in the prosecution and settlement of the Action;

(c)    Over 146,000 copies of the Notice were mailed to potential Settlement Class Members and nominees stating that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund, net of Litigation Expenses, and for payment of Litigation Expenses in the amount of $493,914.39, and there were no objections to the requested attorneys' fees and expenses;

(d)    Plaintiffs' Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

3

(e) The Action raised a number of complex issues and involved substantial risks;

(f) If Lead Counsel had not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the other Settlement Class Members may have recovered significantly less, or nothing at all, from Defendants;

(g) Plaintiffs' Counsel devoted over 15,000 hours to the Action, with a lodestar value of approximately $8,152,000, to achieve the Settlement;

(h) Plaintiffs' Counsel at all times litigated this Action on a fully contingent basis to achieve the Settlement; and

(i) The amount of attorneys' fees awarded to be paid from the Settlement Fund is fair and reasonable, and although slightly less than some awards in similar cases, it adheres to the retainer agreement with Plaintiffs that required a cap on the multiplier.

6. The Court further finds that the above-stated award of Litigation Expenses (*supra* paragraph 4) to be paid from the Settlement Fund to Plaintiffs' Counsel in payment of Litigation Expenses is fair and reasonable, and that the Litigation Expenses are reasonable in amount, and were incurred for costs and expenses that were of a type customarily reimbursed in cases of this type.

7. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

8.     Exclusive jurisdiction is hereby retained over the Parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

9.     In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

10.    There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

**DONE AND ORDERED** in Miami, Florida this 12th day of November, 2024.

JACQUELINE BECERRA
UNITED STATES DISTRICT JUDGE

5